# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

GERALD HAYDEN,

    Plaintiff,

       v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION, PABLO
SUAREZ and SHANKER
RAMAMURTHY,

    Defendants.

Case No. 7:21-CV-02485-VB

**ANSWER AND AFFIRMATIVE
DEFENSES**

**JURY TRIAL DEMANDED**

Defendants International Business Machines Corporation ("IBM"), Pablo Suarez ("Suarez"), and Shanker Ramamurthy ("Ramamurthy") (collectively, "Defendants") hereby submit their Answer and Affirmative Defenses to the First Amended Complaint ("Complaint") of Plaintiff Gerald Hayden ("Plaintiff").  Defendants deny all allegations of the Complaint that are not expressly admitted below.

Defendants admit that the Complaint purports to set forth causes of action for theft of trade secrets, trade secret misappropriation, breach of contract, violation of the covenant of good faith and fair dealing, unjust enrichment, tortious interference with prospective economic advantage, and unlawful and retaliatory discharge, but deny any liability thereunder.  Defendants deny any remaining allegations of the Complaint's introductory Paragraph.

## I.   INTRODUCTION

1.    In response to Paragraph 1 of the Complaint, Defendants admit that the Complaint purports to set forth a cause of action for theft of trade secrets and intellectual property, but deny

any liability thereunder.  Except as expressly admitted, Defendants deny any and all remaining allegations of Paragraph 1 of the Complaint.

2.      In response to Paragraph 2 of the Complaint, Defendants admit IBM has been an industry leader in many areas, including, for example, office hardware and mainframe computing.  Except as expressly admitted, Defendants deny any and all remaining allegations of Paragraph 2 of the Complaint.

3.      In response to Paragraph 3 of the Complaint, Defendants admit IBM has been an industry leader in many areas and that it offers cloud computing services.  Defendants admit that IBM hired Plaintiff on or about November 2, 2015.  Except as expressly admitted, Defendants deny any and all remaining allegations of Paragraph 3 of the Complaint.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4 of the Complaint and therefore deny them.

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5 of the Complaint and therefore deny them.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6 of the Complaint and therefore deny them.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7 of the Complaint and therefore deny them.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8 of the Complaint and therefore deny them.

9.      In response to Paragraph 9 of the Complaint, Defendants admit IBM hired Plaintiff on or about November 2, 2015 as an Industry Consultant.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 9 of the Complaint.

10.     In response to Paragraph 10 of the Complaint, Defendants admit IBM maintains certain policies and procedures that are presented to new employees when they join IBM and to which IBM employees are expected to adhere.  These policies and procedures are documented and speak for themselves, and Plaintiff's characterizations of them are therefore denied. Defendants lack knowledge or information sufficient to confirm the accuracy of any alleged oral statement by an unnamed individual and therefore deny those allegations.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 10 of the Complaint.

11.     In response to Paragraph 11 of the Complaint, Defendants admit that Plaintiff was provided with and signed an Agreement Regarding Confidential Information, Intellectual Property, and Other Matters.  Defendants admit that Plaintiff wrote on the agreement, including writing "A2E" and "EERT."  The Agreement Regarding Confidential Information, Intellectual Property, and Other Matters speaks for itself, and Plaintiff's characterization of that agreement is therefore denied.  Defendants lack knowledge or information sufficient to confirm the accuracy of any alleged oral statement by an unnamed individual and therefore deny those allegations. Defendants deny that Plaintiff took appropriate steps to ensure that his alleged pre-existing intellectual property was protected at IBM, including keeping the information confidential and following IBM's processes for ensuring that information was protected.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 11 of the Complaint.

12.     In response to Paragraph 12 of the Complaint, the Agreement Regarding Confidential Information, Intellectual Property, and Other Matters speaks for itself, and Plaintiff's characterization of that agreement and the events leading to that agreement are therefore denied.  Defendants lack knowledge or information sufficient to confirm the accuracy of any alleged oral statement by an unnamed individual and therefore deny those allegations.

Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 12 of the Complaint.

13.     In response to Paragraph 13 of the Complaint, the Agreement Regarding Confidential Information, Intellectual Property, and Other Matters speaks for itself, and Plaintiff's characterization of that agreement and the events leading to that agreement are therefore denied.  Defendants admit that IBM's new hire orientation covers, among other things, IBM's Business Conduct Guidelines.  Defendants lack knowledge or information sufficient to confirm the accuracy of any alleged oral statement by an unnamed individual and therefore deny those allegations.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15.     Defendants admit that Plaintiff made presentations to one or more of the individuals named in Paragraph 15 of the Complaint at one or more points in time.  Defendants admit that Plaintiff freely distributed presentations to IBM employees.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20.     In response to Paragraph 20 of the Complaint, Defendants admit Fred Balboni was General Manager, Strategic Partnerships and Alliances.  Defendants deny there were any efforts to steal Plaintiff's alleged trade secrets and therefore deny any participation by

Mr. Balboni in doing so.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 20 of the Complaint.

21.     In response to Paragraph 21 of the Complaint, Defendants admit that Plaintiff served as a member of the IBM Financial Services Patent Committee, which focused on patents related to financial services issues.  Defendants admit that Plaintiff attended meetings or teleconferences of the Risk & Compliance Operational Risk Leadership Collaboration Call.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 21 of the Complaint.

22.     In response to Paragraph 22 of the Complaint, Defendants deny that they stole proprietary or trade secret information from Plaintiff.  Defendants admit that Plaintiff was included in a resource action in 2018.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25.     In response to Paragraph 25 of the Complaint, Defendants admit Plaintiff sent an email to IBM on or about December 27, 2018 alleging that information published by IBM was Plaintiff's proprietary information.  Defendants deny publishing any proprietary or trade secret information of Plaintiff, and otherwise deny the allegations Plaintiff made in this email communication.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 25 of the Complaint.

26.     In response to Paragraph 26 of the Complaint, Defendants admit that IBM acquired Red Hat.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Complaint.  .

