# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK  10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number:  (212) 326-3893
syothers@JonesDay.com

October 20, 2021

VIA ECF

Hon. Vincent L. Briccetti
United States District Judge
United States Courthouse
300 Quarropas Street, Room 630
White Plains, NY 10601

<u>Hayden v. International Business Machines Corporation, et al., Case No. 7:21-cv-02485-VB</u>

Dear Judge Briccetti:

On behalf of Defendants International Business Machines Corporation ("IBM"), Pablo Suarez, and Shanker Ramamurthy (collectively, the "Defendants"), we write regarding the upcoming October 27, 2021 initial conference with the Court.  To start the discussion with Plaintiff, Defendants provided to Plaintiff on October 4, 2021 a draft Civil Case Discovery Plan and Scheduling Order incorporating for discussion dates permitted by the Court's default limits.

When the parties conferred, Plaintiff rejected a schedule within those maximum time limits permitted by the Court, indicating that this case would require at least one-and-a-half years of fact discovery and an additional three-to-four months of expert discovery.  According to Plaintiff, at least 57 individuals will be identified in Plaintiff's initial disclosures, and Plaintiff intends to seek discovery from at least thirteen clients or customers of IBM as well as 20 or so IBM partners.  Plaintiff further indicated that its discovery would encompass a 12-year period.

In response, we raised with Plaintiff two threshold issues that should gatekeep any heavy investment (in time or money) by either party or the Court in such far-reaching discovery.  First, Plaintiff's complaint suggests that he had an employment agreement protecting from disclosure information that Plaintiff shared with IBM.  *See, e.g.*, Dkt. 4 at ¶¶11-15.  IBM is unaware of such an agreement.  Before pursuing discovery on the scale proposed by Plaintiff, Plaintiff should produce information in his possession about this alleged agreement and any other allegedly reasonable efforts taken by Plaintiff to keep his allegedly confidential information secret.

Second, Plaintiff alleges that the aforementioned contract protected certain trade secrets referred to by Plaintiff in his complaint as A2E.  *See, e.g.*, Dkt. 4 at ¶¶16-17.  But Plaintiff has not yet identified with specificity any alleged trade secrets relating to A2E.  In order for Defendants to investigate whether they were ever provided with any secrets, whether that

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. Vincent L. Briccetti
October 20, 2021
Page 2

information is truly held by Plaintiff as secret, and whether reasonable measures were taken to protect any secrets, Plaintiff must specify those alleged secrets.

For these reasons, we noted that discovery should address these threshold issues first. During a teleconference on Tuesday, October 12, 2021, Plaintiff's counsel indicated that bifurcating discovery in such a way could be a logical approach to this particular case. Plaintiff's counsel undertook to provide a counterproposal by Friday, October 15, 2021. Following reminders on Tuesday and today, we received from Plaintiff a counterproposal shortly after noon today which sets forth a lengthy discovery process that is not warranted here. Defendants therefore attach hereto a Civil Case Discovery Plan and Scheduling Order reflecting a bifurcated approach to discovery addressing the issues set forth above. We shared this draft with Plaintiff's counsel this morning, and will be prepared to discuss this approach further during the October 27, 2021 initial conference with the Court.

While Plaintiff today indicated that he is not open to bifurcation, there is good reason to bifurcate discovery here. If a plaintiff cannot specify the trade secrets and/or confidential information which it claims were misappropriated, the plaintiff must establish a substantial factual basis for its misappropriation claim before it is entitled to the kind of broad discovery suggested by Plaintiff here. *Microwave Research Corp. v. Sanders Assocs., Inc.*, 110 F.R.D. 669, 674 (D. Mass. 1986). Indeed, some courts have bifurcated discovery, requiring a "trade secret plaintiff to establish a factual basis for its claim before it was entitled to discover the defendant's confidential documents." *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 681 (N.D. Ga. 2007), discussing *Ray v. Allied Chemical Corp.*, 34 F.R.D. 456, 457 (S.D.N.Y. 1964) (observing that alleging disclosure of confidential and secret processes to a defendant in a complaint does not automatically entitle plaintiff to obtain disclosure of the alleged offending processes in aid of plaintiff's pretrial discovery) and *Xerox Corp. v. IBM Corp.*, 64 F.R.D. 367, 371 (S.D.N.Y. 1974) (finding that until the plaintiff specifies the trade secrets, "neither the court nor the parties can know, with any degree of certainty, whether discovery is relevant or not").

Here, there is no identification with any specificity of the alleged trade secrets nor the terms under which they were allegedly disclosed. Until those factual bases are established (if they can be), far-reaching discovery of Defendants' confidential information is not warranted. Instead, such far-reaching discovery exposes Defendants' confidential information to discovery without any ability to evaluate any relevance to this case.

Defendants will be available to discuss these issues further at the initial conference to work toward an efficient and expedient plan to complete discovery in this matter.

```
```
Case 7:21-cv-02485-VB   Document 24   Filed 10/20/21   Page 3 of 3

JONES DAY

Hon. Vincent L. Briccetti
October 20, 2021
Page 3

        Respectfully submitted,

        */s/ Stuart W. Yothers*

        Stuart W. Yothers

cc:    All counsel of record (via ECF)