# STONE ⬛ MAGNANINI

## COMPLEX LITIGATION

October 20, 2021

**VIA CM/ECF**
Hon. Vincent L. Bricetti
United States District Judge
United States Courthouse
300 Quarropas Street, Room 630
White Plains, NY 10601

Re:    _Hayden v. IBM, et al._, Case No. 7:21-cv-02485-VB

Dear Judge Bricetti:

On behalf of Plaintiff Gerald W. Hayden, we write concerning the upcoming initial conference with the Court scheduled for October 27, 2021. As explained in Defendants' letter to Your Honor, the parties discussed a draft Civil Case Discovery Plan and Scheduling Order on October 4, 2021. Plaintiff was unable to reach agreement with Defendants in order to jointly propose a discovery plan because discovery in this case cannot be completed under the timeframes routinely proposed by the Court for all cases. Plaintiff's counsel will be prepared to discuss this matter with the Court at length and submits a proposed discovery schedule for the Court's consideration allowing for 18 months of fact discovery and 6 months of expert discovery. Plaintiff requests an extended period to conduct discovery in this case due to the magnitude of the claims and the number of fact witnesses, foreign and domestic third-parties, infringing products and claims.

Plaintiff's case alleges theft of trade secrets and intellectual property by one of the most renowned global technology companies in the world – IBM – and two leading executives, Shanker Ramamurthy, General Manager of Strategy and Global Development for IBM's Global Business Services, and Pablo Suarez, Vice President and Global Leader for Financial Services Sector Centers of Competence and Digital Banking at IBM. Plaintiff's trade secret is a revolutionary method for marketing to and reorganizing the operations of a company, in particular a bank or financial services entity, to maximize the use of current information technology systems and cloud data storage to increase efficiencies, enhance customer relations, drive revenue, and improve balance sheet management. The trade secret is denominated "A2E," shorthand for "Awareness to Execution," a series of decision-making processes that is unique to Plaintiff's methodology. This trade secret was fully conceptualized and used by Plaintiff to consult in the financial services industry since 2009, well before he re-joined IBM in 2015.

The Complaint alleges seven causes of action: a claim for theft of trade secrets under the federal Defend Trade Secrets Act, 18 U.S.C. § 1831 _et seq._ (Count 1); common law trade secret misappropriation under New York law (Count 2); a breach of contract claim arising from IBM's

Hon. Vincent L. Bricetti
United States District Judge
October 20, 2021
Page 2

violation of a confidentiality agreement with Plaintiff (Count 3); breach of the covenant of good faith and fair dealing for IBM's bad faith conduct towards Plaintiff during his employment (Count 4); unjust enrichment (Count 5); tortious interference with Plaintiff's prospective economic advantage to market and trade on his intellectual property (Count 6) and a retaliatory discharge claim under Sarbanes-Oxley, 18 U.S.C. § 1514A for IBM's decision to demote and terminate Plaintiff following Plaintiff's report of suspected securities laws violations by IBM (Count 7).

Plaintiff seeks a declaratory judgment that IBM breached a confidentiality agreement between them and misappropriated his trade secrets and intellectual property; an injunction against any further exploitation or misappropriation of Plaintiff's intellectual property; compensatory and punitive damages, including but not limited to a share of profits from IBM's Hybrid Cloud platform and any and all related products and services developed, marketed and/or sold with Plaintiff's trade secrets, intellectual property, or ideas. Plaintiff also seeks damages for actual loss caused by the misappropriation of the trade secret and IBM's unauthorized dissemination of Plaintiff's intellectual property; damages for any unjust enrichment caused by the misappropriation of the trade secret that is not addressed in computing damages for actual loss; or in lieu of damages measured by any other methods, the damages caused by the misappropriation measured by imposition of liability for a reasonable royalty for the misappropriation's unauthorized disclosure or use of the trade secret. *See* 18 U.S.C. § 1836.

If Plaintiff can prove, as alleged, that IBM willfully and maliciously misappropriated his trade secret, he would be entitled to an award of exemplary damages in an amount not more than 2 times the amount of the damages awarded as actual damages or royalties; and if the trade secret was willfully and maliciously misappropriated, an award of reasonable attorney's fees to the prevailing party, pursuant to 18 U.S.C. § 1836.

IBM could be potentially liable for damages ranging from $500 million to $3 billion as a result of having incorporated Plaintiff's trade secrets into IBM Hybrid Cloud (https://www.ibm.com/cloud/hybrid) and other products. Before Hayden joined IBM, it held a very small market position in the financial services arena, offered no cloud products, and IBM Watson, its so-called "artificial intelligence" division was floundering. Now, as a result of Mr. Hayden's trade secrets IBM has joined the ranks of Amazon, Google and Microsoft for a competitive share of the global cloud-based services market.

The Complaint alone, without any discovery, identifies approximately 22 fact witnesses, including many former employees who have been terminated by IBM since Plaintiff left, and many who now reside overseas; 13 third-party entities (foreign and domestic partners and clientele of IBM) with involvement and knowledge of the misappropriation; and over 20 potentially infringing products marketed and sold by IBM and its partners. Third-parties include some of the largest financial companies in the world (e.g. JPMorgan Chase, AMEX) and foreign entities (e.g. DBS Singapore, Mizuho Bank), which may require resort to the Hague Convention to obtain discovery abroad. Plaintiff also expects to retain a number experts concerning the trade secret.

Given the magnitude of Plaintiff's claims, the breadth of the allegations, the number of potential witnesses and the complexity of expert testimony in this case, not to mention the

Hon. Vincent L. Bricetti
United States District Judge
October 20, 2021
Page 3

amount of damages at stake, Plaintiff respectfully requests additional time to prepare this matter for trial.

 We look forward to discussing this matter in greater detail with Your Honor on October 27th.

 Thank you.

                                        Respectfully,

                                        */s/ Robert A. Magnanini*

                                        Robert A. Magnanini

cc:     Counsel of Record (via CM/ECF)