**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

GERALD HAYDEN,

    Plaintiff,

        v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION, PABLO
SUAREZ and SHANKER
RAMAMURTHY,

    Defendants.

Case No. 7:21-CV-02485-VB

---

**PROTECTIVE ORDER**

WHEREAS, Plaintiff Gerald Hayden ("Plaintiff") and Defendants International Business Machines Corporation ("IBM"), Pablo Suarez and Shanker Ramamurthy (collectively, "Defendants"), hereafter referred to as "the Parties" (the dispute referred to herein being the "Action"), believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of confidential business information or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     This Order is being entered into to facilitate the production, exchange, and discovery of documents and information that may merit confidential treatment.

2.     <u>Purpose and Limitations</u>:  Disclosure and discovery in this Action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this

litigation may be warranted.  The Parties acknowledge that this Order does not confer blanket

protections on all disclosures or responses to discovery and that the protection it affords from

public disclosure and use extends only to limited information or items that are entitled to

confidential treatment under the applicable legal principles.  The Parties further acknowledge that

this Order does not entitle them to file confidential information under seal; the Honorable Judge

Vincent L. Briccetti's Individual Rules of Practice set forth the procedures that must be followed

and the standards that will be applied when a party seeks permission from the Court to file material

under seal.

3.      As used herein:

(a)      "Confidential Information" shall mean all information (regardless of how it

is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

of Civil Procedure 26(c).

(b)      "Disclosure or Discovery Material" shall mean all items or information,

regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in

disclosures or responses to discovery in this matter.

(c)      "Producing Party" shall mean the parties to this Action or any third parties

producing "Confidential Information" or the party asserting the confidentiality designation, as the

case may be.

(d)      "Receiving Party" shall mean the party to this Action or any non-party

receiving "Confidential Information."

4.      Scope:   The protections conferred by this Order cover not only Confidential

Information (as defined above), but also (1) any information copied or extracted from Confidential

Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by Parties and their counsel that might reveal Confidential Information.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of confidential information at trial shall be governed by a separate agreement or order.

5.      Exercise of Restraint and Care in Designating Material as Confidential:  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially

asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.    Designation of Confidential Information:  Any party may designate Disclosure or Discovery Material that the party reasonably believes should be subject to the terms of this Order as Confidential Information ("Designated Material").  Designation in conformity with this Order may be made as follows:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), by affixing, at a minimum, the legend "CONFIDENTIAL" to the first page of each document that contains protected material or by any other reasonable means of giving notice of the party's intent to claim protected status of the document in question.

(b)    For deposition testimony or exhibits offered in a deposition, by notifying opposing counsel on the record during, or at the conclusion of, the deposition that the information provided is considered Confidential and that the transcript (or portions thereof) shall be subject to the provisions of this Order; in addition, designation may be made by notifying all counsel in writing of those portions to be treated as such at any time up to thirty (30) days after the final transcript is received by counsel for the party making the designation.  Prior to the expiration of such thirty (30) day period, or until a designation is made by counsel, if such a designation is made in a shorter period of time, all deposition testimony shall be treated as Confidential during this period.

(c)    For information produced in other forms, by affixing in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or by any other reasonable means of providing notice of the designations.

7.      Challenge Procedure for Raising Disagreement With Designation as Confidential

Information:  (a) Timing of Challenges: Any Party may challenge a designation of confidentiality

at any time.  A party does not waive its right to challenge a confidentiality designation by electing

not to mount a challenge promptly after the original designation is disclosed.  The Receiving Party

may notify the Producing Party that the Receiving Party does not concur in the designation of a

document or other material as Confidential Information.  If the Producing Party does not agree to

withdraw the confidential designation of such document or material, the Receiving Party may

move before the Court for a ruling that such document or material is not entitled to protection.  (b)

Meet and Confer:  Before any party may move before the Court, the party presenting a challenge

shall initiate the dispute resolution process by providing a written notice of each designation it is

challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a

challenge has been made, the written notice must recite that the challenge is being made in

accordance with this specific paragraph of this Order.  The parties shall attempt to resolve each

challenge in good faith and must confer directly or in writing.  In conferring the party lodging a

challenge must explain the basis for its belief that the confidentiality designation was not proper

and must give the Producing Party an opportunity to review the Designated Material, to reconsider

the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

designation.  A party lodging a challenge may proceed to the next stage of this challenge process

only if it has engaged in this meet and confer process first or establishes that the Designating Party

is unwilling to participate in the meet and confer process in a timely manner. (c) Judicial

Intervention: if the parties cannot resolve a challenge without court intervention, the Receiving

Party lodging the challenge shall file and serve a motion seeking to de-designate the Designated

Material.  The burden of demonstrating that the Designated Material is protectable under Fed. R.

Civ. P. 26(c) and should remain designated as CONFIDENTIAL shall remain with the Producing Party in responding to the motion.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by this provision.  If no challenge is lodged, such documents or materials shall continue to be treated in accordance with their designation as Confidential Information.  If a motion is filed, the documents or other materials shall be treated in accordance with their designation as Confidential Information unless and until the Court rules otherwise.

