# STONE MAGNANINI

## COMPLEX LITIGATION

June 21, 2022

**VIA CM/ECF**
Hon. Vincent L. Briccetti
United States District Judge
United States Courthouse
300 Quarropas Street, Room 630
White Plains, NY 10601

Re:   *Hayden v. IBM, et al.*,
      Case No. 7:21-cv-02485-VB

Dear Judge Briccetti:

We represent Plaintiff Gerald W. Hayden in this matter. With Defendants' consent, we write to request an informal conference with the Court for a pre-motion discovery conference. Plaintiff seeks permission for the parties to adjust certain *interim* discovery deadlines without a change to the discovery end date, October 27, 2022, set by the Court's Scheduling Order (Dkt. 28). This is the first request for a modification of the Court's schedule.

To date the parties have exchanged more than 250,000 pages of documents and Plaintiff was deposed for almost one full day. Depositions of defendants and current employees and 30(b)(6) depositions have been noticed; subpoenas for additional fact witness depositions have and are being served. However, the parties are still producing documents and exchanging supplemental written responses to discovery. By telephone and correspondence, the parties have conducted numerous meet and confers to resolve discovery disputes and are working amicably and cooperatively. Nevertheless, there may be some disputes that may need resolution by the Court which will delay final production of all relevant documents. With this background, the Court's interim *fact discovery* end-date, June 27, 2022, is approaching and the parties need additional time to complete their productions and fact depositions. Therefore, the parties have conferred, agreed upon the following adjusted schedule subject to Your Honor's approval:

| | |
|---|---|
| **Fact-discovery end date:** | currently June 27, changes to July 29 |
| **Non-Expert Depositions:** | currently June 27, changes to July 29 |
| **Plaintiff's expert reports:** | currently August 8, changes to August 29 |
| **Defendants' expert reports:** | currently September 19, changes to October 10 |
| **Discovery end date:** | currently October 27 – <u>remains unchanged</u> |

This modest adjustment of interim discovery deadlines will allow the parties to complete fact discovery in a reasonable manner by using some of the time allotted to expert discovery, without moving the Court's discovery end date.

The parties would like to discuss which depositions may take place during any extension of the fact discovery period. Defendant's position is that any extension of the discovery period should be used to complete depositions for which a notice or subpoena has been served – not to notice or serve subpoenas for additional depositions. Plaintiff's position is that because he has been unable to complete service on each of the identified fact witnesses, he can serve subpoenas on potential witnesses up to the end of the current discovery period, June 27, 2022.

Pursuant to Your Honor's Individual Practices, a proposed Revised Civil Case Discovery Plan and Scheduling Order is attached. Thank you for the Court's consideration of this matter.

Respectfully submitted,

*/s/ Robert A. Magnanini*
Robert A. Magnanini

cc:   Counsel of Record (via CM/ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERALD HAYDEN,

    Plaintiff,

      v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, PABLO SUAREZ and SHANKER RAMAMURTHY,

    Defendants.

Case No. 7:21-CV-02485-VB

**[PROPOSED] REVISED CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER**

    This Civil Case Discovery Plan and Scheduling Order is hereby revised and is adopted, after consultation with counsel and any unrepresented parties, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties <u>do not consent</u> to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case <u>is</u> to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed by <u>January 7, 2022</u>. (Absent exceptional circumstances, 30 days from date of this Order.)

4. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed by <u>November 10, 2021</u>. (Absent exceptional circumstances, 14 days from date of this Order.)

5. Fact Discovery

    a. All fact discovery shall be completed by <u>July 29, 2022</u>. (Absent exceptional circumstances, a period not to exceed 120 days from date of this Order.)

    b. The parties shall submit an agreed upon protective order to govern discovery by no later than <u>November 30, 2021</u>.

1

    c.    Initial requests for production of documents shall be served by November 10, 2021.

    d.    Interrogatories shall be served by April 28, 2022.

    e.    Non-expert depositions shall be completed by July 29, 2022.

    f.    Requests to admit shall be served by April 28, 2022.

    g.    Any of the interim deadlines in paragraphs 5(c) through 5(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth inparagraph 5(a).

6. Expert Discovery

    a.    All expert discovery, including expert depositions, shall be completed by October 27, 2022.   (Absent exceptional circumstances, 45 daysfrom date in paragraph 5(a); i.e., the completion of all fact discovery.)

    b.    Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall bemade by August 29, 2022.

    c.    Defendant's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by October 10, 2022.

    d.    The interim deadlines in paragraphs 6(b) and 6(c) may be extended by thewritten consent of all parties without application to the Court, provided thatall expert discovery is completed by the date set forth in paragraph 6(a).

7. Additional provisions agreed upon by the parties are attached hereto and made apart hereof.

8. **ALL DISCOVERY SHALL BE COMPLETED BY OCTOBER 27, 2022**. (Absent exceptional circumstances, a period not to exceed 6 months from date ofthis Order.)

9. All motions and applications shall be governed by the Court's Individual Practices, including the requirement of a pre-motion conference before a motionfor summary judgment is filed.

10. Unless otherwise ordered by the Court, within 30 days after the date for the completion of discovery, or, if a dispositive motion has been filed, within 30 days after a decision on the motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's IndividualPractices. The parties shall also

       comply with the Court's Individual Practices withrespect to the filing of other required pretrial documents.

11. The parties have conferred and their present best estimate of the length of the trial is <u>14 days</u>.

12. This Civil Case Discovery Plan and Scheduling Order may not be modified or the dates herein extended without leave of the Court or the assigned Magistrate Judge acting under a specific order of reference (except as provided in paragraphs 5(f) and 6(d) above).

13. The Magistrate Judge assigned to this case is the Honorable <u>Judith C. McCarthy</u>.

14. If, after the entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

15. The next case management conference is scheduled for <u>Friday, November 4, 2022</u> at <u>10:00 AM</u>.  (The Court will set this date at the initial conference.)

16. By no later than <u>June 27, 2022</u>, counsel shall submit a joint letter regarding the status of their settlement discussions and indicating whether there is anything the Court can do to assist in that regard.

Dated:  _____
         White Plains, NY

                                          SO ORDERED:

                                          _____

                                          Vincent L. Briccetti
                                          United States District Judge