# STONE ▦ MAGNANINI

## COMPLEX LITIGATION

August 24, 2022

**VIA CM/ECF**
Hon. Judith C. McCarthy
United States Magistrate Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re: *Hayden v. IBM, et al., Case No. 7:21-cv-02485-VB*

Dear Judge McCarthy:

We write on behalf of Plaintiff Gerald Hayden to respond to the issues raised in Defendants' letter dated August 17, 2022 (Dkt No. 49).

Defendants' application ignores the fact that ***all*** of Defendants' Interrogatories were served in violation of the Local Rules. As is plain from a review of their own application, Defendants' Interrogatories Nos. 1, 10, 12, 16, and 17 seek information beyond that permitted by Local Civil Rule 33.3(a)-(b), which provides that "interrogatories other than those seeking information names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature" "may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court." Defendants make no attempt to show that these interrogatories "are a more practical method of obtaining the information sought than a request for production or a deposition," and certainly they were not ordered by the Court.

Regardless, Plaintiff ***has*** produced documents providing much of the information sought by Defendants, to the extent that such information is in Plaintiff's possession, custody, or control. In addition, Plaintiff sat for a nearly seven-hour deposition and, to the extent asked, testified concerning topics that are the subject of Defendants' Interrogatories. To a remarkable extent, however, Defendants' counsel did not even bother questioning Plaintiff about the very subjects that Defendants now consider so important that they seek leave to make a motion to compel. As for Interrogatories No. 5, 13 to 15, and 18, Defendants themselves admit that these are contention interrogatories (Dkt No, 49 at 3), which may only be served at the conclusion of discovery. *See* Local Civil Rule 33.3(c). As detailed in Plaintiff's letter motions (Dkt Nos. 38, 47), Defendants have refused to produce the vast majority of discovery sought by Plaintiffs, so it hardly can be maintained that discovery is "over." More importantly, Plaintiff needs the documents that Defendants have refused to provide in order to fully respond to Defendants'

STONE ■ MAGNANINI

COMPLEX LITIGATION

Interrogatories.   Finally, Defendants ask Plaintiff to identify "the complete factual and legal basis" for Plaintiff's contentions.   As the Court has already recognized, such a formulation is "inherently improper." *Balchem Corp. v. Edwards*, 7:18-cv-2677-KMK-JCM (Dkt No. 182), at 17.

Despite the improper nature of Defendants' Interrogatories, Plaintiff has attempted to work with Defendants, supplementing virtually all of his interrogatory responses about which Defendants complain, many of them multiple times.   Defendants' application repeatedly mischaracterizes Plaintiff's supplemental interrogatory responses including, in a particularly egregious example, Plaintiff's supplemental response to Interrogatory No. 1 describing Plaintiff's trade secret.   Although Plaintiff's actual supplemental response was highly detailed, running to well over two pages, Defendants' letter motion blatantly misrepresents the supplemental response, quoting out of context short snippets of language, while falsely claiming that the response "never specifies" Plaintiff's trade secret (Dkt No. 49 at 1).   Although it is impossible to quote at any length from Plaintiff's supplemental interrogatory responses in a three-page response letter, Plaintiff would be happy to supply the Court with Plaintiff's actual supplemental responses so that the Court may judge for itself whether Plaintiff has fairly attempted to respond to Defendants' Interrogatories with the information currently in his possession.   In brief summary, however, we note the following:

**Interrogatories Nos. 1, 10, and 12.**   With respect to Defendants' Interrogatory No. 1, Defendants themselves admit that Plaintiff identified several documents reflecting Plaintiff's trade secret (Dkt No. 49 at 1).   These documents were identified by Bates number many months ago, in correspondence dated April 22, 2022.   Plaintiff's counsel also corrected Defendants' counsel at Plaintiff's deposition when Defendants' counsel had mistakenly brought the wrong document highlighting Plaintiff's trade secret and provided Defendants' counsel with the correct documents that Plaintiff had previously produced.   Several hours before Defendants filed their letter motion on August 17, 2022, Plaintiff served a further, lengthy supplemental interrogatory response describing in great detail Plaintiff's trade secret.   Plaintiff had notified Defendants' counsel that this supplemental response was on the way, but Defendants plainly went ahead and prepared their letter motion nonetheless.   As noted, Defendants' letter essentially ignores the substance of Plaintiff's supplemental response, cherry-picking a handful of phrases from the response while mischaracterizing or ignoring the rest.   Curiously, Defendants also complain that Plaintiff has not identified the date his trade secret was conceived or fully developed (Interrogatory No. 10).   But Plaintiff *has* responded to this Interrogatory, describing how his trade secret was developed over the course of his career and was reflected in a slide deck created in 2009.   Moreover, Plaintiff testified at length about these topics at his May 12, 2022 deposition. Defendants further complain that Plaintiff has not identified where his trade secret appears in "each Document authored by Defendants" (Interrogatory No. 12).   But, as set forth in Plaintiff's discovery applications (Dkt Nos. 38, 47), Defendants have refused to produce such documents, making it impossible for Plaintiff to respond with any detail.   Moreover, Defendants conveniently omit any mention of Plaintiff's supplemental responses to Interrogatory Nos. 13 and 14 concerning the nature of Defendants' misappropriation of Plaintiff's intellectual property. Finally, Defendants' assertion that certain aspects of Plaintiff's IP were "generic" and in use before Plaintiff was employed by IBM ignores settled case law that a trade secret "does not have

