```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
GERALD HAYDEN,                                                :
                            Plaintiff,                        :
v.                                                            :   **ORDER**
                                                              :
INTERNATIONAL BUSINESS MACHINES                               :   21 CV 2485 (VB)
CORPORATION, SHANKER RAMAURTHY,                               :
and PABLO SUAREZ,                                             :
                            Defendants.                       :
--------------------------------------------------------------x
```

Defendants' motion for reconsideration of the Court's August 18, 2022, Order (Doc. #51), in which the Court denied defendants' request for a premotion conference in anticipation of a motion for summary judgment (Doc. #35), is DENIED.

As an initial matter, the Court's Order needs no clarification. All discovery means all discovery. Neither party may request a premotion conference in anticipation of a summary-judgment motion until after the close of all discovery, which, for the avoidance of doubt, means both fact and expert discovery.

Rule 56 provides that, "[u]nless a different time is set by local rule **or the court orders otherwise**, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added). The district court has "broad discretion" "to manage its docket with a view toward the efficient and expedient resolution of cases." Lehmann v. Ohr Pharm., Inc., 2021 WL 5986761, at *1 & n.1 (2d Cir. Dec. 16, 2021) (summary order) (alterations and quotations omitted).

Here, defendants fail to articulate how the Court's August 18, 2022, Order was "clear error" or the cause of "manifest injustice." Catskill Dev., L.L.C. v. Park Place Ent. Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)).

First, the Court did not "arbitrarily refuse an otherwise timely and allowable summary judgment motion." (Doc. #59, at 3). The Court carefully reviewed defendants' premotion letter and plaintiff's response, as well as the parties' many other submissions regarding discovery, and concluded judicial efficiency was best served by permitting the parties to move for summary judgment only after all discovery is complete.

Second, in rendering its decision, the Court did not "cut[ ] the lines of communication between the court and the litigants." (Doc. #59, at 5). Defendants made a request to move for summary judgment, and the Court set a deadline for them to do so. Put another way, defendants already had an opportunity to persuade the Court they should be permitted to move for summary judgment before the close of fact discovery, and they were unsuccessful.

Accordingly, defendants' motion must be denied.

1

The Clerk is directed to terminate the motion. (Doc. #58).

Dated: September 13, 2022
White Plains, NY

SO ORDERED:

/s/ Vincent L. Briccetti

Vincent L. Briccetti
United States District Judge