31.     Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

## II.     PARTIES

32.     In response to Paragraph 32 of the Complaint, Defendants admit Plaintiff worked at IBM as an Industry Consultant for IBM's Center of Competency (Global Business Services). Defendants admit that Plaintiff's last known address was in Connecticut.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 32 of the Complaint.

33.     In response to Paragraph 33 of the Complaint, Defendants admit that IBM operates in countries in addition to the U.S., that IBM offers technology and consulting services, that IBM is headquartered in Armonk, New York, that IBM has more than 350,000 employees, that IBM serves clients in at least 170 countries, and that IBM markets products and services in various locations throughout the world.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 33 of the Complaint.

34.     In response to Paragraph 34 of the Complaint, Defendants admit that Pablo Suarez is Senior Partner—Global Industry Lead FSS Centers of Competence & Banking Innovation Units, Financial Services Sector, IBM Services.  Defendants admit that Pablo Suarez works in New York City, but deny that he resides there.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 34 of the Complaint.

35.     In response to Paragraph 35 of the Complaint, Defendants admit that Shanker Ramamurthy is Global Managing Partner for Banking.  Defendants admit that Shanker

Ramamurthy's previous title was General Manager, Strategy and Market Development for Industry Platforms, in which role he was involved in setting up and scaling platforms across all industries for IBM.  Defendants admit that Shanker Ramamurthy resides and works in New York City.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 35 of the Complaint.

## III.   JURISDICTION AND VENUE

36.     In response to Paragraph 36 of the Complaint, Defendants admit that 28 U.S.C. § 1331 and 18 U.S.C. § 1836(c) generally confer subject-matter jurisdiction on this Court for causes of action brought under the Defend Trade Secrets Act, but deny that 18 U.S.C. § 1836(c) confers exclusive jurisdiction on United States District Courts.  The remainder of Paragraph 36 of the Complaint states legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny any and all remaining allegations in Paragraph 36 of the Complaint.

37.     Paragraph 37 of the Complaint states legal conclusions for which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

38.     Paragraph 38 of the Complaint states legal conclusions for which no response is required.  To the extent a response is deemed required, Defendants admit that IBM is headquartered in the Southern District of New York and transacts business there, but deny that Plaintiff sustained any injury therefrom.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint states legal conclusions for which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

## IV.    ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

40.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 40 of the Complaint and therefore deny them.

41.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 41 of the Complaint and therefore deny them.

42.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 42 of the Complaint and therefore deny them.

43.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 43 of the Complaint and therefore deny them.

44.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 44 of the Complaint and therefore deny them.

45.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 45 of the Complaint and therefore deny them.

46.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 46 of the Complaint and therefore deny them.

47.    In response to Paragraph 47 of the Complaint, Defendants admit IBM hired Plaintiff on or about November 2, 2015 as an Industry Consultant in Global Business Services. Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 47 of the Complaint.

48.    In response to Paragraph 48 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning what Plaintiff believed and therefore deny them.  Defendants deny that Plaintiff's alleged trade secret qualifies as such or has any value, deny that Defendants have previously recognized any value in

the alleged trade secret, and deny that they took steps to co-opt and steal the alleged trade secret.

Defendants deny any remaining allegations of Paragraph 48 of the Complaint.

49.     In response to Paragraph 49 of the Complaint, Defendants admit that new hires

are required to attend a multiple-day orientation that involves training in IBM's internal

technology, practices, procedures, guidelines and code of ethics.  Except as expressly admitted,

Defendants deny any and all remaining allegations in Paragraph 49 of the Complaint.

50.     Defendants admit the allegation contained in Paragraph 50 of the Complaint.

51.     In response to Paragraph 51 of the Complaint, Defendants admit that Plaintiff was

provided with and signed an Agreement Regarding Confidential Information, Intellectual

Property, and Other Matters.  Defendants admit that Plaintiff wrote on the agreement, including

writing "A2E" and "EERT."  The Agreement Regarding Confidential Information, Intellectual

Property, and Other Matters speaks for itself, and Plaintiff's characterization of that agreement is

therefore denied.  Except as expressly admitted, Defendants deny any and all remaining

allegations in Paragraph 51 of the Complaint.

52.     In response to Paragraph 52 of the Complaint, Defendants lack knowledge or

information sufficient to confirm the accuracy of any alleged oral statement by an unnamed

individual and therefore deny those allegations.  The Agreement Regarding Confidential

Information, Intellectual Property, and Other Matters speaks for itself, and Plaintiff's

characterization of that agreement is therefore denied.  Defendants deny any and all remaining

allegations in Paragraph 52 of the Complaint.

53.     In response to Paragraph 53 of the Complaint, Defendants lack knowledge or

information sufficient to confirm the accuracy of any alleged oral statement by an unnamed

individual and therefore deny those allegations.  IBM's documented intellectual property

practices, procedures, and policies speak for themselves, and Plaintiff's characterizations of those practices, procedures, and policies are therefore denied.  Defendants deny any and all remaining allegations in Paragraph 53 of the Complaint.

54.     In response to Paragraph 54 of the Complaint, Defendants lack knowledge or information sufficient to confirm the accuracy of any alleged oral statement by an unnamed individual and therefore deny those allegations.  IBM's documented intellectual property practices, procedures, and policies speak for themselves, and Plaintiff's characterizations of those practices, procedures, and policies are therefore denied.  Defendants deny that Plaintiff labeled all written materials reflecting his alleged intellectual property or trade secrets as "Confidential."  Defendants deny any and all remaining allegations in Paragraph 54 of the Complaint.

55.     In response to Paragraph 55 of the Complaint, Defendants lack knowledge or information sufficient to confirm the accuracy of any alleged oral statement by an unnamed individual and therefore deny those allegations.  IBM's documented intellectual property practices, procedures, and policies speak for themselves, and Plaintiff's characterizations of those practices, procedures, and policies are therefore denied.  Defendants deny any and all remaining allegations in Paragraph 55 of the Complaint.