        8.      <u>Limited Use of Confidential Information</u>:  Any information designated as Confidential Information shall be used by the Receiving Party and its counsel for purposes of this Action only and for no other purposes.  Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

        (a)     the parties to this action;

        (b)     counsel of record for the parties in this Action and the legal, clerical, paralegal, or other staff of such counsel;

        (c)     independent litigation support services, including persons working for or as graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action (collectively, "Independent Contractors") provided prior to being given access to Confidential Information such Independent Contractor is provided with a copy of this Order and shall execute the agreement attached hereto as Exhibit A;

(d)     expert witnesses or consultants retained by the parties or their counsel for the purpose of this Action, provided, however, that such Confidential Information is furnished, shown, or disclosed in accordance with paragraph 11 hereof;

(e)     as to any document, its author, its addressee, any other person shown on the face of the document as having received a copy, and any other person, although not identified as an author, addressee, or copy recipient of such Designated Material, who would have seen, in the ordinary course of business, information or documents similar to or of the same type as, such Designated Material;

(f)     the Court and its personnel;

(g)     an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown, or disclosed in accordance with paragraph 13 hereof;

(h)     trial and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraphs 12 and 13, respectively, hereof;

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j)     any other person agreed to in writing by the parties.

9.     Prior to the disclosure of any Confidential Information to any person referred to in subparagraphs (e) and (h) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto as Exhibit A, stating that that person has read this Order and agrees to be bound by its terms.  Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing

counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10.     Confidential Information May Not Be Used in Any Other Proceeding:  The parties and their counsel shall not use any Confidential Information in any other proceedings, arbitrations, litigations, or other actions, unless such Confidential Information is produced in discovery during the course of such proceeding, arbitration, litigation, or other action.  Moreover, the parties and their counsel shall not furnish, show, or disclose any Confidential Information to any parties, witnesses, experts, or other persons in any other proceedings, arbitrations, litigations, or other actions.

11.     Disclosure to Expert Witnesses of Confidential Information:  Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 8 of this Order, counsel for the Receiving Party shall obtain the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms and shall serve the same upon the Producing Party with a current curriculum vitae, including a list of case testimony, consulting activities, and employment for the past 4 years, and a disclosure of any current or prior relationship with the Receiving Party of the consultant or expert, at least ten (10) days before access to the Designated Material is to be given to that consultant or expert.  The Producing Party shall have seven (7) days from service of the expert's written agreement and the required information to object to and notify the Receiving Party in writing that it objects to disclosure of Designated Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party must seek relief from the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree.  If so, the objecting Party shall have the burden of proving

the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order.

13. Disclosure at Hearing of Confidential Information:  Should the need arise for any of the parties to disclose Confidential Information during any hearing before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

13. Use at Deposition of Confidential Information:  Confidential Information may be used at the deposition of a witness provided that the Designated Material is only disclosed to a person(s) who is:  (i) eligible to have access to the Designated Material by virtue of his or her employment with the Producing Party, (ii) identified in the Designated Material as an author, addressee, or copy recipient of such information, (iii) any other person, although not identified as an author, addressee, or copy recipient of such Designated Material, who would have seen, in the ordinary course of business, information or documents similar to or of the same type as such Designated Material, (iv) a current or former officer, director, or employee of the Producing Party or a current or former officer, director, or employee of a company affiliated with the Producing Party; (v) counsel for a Party; (vi) a consultant and/or expert retained for the purpose of this litigation (subject to paragraph 11 above); (vii) Independent Contractors; (viii) the Court; or (ix) other persons entitled hereunder to access Designated Material.  Designated Material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.  Any deposition witness, and any court reporter, who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Order and

shall execute the agreement attached hereto as Exhibit A.  Counsel for the party obtaining the agreement shall supply a copy to counsel for the other party.

14.     Any Designated Material that is to be filed with the Court shall be addressed in the following manner:  Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed.  Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority.  Unless otherwise ordered, a party seeking to file an opposing party's Confidential Information shall so advise the opposing party seven (7) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object.  Within six (6) days thereafter, the party whose confidential information is sought to be used may make an application to seal, indicating the portion or portions of the information it seeks to have sealed.  Nothing herein is intended to alter or modify the applicability of Fed. R. Civ. P. 5.2, to this case.  The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

15.     Designation of Information Produced by Non-Party:  A party may designate as Confidential Information subject to this Order any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof.  In the case of documents, such designation shall be made by notifying all counsel in writing of those documents to be stamped and treated as such at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the party asserting confidentiality.  In the case of deposition testimony,

designation shall be made by notifying all counsel in writing of those portions to be stamped or otherwise treated as such at any time up to thirty (30) days after the final transcript is received by counsel for the party asserting confidentiality.  Prior to the expiration of such thirty (30) day period, or until a designation is made by counsel, if such a designation is made in a shorter period of time, all deposition testimony shall be treated as Confidential Information during this period.

16.     Inadvertent Failure to Designate Information:  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to make a confidentiality designation under this Order for such material.  Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its confidential nature may be so designated by the party asserting confidentiality by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential Information" within a reasonable time following the discovery that the document or information has been produced without such designation.