to be novel or an invention," *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 968-69 (2d Cir. 1997); *Next Communs., Inc. v. Viber Media, Inc.*, 758 F. App'x 46, 48 (2d Cir. 2018), but rather "can exist in a combination of characteristics and components, each of which, by itself, is in the public domain…"; *Integrated Cash Mgmt Servs. V. Digital Transactions, Inc.*, 920 F.2d 171, 174 (2d Cir. 1990) (quoting *Imperial Chemical Industries, Ltd. v. National Distillers & Chemical Corp.*, 342 F.2d 737, 742 (2d Cir. 1965)). In any event, this assertion goes to Defendants' view of the **merits** of Plaintiff's claims, not whether Plaintiff has sufficiently responded to Defendants' Interrogatories.

**Interrogatory Nos. 9 and 17**.   Defendants falsely assert that "Plaintiff has been unwilling to identify" the independent economic value of his trade secret (Dkt No. 49 at 2).   As long ago as June 21, 2021, Plaintiff served a supplemental response to Interrogatory No. 9 that described, and identified by Bates number several documents reflecting, the economic value that Plaintiff anticipated deriving from his intellectual property if Defendants had not misappropriated that IP.   Plaintiff further supplemented his responses to both Interrogatory Nos. 9 and 17 on August 17, 2022, prior to Defendants filing their letter motion.   Once again, Defendants' letter fails to address the substance of the supplemental response, but merely asserts that it "did not provide the requested information."   (Dkt No. 49 at 3).   As stated, Plaintiff would be happy, if Your Honor wishes, to supply his supplemental interrogatory responses to the Court so that the Court may assess the adequacy of those responses.

**Interrogatory Nos. 5, 13-16, 18**.   As discussed, Interrogatory Nos. 5, 13-15, and 18 are contention interrogatories asking Plaintiff to identify "the complete factual and legal basis" for a number of Plaintiff's allegations and, as such, are both premature and improper.   As the Court has noted, "the essential purpose of contention interrogatories coming at the end of discovery is to narrow the issues for trial"; they are "not designed to reveal new information…" *Balchem*, 7:18-cv-2677-KMK-JCM (Dkt No. 182), at 18.   Moreover, several of the Interrogatories seek information that is within the possession and knowledge of Defendants that Defendants have refused to provide in discovery (Interrogatory Nos. 13, 15, 18), while certain Interrogatories call for expert opinions and are premature for that reason (Interrogatory Nos. 5, 15). Notwithstanding these objections, Plaintiff has provided supplemental responses to Interrogatories Nos. 5, 13, and 14, supplementing his responses to each of these Interrogatories not once, but twice.   With respect to Interrogatory No. 16, which asked Plaintiff to identify each position of employment to which he had applied since his termination by IBM, Plaintiff made a supplemental document production including all such employment applications currently in his possession that had not been previously produced.

In sum, despite the improper nature of <u>all</u> of Defendants' Interrogatories, Plaintiff has time and time again attempted to work with Defendants, repeatedly supplementing Interrogatory responses to meet Defendants' complaints and providing all the information sought by Defendants to the extent within Plaintiff's knowledge, custody, or control.   Defendants' request to move to compel yet further Interrogatory responses should be denied.

**STONE MAGNANINI**

COMPLEX LITIGATION

Respectfully submitted,

STONE & MAGNANINI LLP

By: *s/David S. Stone*
400 Connell Drive, Suite 6200
Berkeley Heights, NJ 07922
Tel: (973) 218-1111
Fax: (973) 218-1106
dstone@smcomplex.com

*Attorneys for Plaintiff*