56.     Defendants admit that IBM's 2021 BCGs include the following material quoted in Paragraph 56 of the Complaint: "to provide general guidance for resolving a variety of legal and ethical issues."  Defendants admit that the 2021 BCGs further include the following material: "IBMers' core value of 'trust and personal responsibility in all relationships.'"  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 56 of the Complaint.

57.     In response to Paragraph 57 of the Complaint, Defendants admit that the following quote is found in the table of contents of IBM's 2021 BCGs: "Trust Means We Respect Intellectual Property Rights[.]"  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 57 of the Complaint.

58.     In response to Paragraph 58 of the Complaint, Defendants admit that the following quote is from IBM's 2021 BCGs:  "As an IBMer, you assumed specific obligations relating to intellectual property by virtue of applicable law and the employee agreement between you and IBM."  Defendants expressly deny that there was any "employment agreement" between IBM and Plaintiff.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 58 of the Complaint.

59.     In response to Paragraph 59 of the Complaint, Defendants state the BCGs speak for themselves, and Plaintiff's characterizations of the BCGs are therefore denied.  Defendants deny any and all remaining allegations in Paragraph 59 of the Complaint.

60.     In response to Paragraph 60 of the Complaint, Defendants state the BCGs speak for themselves, and Plaintiff's characterizations of the BCGs are therefore denied.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 60 of the Complaint.

61.     In response to Paragraph 61 of the Complaint, Defendants admit some IBM employees are entitled to bonuses, but deny that Plaintiff was entitled to or ever qualified for any bonuses.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 61 of the Complaint.

62.     In response to Paragraph 62 of the Complaint, Defendants admit Plaintiff freely shared concepts he referred to as "A2E" with others at IBM without any markings of

confidentiality.  Defendants lack knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations concerning what Plaintiff believed and therefore deny them.

Defendants further deny that Plaintiff's alleged beliefs were reasonable.  Except as expressly

admitted, Defendants deny any and all remaining allegations in Paragraph 62 of the Complaint.

63.     In response to Paragraph 63 of the Complaint, Defendants admit that IBM funded

work by Plaintiff.  Defendants admit that Plaintiff freely presented concepts he referred to as

"A2E" to others at IBM without taking appropriate steps to ensure that any alleged intellectual

property was protected at IBM, including keeping the information confidential and following

IBM's processes for ensuring that information was protected.  Except as expressly admitted,

Defendants deny any and all remaining allegations in Paragraph 63 of the Complaint.

64.     In response to Paragraph 64 of the Complaint, Defendants admit that Plaintiff

prepared slide presentations regarding certain ideas while employed at IBM, but deny that those

slide presentations include any trade secrets or intellectual property of Plaintiff and deny that

Plaintiff took appropriate steps to ensure that any alleged trade secrets were protected at IBM,

including keeping the information confidential and following IBM's processes for ensuring that

information was protected.  Defendants lack knowledge or information sufficient to identify the

presentation referred to in Paragraph 64 of the Complaint, its contents, and whether it was

virtually identical to the alleged "original," and therefore deny those allegations.  Except as

expressly admitted, Defendants deny any and all remaining allegations in Paragraph 64 of the

Complaint.

65.     In response to Paragraph 65 of the Complaint, Defendants lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations concerning

whether Plaintiff incorporated A2E into presentations for potential clients and therefore deny

them.  Defendants admit Plaintiff had some involvement in preparing presentations for at least

some of the clients referenced in Paragraph 65 of the Complaint, but deny that those slide

presentations include any trade secrets or intellectual property of Plaintiff and deny that Plaintiff

took appropriate steps to ensure that any alleged pre-existing intellectual property was protected,

including keeping the information confidential and following IBM's processes for ensuring that

information was protected.  Except as expressly admitted, Defendants deny any and all

remaining allegations in Paragraph 65 of the Complaint.

66.     In response to Paragraph 66 of the Complaint, Defendants admit Plaintiff

represents he wrote the white paper called "Future Financial Performance in Banking" and that

he did so while working for IBM, but Defendants deny that the white paper was confidential or

that Plaintiff treated it as such.  Defendants lack knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations concerning whether the white paper incorporated

or applied what Plaintiff refers to as the "A2E trade secrets" and "A2E PowerPoint" and

therefore deny them.  Except as expressly admitted, Defendants deny any and all remaining

allegations in Paragraph 66 of the Complaint.

67.     In response to Paragraph 67 of the Complaint, Defendants admit Plaintiff worked

with Steven Cohen, Associate Partner, Financial Services Sector CoC & Digital Banking, Global

Banking & Financial Markets; Daniel Gotlieb, Managing Consultant for GRC, KYC &

BSA/AML Lead; and Daniel Bingham, Executive Consultant and Associate Partner for FSS

Platform, Financial Crime & Counter Fraud SME (GBS).  Defendants lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations concerning

what, if anything, Plaintiff "utilized" in pursuing business and therefore deny them.  If Plaintiff

utilized any allegedly confidential information, he did so voluntarily and without taking

reasonable steps to maintain any such information as confidential.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 67 of the Complaint.

68.     In response to Paragraph 68 of the Complaint, Defendants admit that Plaintiff, Mr. Cohen, Mr. Gotlieb, and Mr. Bingham worked with AML Partners in connection with certain potential clients, including Mizhuo Bank, Ocean Bank, and Equifax.  Defendants admit that, according to its website, AML Partners is "a behavioral risk mitigation firm" that "design[s] and develop[s] BSA/AML Software Solutions and eGRC solutions powered by the RegTech One platform to address enterprise analytics and risk related to eGRC concerns such as anti-money laundering and counter-terrorist financing, technology protocols, employee and vendor risk, and more."  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 68 of the Complaint.

69.     In response to Paragraph 69 of the Complaint, Defendants admit that Plaintiff was involved with National Australia Bank ("NAB").  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning whether NAB is a "Global 20 bank" and therefore deny them.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 69 of the Complaint.