17.     No Waiver of Right to Object to Production or Disclosure of Information:  The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

18.     No Prejudice to Seek Modification of Order:  This Order is entered into without prejudice to the right of either party to seek relief from, or modification of, this Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of Confidentiality as inappropriate under applicable law.

19.     Order Is Binding After Conclusion of Action:  The United States District Court for the Southern District of New York is responsible for the interpretation and enforcement of this

Order.  After termination of this Action, the provisions of this Order shall continue to be binding

until a Producing Party agrees otherwise in writing or a court order otherwise directs, except with

respect to those documents and information that become a matter of public record.  This Court

retains and shall have continuing jurisdiction over the Parties and recipients of the Confidential

Information for enforcement of the provision of this Order following termination of this Action.

20.     No Waiver of Privilege:  Nothing herein shall be deemed to waive any privilege

recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts

or documents revealed in the course of disclosure or a concession as to the nature of the

confidentiality of the documents.

21.     No Waiver of Privilege or Protection / Inadvertent Production of Privileged and

Protected Information:  Nothing herein shall require disclosure of information which is protected

from discovery by the attorney-client privilege, work product immunity, or other privilege or

immunity.  In addition, no Party is required to log privileged materials generated after the filing of

the complaint in this Action.  In accordance with FED. R. EVID. 502(d), the production of privileged

or work-product protected documents or electronically stored information, whether inadvertent or

otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any

other proceeding.  This shall be interpreted to provide the maximum protection allowed by FED.

R. EVID. 502(d).  If a Producing Party becomes aware that it has inadvertently produced

information or materials that are protected by the attorney-client privilege, work product

immunity, or other privilege or immunity, the Producing Party should promptly notify each

Receiving Party in writing of the inadvertent production and provide a privilege log for the

inadvertently produced information or materials (except for privileged materials generated after

the filing of the complaint in this Action).  Once a Receiving Party receives notice in writing of

the inadvertent production, it shall make reasonable efforts to gather copies of the information and

materials that were distributed to others and shall return all copies of such inadvertently produced

material within three (3) business days of receiving such notice.  Any notes or summaries referring

or relating to any such inadvertently produced material subject to claim of privilege or immunity

shall be destroyed forthwith.  Nothing herein shall prevent the Receiving Party from challenging

the propriety of the attorney-client privilege, work product immunity, or other applicable privilege

designation by submitting a challenge to the Court.  The Producing Party bears the burden of

establishing the privileged or otherwise protected nature of any inadvertently produced

information or materials.  Each Receiving Party shall refrain from distributing or otherwise using

the inadvertently disclosed information or materials for any purpose until the discoverability of the

materials is agreed by the parties or resolved by the Court.  The Receiving Party may not use the

inadvertently produced information or materials to bring a motion seeking production of such

information or materials.  If a Receiving Party becomes aware that it is in receipt of information

or materials which it knows or reasonably should know are privileged, counsel for the Receiving

Party shall immediately take reasonable steps to (i) stop reading such information or materials, (ii)

notify counsel for the Producing Party of such information or materials, (iii) collect all copies of

such information or materials, (iv) return such information or materials to the Producing Party,

and (v) otherwise comport themselves with the applicable rules of professional conduct.

22.     Destruction or Return of Confidential Information:  Upon written notice by the

Producing Party following the final termination of this Action by settlement or exhaustion of all

appeals, all Confidential Information produced or designated and all reproductions thereof shall

be returned to the Producing Party or shall be destroyed, at the option of the Receiving Party.  In

the event that the Producing Party requests the destruction of physical objects and documents, the

Receiving Party shall certify in writing within fourteen (14) days of such written notice following the final termination of this Action that it has destroyed such physical objects and documents, including but not limited to deleting all electronic copies of such documents that have not been archived, backed-up, or are otherwise difficult to access, and that such physical objects and documents have been destroyed to the best of its knowledge, including, but not limited to, by deleting all electronic copies of such documents that have not been archived, backed-up, or are otherwise difficult to access. Notwithstanding anything to the contrary, external counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and hearing exhibits. Nothing in this Order shall prohibit a party from using its own records and business documents in the normal course of business. This Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

        23.     This Order may be changed by further order of the Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information. If any computer source code is to be produced in this matter, its production shall be governed by a separate protocol to be submitted by the Parties.

Dated: _____

_____
The Honorable Vincent L. Briccetti

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

GERALD HAYDEN,

    Plaintiff,

      v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION, PABLO
SUAREZ and SHANKER
RAMAMURTHY,

    Defendants.

---

Case No. 7:21-CV-02485-VB

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY COURT'S PROTECTIVE ORDER**

I, _____, state that:

    1.    My address is _____ .

    2.    My present employer is _____ .

    3.    My present occupation or job description is _____ .

    4.    I have received a copy of the Protective Order entered in the above-titled action on

_____ (date).

    5.    I have carefully read and understand the provisions of the Protective Order.

    6.    I will comply with all of the provisions of the Protective Order.

    7.    I will hold in confidence, will not disclose to anyone not qualified under the

Protective Order, and will use only for purposes of this action, any Confidential Information that

is disclosed to me.

8.      I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.


Dated: _____                    _____