70.     Defendants admit that IBM hired Plaintiff on or about November 2, 2015.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73.     In response to Paragraph 73 of the Complaint, Defendants admit Plaintiff traveled to Australia and met with NAB employees.  Defendants lack knowledge or information sufficient

to confirm or deny the allegations concerning the number of individuals with whom Plaintiff met and therefore deny them.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 73 of the Complaint.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 74 of the Complaint and therefore deny them.

75.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 75 of the Complaint and therefore deny them.

76.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 76 of the Complaint and therefore deny them.

77.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 77 of the Complaint, including whether these undefined "concepts" would have been covered by any NDA, and therefore deny them. Defendants deny any and all remaining allegations in Paragraph 77 of the Complaint.

78.     In response to Paragraph 78 of the Complaint, Defendants state that any written document speaks for itself, and Plaintiff's characterization of that document is therefore denied. Defendants lack knowledge or information sufficient to confirm the accuracy of any alleged oral statement by an unnamed individual and therefore deny those allegations.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 78 of the Complaint.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 79 of the Complaint and therefore deny them.

80.     In response to Paragraph 80 of the Complaint, Defendants admit that Billing & Proposal ("B&P") Code is an internal mechanism that certain IBM employees use to record and receive credit for work they perform, but deny that Plaintiff was entitled to or ever qualified for

any bonuses.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.     In response to Paragraph 84 of the Complaint, Defendants admit DBS Bank Ltd. is a bank in Singapore.  Defendants lack knowledge or information sufficient to confirm the accuracy of any alleged oral statement by an unnamed individual and therefore deny those allegations.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 84 of the Complaint.

85.     In response to Paragraph 85 of the Complaint, Defendants admit that Plaintiff met with a number of DBS representatives.  Defendants lack knowledge or information sufficient to form a belief as to the allegations concerning the contents of Plaintiff's presentation and therefore deny those allegations.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 85 of the Complaint.

86.     In response to Paragraph 86 of the Complaint, Defendants lack knowledge or information sufficient to confirm the accuracy of any alleged oral statement by an unnamed individual and therefore deny those allegations.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 86 of the Complaint.

87.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 87 of the Complaint and therefore deny them.

88.     Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

89.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 89 of the Complaint and therefore deny them.

90.     In response to Paragraph 90 of the Complaint, Defendants admit Plaintiff and Mr. Bingham were working with MORS regarding the OP Bank engagement.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 90 of the Complaint and therefore deny them.

91.     In response to Paragraph 91 of the Complaint, Defendants admit Plaintiff and Mr. Bingham met with local IBM architects.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 91 of the Complaint and therefore deny them.

92.     In response to Paragraph 92 of the Complaint, Defendants admit Plaintiff sent materials to Keith Bear and met with Mr. Bear virtually to review them on or about September 29, 2017.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 92 of the Complaint and therefore deny them.

93.     Defendants deny the allegations set forth in Paragraph 93 of the Complaint.

94.     Based on a reasonable investigation to date, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 94 of the Complaint and therefore deny them.

95.     Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations set forth in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

98.     In response to Paragraph 98 of the Complaint, Defendants admit that Cohen complained to Suarez in October 2017 about a white paper that had been published that Cohen

alleged was "a mirror image of our Platform presentations."  Defendants further admit that Suarez indicated that such an allegation, if true, could be "highly penalized," and that in response Plaintiff indicated he did not want anyone fired.  Defendants lack knowledge or information sufficient to confirm or deny Plaintiff's characterization of the alleged note from an unnamed individual and therefore deny it.  Defendants deny that any formal determination of any wrongdoing was made or that the information allegedly posted was confidential.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations set forth in Paragraph 99 of the Complaint.

100.     In response to Paragraph 100 of the Complaint, Defendants admit that Mr. Fuessler proposed meeting with Ramamurthy regarding material Plaintiff provided or presented to Mr. Feussler.  Defendants deny any and all allegations that Suarez or Ramamurthy conspired or intended to steal Plaintiff's alleged intellectual property.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 100 of the Complaint and therefore deny them.

101.     Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

102.     Defendants deny that Defendant Ramamurthy ordered William Fuessler and Anthony Lipp to stop engaging with Plaintiff or Mr. Bingham.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 102 of the Complaint and therefore deny them.

103.     Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

104.     Defendants deny the allegations set forth in Paragraph 104 of the Complaint.

105.     Defendants deny the allegations set forth in Paragraph 105 of the Complaint.

106.     Defendants deny the allegations set forth in Paragraph 106 of the Complaint.

107.     Defendants deny the allegations set forth in Paragraph 107 of the Complaint.

108.     In response to Paragraph 108 of the Complaint, Defendants admit that Mizuho is headquartered in Japan.  Defendants admit Mizuho transmitted a Request for Proposal ("RFP") to IBM, and admits that Michael Henry was involved in responding to the RFP.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 108 of the Complaint.

109.     In response to Paragraph 109 of the Complaint, Defendants admit Plaintiff emailed materials related to the Mizuho RFP during the weekend of April 1, 2018.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 109 of the Complaint and therefore deny them.

110.     Defendants deny the allegations set forth in Paragraph 110 of the Complaint.

111.     Defendants deny the allegations set forth in Paragraph 111 of the Complaint..

112.     Defendants deny the allegations set forth in Paragraph 112 of the Complaint.

113.     Defendants deny the allegations set forth in Paragraph 113 of the Complaint.

114.     Defendants deny the allegations set forth in Paragraph 114 of the Complaint.

115.     Defendants deny the allegations set forth in Paragraph 115 of the Complaint.

116.     Defendants deny the allegations set forth in Paragraph 116 of the Complaint.

117.     Defendants deny the allegations set forth in Paragraph 117 of the Complaint.

118.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 118 of the Complaint and therefore deny them.

119.    In response to Paragraph 119, Defendants admit BBVA is a multinational financial services company based in Madrid and Bilbao.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 119 of the Complaint.

120.    Defendants deny the allegations set forth in Paragraph 120 of the Complaint.

121.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 121 of the Complaint and therefore deny them.

122.    Defendants deny the allegations set forth in Paragraph 122 of the Complaint.

123.    In response to Paragraph 123 of the Complaint, Defendants admit Rand Merchant Bank ("RMB") is a corporate and investment bank division of FirstRand Bank, which is headquartered in South Africa.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 123 of the Complaint and therefore deny them.

124.    Defendants deny the allegations set forth in Paragraph 124 of the Complaint.

125.    Defendants deny the allegations set forth in Paragraph 125 of the Complaint.

126.    In response to Paragraph 126 of the Complaint, Defendants admit Plaintiff emailed the RMB CIO on a date certain, attaching certain presentation documents.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning whether the RMB CIO replied to Plaintiff or asked Plaintiff to come to South Africa.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 126 of the Complaint.

127.    In response to Paragraph 127 of the Complaint, Defendants admit Plaintiff blind-copied Suarez on emails to Abdullah Mahomed in January 2018 regarding RMB.  Except as

expressly admitted, Defendants deny any and all remaining allegations in Paragraph 127 of the Complaint.

128.    Defendants deny the allegations set forth in Paragraph 128 of the Complaint.

129.    Defendants deny the allegations set forth in Paragraph 129 of the Complaint.

130.    In response to Paragraph 130 of the Complaint, Defendants admit that Plaintiff met with and presented to certain American Express employees.  Defendants lack knowledge or information sufficient to confirm the accuracy of any alleged oral statement by an unnamed individual and therefore deny those allegations.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 130 of the Complaint.

131.    Defendants deny the allegations set forth in Paragraph 131 of the Complaint.

132.    Defendants deny the allegations set forth in Paragraph 132 of the Complaint.

133.    Defendants admit the allegation set forth in Paragraph 133 of the Complaint.

134.    In response to Paragraph 134 of the Complaint, Defendants admit IBM had been engaging Equifax since at least 2017, but deny that Plaintiff was responsible for any resulting work.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning whether Equifax "revamped" portions of their corporate strategy following any presentation and therefore deny them.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 134 of the Complaint.

135.    In response to Paragraph 135 of the Complaint, Defendants admit Thomas Torf is the Global Leader for Cognitive Analytics, Enterprise Applications at IBM.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 135 of the Complaint.

136.    In response to Paragraph 136 of the Complaint, Defendants admit there was a two-day meeting in Chicago with Mr. Torf in January 2018, but deny that the session was led by

Plaintiff or Bingham and deny that the purpose of the session was to "teach" Mr. Torf about "the A2E methodology."  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 136 of the Complaint.

137.     Defendants deny the allegations set forth in Paragraph 137 of the Complaint.

138.     In response to Paragraph 138 of the Complaint, Defendants admit AML Partners, Plaintiff, and Bingham were scheduled to meet with Equifax on May 21 and 22, 2018. Defendants admit that Plaintiff and Bingham at one point proposed that the meeting include identifying the Equifax Credit Bureau data elements that could be used in Customer-Centric Risk Management according to A2E principles and within the AML Partners' Platform.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 138 of the Complaint.

139.     In response to Paragraph 139 of the Complaint, Defendants admit Mr. Torf attended the meeting.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 139 of the Complaint.

140.     In response to Paragraph 140 of the Complaint, Defendants admit the parties exchanged emails over a two-week timeframe regarding the agenda for the meeting.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 140 of the Complaint.

141.     In response to Paragraph 141 of the Complaint, Defendants admit Mr. Torf did not contribute to the agenda.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 141 of the Complaint.

142.     In response to Paragraph 142 of the Complaint, Defendants admit it had an existing NDA with AML Partners that was signed in 2017.  Defendants admit that AML Partners

did not attend the meeting on its second day.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 142 of the Complaint.

143.    In response to Paragraph 143 of the Complaint, Defendants admit that AML Partners did not attend the second day of the meeting.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 143 of the Complaint.

144.    In response to Paragraph 144 of the Complaint, Defendants admit the Asian Infrastructure Investment Bank ("AIIB") was launched by the People's Republic of China and currently has over 100 member states around the world.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning how AIIB is "seen" and therefore deny them.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 144 of the Complaint.

145.    In response to Paragraph 145 of the Complaint, Defendants admit Plaintiff was invited by IBM China to attend calls regarding an AIIB engagement.  Defendants admit Plaintiff exchanged emails with certain senior executives at AIIB during this time, but deny that Plaintiff "was working directly with the chairperson [or] CEO," and deny that Plaintiff was "working directly" with any senior executives to develop "first phase deliverables based on Plainitff's A2E."  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 145 of the Complaint.

146.    Defendants deny the allegations set forth in Paragraph 146 of the Complaint.

147.    Defendants deny the allegations set forth in Paragraph 147 of the Complaint.

148.    Defendants deny the allegations set forth in Paragraph 148 of the Complaint.

149.    In response to Paragraph 149 of the Complaint, Defendants admit Plaintiff met with employees of Fifth Third bank on March 1, 2017.  Defendants admit this meeting was

arranged by Jeff Kinnell, who was at the time a Client Executive & Territory Relationship manager at IBM, but deny the meeting was arranged based on a reputation Plaintiff had developed for the value of his alleged A2E trade secrets.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 149 of the Complaint.

150.    In response to Paragraph 150 of the Complaint, Defendants admit Plaintiff prepared an MOU for Fifth Third Bank.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 150 of the Complaint.

151.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 151 of the Complaint and therefore deny them.

152.    Defendants deny the allegations set forth in Paragraph 152 of the Complaint.

153.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 153 of the Complaint and therefore deny them.

154.    Defendants deny the allegations set forth in Paragraph 154 of the Complaint.

155.    In response to Paragraph 155 of the Complaint, Defendants admit that Defendant Suarez sent an email to Plaintiff on July 13, 2018 giving Plaintiff until October 11 of that year to find another position for himself at IBM.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 155 of the Complaint.

156.    In response to Paragraph 156 of the Complaint, Defendants admit that Defendant Suarez called Plaintiff on July 22, 2018 and stated that Plaintiff's position was being eliminated. Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 156 of the Complaint.

157.    In response to Paragraph 157 of the Complaint, Defendants admit Plaintiff was unable to find another position elsewhere within IBM and was terminated in October 2018.

Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 157 of the Complaint.

158.    Defendants deny the allegations set forth in Paragraph 158 of the Complaint.

159.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of a statement by an unnamed individual and therefore deny the allegations set forth in Paragraph 159 of the Complaint.

160.    Defendants deny the allegations set forth in Paragraph 160 of the Complaint.

161.    Defendants deny the allegations set forth in Paragraph 161 of the Complaint.

162.    Defendants deny the allegations set forth in Paragraph 162 of the Complaint.

163.    Defendants deny the allegations set forth in Paragraph 163 of the Complaint.

164.    Defendants deny the allegations set forth in Paragraph 164 of the Complaint.

165.    Defendants deny the allegations set forth in Paragraph 165 of the Complaint.

166.    Defendants deny the allegations set forth in Paragraph 166 of the Complaint.

167.    Defendants deny the allegations set forth in Paragraph 167 of the Complaint.

168.    Defendants deny the allegations set forth in Paragraph 168 of the Complaint.

169.    Defendants deny the allegations set forth in Paragraph 169 of the Complaint.

170.    Defendants deny the allegations set forth in Paragraph 170 of the Complaint.

171.    Defendants deny the allegations set forth in Paragraph 171 of the Complaint.

172.    Defendants deny the allegations set forth in Paragraph 172 of the Complaint.

173.    Defendants deny the allegations set forth in Paragraph 173 of the Complaint.

174.    Defendants deny the allegations set forth in Paragraph 174 of the Complaint.

175.    Defendants admit its announcement of the Expertus acquisition in December 2020 includes the material quoted in Paragraph 175 of the Complaint, but deny that any of the quoted

material is related to Plaintiff's prior work or alleged intellectual property.  Except as expressly

admitted, Defendants deny any and all remaining allegations set forth in Paragraph 175 of the

Complaint.

176.    Defendants deny the allegations set forth in Paragraph 176 of the Complaint.

177.    Defendants deny the allegations set forth in Paragraph 177 of the Complaint.

178.    In response to Paragraph 178 of the Complaint, Defendants lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations concerning what

Plaintiff believes and therefore deny them.  Defendants deny any and all remaining allegations in

Paragraph 178 of the Complaint.

179.    Defendants deny the allegations set forth in Paragraph 179 of the Complaint.

180.    In response to Paragraph 180 of the Complaint, Defendants admit Brian Murrow

posted a white paper on LinkedIn in October 2018, but deny that the white paper has any

connection to Plaintiff's prior work or alleged intellectual property.  Except as expressly

admitted, Defendants deny any and all remaining allegations set forth in Paragraph 180 of the

Complaint.

181.    Defendants deny the allegations set forth in Paragraph 181 of the Complaint.

182.    In response to Paragraph 182 of the Complaint, Defendants admit Michael Henry

managed Mr. Murrow from May 29, 2018 to September 30, 2018.  Except as expressly admitted,

Defendants deny any and all remaining allegations set forth in Paragraph 182 of the Complaint.

183.    Defendants deny the allegations set forth in Paragraph 183 of the Complaint.

184.    Defendants deny the allegations set forth in Paragraph 184 of the Complaint.

185.    In response to Paragraph 185 of the Complaint, Defendants lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations concerning any

alleged action or statement by an unnamed individual and therefore deny those allegations. Defendants deny that Mr. Murrow's white paper has any connection to Plaintiff's prior work or alleged intellectual property.  Except as expressly admitted, Defendants deny any and all remaining allegations set forth in Paragraph 185 of the Complaint.

186.    In response to Paragraph 186 of the Complaint, Defendants admit Plaintiff wrote a letter to IBM regarding Plaintiff's alleged trade secrets.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 186 of the Complaint.

187.    Defendants deny the allegations set forth in Paragraph 187 of the Complaint.

188.    In response to Paragraph 188 of the Complaint, Defendants admit that Sarah Diamond published an article in December 2019 titled "Banking on the platform economy," but deny that this article has any connection to Plaintiff's prior work or alleged intellectual property. Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 187 of the Complaint.

189.    In response to Paragraph 189 of the Complaint, Defendants admit Suarez posted a white paper to LinkedIn, but deny that this white paper has any connection to Plaintiff's prior work or alleged intellectual property.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 189 of the Complaint.

190.    Defendants deny the allegations set forth in Paragraph 190 of the Complaint.

191.    Defendants deny the allegations set forth in Paragraph 191 of the Complaint.

192.    Defendants deny the allegations set forth in Paragraph 192 of the Complaint.

193.    Defendants deny the allegations set forth in Paragraph 193 of the Complaint.

194.    Defendants deny the allegations set forth in Paragraph 194 of the Complaint.

195.    In response to Paragraph 195 of the Complaint, Defendants admit IBV was under the supervision of Jean-Stephane Payraudeau.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 195 of the Complaint.

196.    Defendants admit the allegations set forth in Paragraph 196 of the Complaint.

197.    Defendants deny the allegations set forth in Paragraph 197 of the Complaint.

198.    Defendants deny the allegations set forth in Paragraph 198 of the Complaint.

199.    Defendants deny the allegations set forth in Paragraph 199 of the Complaint.

200.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 200 of the Complaint and therefore deny them.

201.    Defendants deny the allegations set forth in Paragraph 201 of the Complaint.

202.    Defendants deny the allegations set forth in Paragraph 202 of the Complaint.

203.    Defendants deny the allegations set forth in Paragraph 203 of the Complaint.

204.    Defendants deny the allegations set forth in Paragraph 204 of the Complaint.

205.    Defendants deny the allegations set forth in Paragraph 205 of the Complaint.

206.    Defendants deny the allegations set forth in Paragraph 206 of the Complaint.

207.    Defendants deny the allegations set forth in Paragraph 207 of the Complaint.

208.    In response to Paragraph 208 of the Complaint, Defendants admit IBM's annual cloud revenue is worth billions of dollars each year.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 208 of the Complaint.

209.    Defendants deny the allegations set forth in Paragraph 209 of the Complaint.

210.    Defendants deny the allegations set forth in Paragraph 210 of the Complaint.

211.    In response to Paragraph 211 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning what

Plaintiff believes and therefore deny them.  Defendants deny any and all remaining allegations in Paragraph 211 of the Complaint.

212.    Defendants deny the allegations set forth in Paragraph 212 of the Complaint.

213.    Defendants deny the allegations set forth in Paragraph 213 of the Complaint.

214.    Defendants deny any allegation that IBM revenue for consulting services is up because of Plaintiff or any alleged intellectual property or trade secret belonging to Plaintiff. Defendants deny any and all remaining allegations in Paragraph 214 of the Complaint.

215.    Defendants deny the allegations set forth in Paragraph 215 of the Complaint.

## V.    CAUSES OF ACTION

**Count 1**
**Defend Trade Secrets Act**
**18 U.S.C. § 1831 et seq.**

216.    Defendants reincorporate and restate their answers and defenses to Paragraphs 1–215.

217.    Paragraph 217 of the Complaint states legal conclusions for which no response is required.  To the extent a response is deemed required, Defendants admit that Plaintiff has correctly quoted certain provisions of the Defend Trade Secrets Act, but deny any violation of that statute.

218.    Paragraph 218 of the Complaint states legal conclusions for which no response is required.  To the extent a response is deemed required, Defendants admit that Plaintiff has correctly quoted certain provisions of the Defend Trade Secrets Act, but deny any violation of that statute.

219.    Paragraph 219 of the Complaint states legal conclusions for which no response is required.  To the extent a response is deemed required, Defendants admit that Plaintiff has

correctly quoted certain provisions of the Defend Trade Secrets Act, but deny any violation of that statute.

220.     Defendants deny the allegations set forth in Paragraph 220 of the Complaint.

221.     Defendants deny the allegations set forth in Paragraph 221 of the Complaint.

222.     Defendants deny the allegations set forth in Paragraph 222 of the Complaint.

223.     Defendants deny the allegations set forth in Paragraph 223 of the Complaint.

224.     Defendants admit the allegations set forth in Paragraph 224 of the Complaint.

225.     In response to Paragraph 225 of the Complaint, Defendants admit IBM is a corporation organized under the laws of New York, with its principal place of business in Armonk, New York.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 225 of the Complaint.

226.     Defendants deny the allegations set forth in Paragraph 226 of the Complaint.

227.     Defendants deny the allegations set forth in Paragraph 227 of the Complaint.

228.     Defendants deny the allegations set forth in Paragraph 228 of the Complaint.

### Count 2
### Trade Secret Misappropriation
### (New York Common Law)

229.     Defendants reincorporate and restate their answers and defenses to Paragraphs 1–228.

230.     Paragraph 230 of the Complaint states legal conclusions for which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

231.     Defendants deny the allegations set forth in Paragraph 231 of the Complaint.

232.     Defendants deny the allegations set forth in Paragraph 232 of the Complaint.

233.     Defendants deny the allegations set forth in Paragraph 233 of the Complaint.

234.    Defendants deny the allegations set forth in Paragraph 234 of the Complaint.

235.    Defendants deny the allegations set forth in Paragraph 235 of the Complaint.

236.    Defendants deny the allegations set forth in Paragraph 236(a) through (f) of the Complaint.

237.    Defendants deny the allegations set forth in Paragraph 237 of the Complaint.

**Count 3**
**Breach of Contract**
**(New York Common Law)**

238.    Defendants reincorporate and restate their answers and defenses to Paragraphs 1–237.

239.    In response to Paragraph 239 of the Complaint, Defendants admit Plaintiff executed an Agreement Regarding Confidential Information, Intellectual Property, and Other Matters with IBM on or about November 2, 2015.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 239 of the Complaint.

240.    In response to Paragraph 240 of the Complaint, Defendants admit Plaintiff executed the Agreement Regarding Confidential Information, Intellectual Property, and Other Matters with IBM as a condition of his employment.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 240 of the Complaint.

241.    Defendants deny the allegations set forth in Paragraph 241 of the Complaint.

242.    Defendants deny the allegations set forth in Paragraph 242 of the Complaint.

243.    Defendants deny the allegations set forth in Paragraph 243 of the Complaint.

244.    Defendants deny the allegations set forth in Paragraph 244 of the Complaint.

245.    Defendants deny the allegations set forth in Paragraph 245 of the Complaint.

246.    Defendants deny the allegations set forth in Paragraph 246 of the Complaint.

## Count 4
## Breach of the Covenant of Good Faith and Fair Dealing
## (New York Common Law)

247.   Defendants reincorporate and restate their answers and defenses to Paragraphs 1–246.

248.   Defendants deny the allegations set forth in Paragraph 248 of the Complaint.

249.   Defendants deny the allegations set forth in Paragraph 249 of the Complaint.

250.   Defendants deny the allegations set forth in Paragraph 250 of the Complaint.

251.   Defendants deny the allegations set forth in Paragraph 251 of the Complaint.

252.   Defendants deny the allegations set forth in Paragraph 252 of the Complaint.

253.   Defendants deny the allegations set forth in Paragraph 253 of the Complaint.

## Count 5
## Unjust Enrichment
## (New York Common Law)

254.   Defendants reincorporate and restate their answers and defenses to Paragraphs 1–253.

255.   Defendants deny the allegations set forth in Paragraph 255 of the Complaint.

256.   Defendants deny the allegations set forth in Paragraph 256 of the Complaint.

257.   Defendants deny the allegations set forth in Paragraph 257 of the Complaint.

258.   Defendants deny the allegations set forth in Paragraph 258 of the Complaint.

259.   Defendants deny the allegations set forth in Paragraph 259 of the Complaint.

## Count 6
## Tortious Interference with Prospective Economic Advantage
## (New York Common Law)

260.   Defendants reincorporate and restate their answers and defenses to Paragraphs 1–259.

261.   Defendants deny the allegations set forth in Paragraph 261 of the Complaint.

262.    Defendants deny the allegations set forth in Paragraph 262 of the Complaint.

263.    Defendants deny the allegations set forth in Paragraph 263 of the Complaint.

**Count 7**
**Retaliatory Discharge – Sarbanes Oxley**
**(18 U.S.C. § 1514A)**

264.    Defendants reincorporate and restate their answers and defenses to Paragraphs 1–263.

265.    In response to Paragraph 265 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning what Plaintiff believed and therefore deny them.  Defendants deny any and all remaining allegations in Paragraph 265 of the Complaint.

266.    Defendants deny the allegations set forth in Paragraph 266 of the Complaint.

267.    Defendants deny the allegations set forth in Paragraph 267 of the Complaint.

268.    Defendants deny the allegations set forth in Paragraph 268 of the Complaint.

269.    Defendants deny the allegations set forth in Paragraph 269 of the Complaint.

## VI.    PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint's WHEREFORE paragraph, or to any relief whatsoever.

## VII.    DEMAND FOR JURY TRIAL

Defendants admit Plaintiff demands a trial by jury as to all issues so triable.

## VIII.    AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim on which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

None of Plaintiff's alleged "trade secrets" are actually trade secrets.  There is no business value to keeping these alleged "secrets" secret, and the information that Plaintiff seeks to protect is widely known by others in the industry.  Thus, Plaintiff's alleged "trade secrets" are already in the public domain.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff failed to keep any of its alleged "trade secrets" secret.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff failed to define his "trade secrets" with reasonable particularity and therefore cannot be afforded relief.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants have not misappropriated any of Plaintiff's alleged "trade secrets."

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff fully consented to Defendants' alleged use of Plaintiff's alleged "trade secrets."

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff does not own the alleged "trade secret" and therefore Plaintiff lacks standing to assert the alleged trade secret misappropriation claim.

**EIGHT AFFIRMATIVE DEFENSE**

Any and all of Defendants' actions challenged by Plaintiff were lawful, reasonable, justified, procompetitive, without intent to injure competition and were carried out in furtherance of IBM's legitimate business interests.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants independently developed any purported intellectual property Plaintiff alleges has been misappropriated or infringed.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches, estoppel, waiver, or acquiescence.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has not suffered, and is not likely to suffer, any injury or damages as a result of the conduct at issue.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff and Defendants are not competitors, as required to establish a prima facie case of tortious interference with contract.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because there was no enforceable contract between Plaintiff and any of the entities listed in the Complaint, as required to establish a prima facie case of tortious interference with contract.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff committed a violation of law or public policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against IBM are barred in whole or in part to the extent that any damages he suffered, which are denied, were caused by persons and/or entities over which IBM had no control or who did not have the authority, actual, apparent, or otherwise, to act on behalf of IBM.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim against Defendants are barred to the extent that he failed to exhaust administrative remedies prior to bringing them.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Even if Plaintiff is able to show that he engaged in protected conduct that contributed to some or all of the alleged adverse employment actions, which Defendants deny, Defendants can show that it would have taken any such adverse employment actions even absent any protected conduct.

## NINETEENTH AFFIRMATIVE DEFENSE

If Defendant IBM's employees engaged in any actions which Plaintiff has alleged, all of which IBM denies, such actions were directly contrary to Defendant IBM's good faith efforts to comply with all relevant federal and state laws.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant IBM cannot be held liable for punitive damages stemming from the alleged violations of law by its employees or managers to the extent those employees or managers acted contrary to Defendant IBM's policies and procedures established to ensure anti-retaliation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Plaintiff cannot demonstrate malice or reckless indifference.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, by the United States Constitution, the Constitution of the State of New York, and/or by the statutes under which this action purportedly is brought.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take reasonable action to mitigate any alleged injuries and damages, if any, suffered as a result of the conduct alleged.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

No injunction.  Plaintiff's claims for injunctive relief are barred because Plaintiff failed to meet the requirements for obtaining injunctive relief, including, but not limited to, having suffered no irreparable harm.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

No exemplary damages.  Plaintiff cannot prove that this case justifies an award of exemplary damages against Defendants under 18 U.S.C. § 1836 or otherwise.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

No attorneys' fees.  Plaintiff cannot prove that this case justifies an award of attorneys' fees against Defendants under 18 U.S.C. § 1836 or otherwise.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Lack of breach of contract.  Defendants have complied with all of their obligations under all relevant contracts and agreements.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants reserve the right to designate additional defenses as they may come to light during the course of investigation, discovery, the litigation, or otherwise.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants deny that Plaintiff is entitled to any of the relief sought in his Complaint or otherwise and, accordingly, respectfully request the following relief:

A.      The entry of judgment in favor of Defendants, and against Plaintiff, with Plaintiff being awarded no relief of any kind sought in his Complaint or otherwise;

B.      An award to Defendants of their reasonable attorneys' fees, expenses, and costs incurred in connection with this action pursuant to 18 U.S.C. § 1836 or otherwise; and

C.      An award to Defendants of such other and further relief as the Court deems just and proper under the circumstances.

Dated: September 21, 2021                    Respectfully submitted,

/s/  *Jacqueline Holmes*
Jacqueline Holmes (*pro hac vice* forthcoming)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
Telephone: (202) 879-3620
Facsimile:  (202) 626-1700
Email: jholmes@jonesday.com


/s/  *Stuart W. Yothers*
Stuart W. Yothers
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3893
Facsimile:  (212) 755-7306
Email: syothers@jonesday.com

*Attorneys for Defendant International Business Machines Corporation, Pablo Suarez, and Shanker Ramamurthy*

## <u>CERTIFICATE OF SERVICE</u>

I certify I caused the foregoing to be filed via the CM/ECF system this 21st day of

September, 2021, which will automatically send e-mail notification to all counsel of record**.**

<u>*/s/ Stuart W. Yothers*</u>
Stuart W. Yothers