# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number: (212) 326-3893
syothers@jonesday.com

November 23, 2022

CM/ECF

Hon. Judith C. McCarthy
United States Magistrate Judge
300 Quarropas Street, Room 421
White Plains, NY 10601-4150

Re:  Hayden v. International Business Machines Corporation, et al., Case No. 7:21-cv-02485-VB

Dear Judge McCarthy:

      Defendants write regarding continuing deficiencies in Plaintiff's privilege logs (logging 1,962 documents). Multiple letters and teleconferences did not resolve these deficiencies (first raised in August). Defendants respectfully request production of any improperly withheld documents and/or *in camera* review by the Court. After Defendants indicated that they would raise the logs with the Court, Plaintiff yesterday said he would review certain documents and consider producing them, but only if Defendants agree to not argue subject matter waiver. Defendants will continue to try to narrow these issues in advance of the December 1 conference, but submit this letter seeking permission to submit under seal highlighted copies of Plaintiff's privilege logs (to identify entries falling into the categories discussed below). Defendants seek to submit the logs under seal because Plaintiff designated those logs as "Confidential" pursuant to the Protective Order (Dkt. 79). The highlighted logs would aid the discussion of any unresolved issues during the upcoming conference.

- **Plaintiff asserts that at least 81 communications between Plaintiff and government agencies are attorney-client privileged (ACP) and/or work product (WP).** Plaintiff argues that the underlying communications are ACP and/or WP and that sharing them with the government did not waive that protection.  There is no plausible basis for this

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Hon. Judith C. McCarthy  
November 23, 2022  
Page 2

JONES DAY

argument; indeed, Plaintiff could not provide any supporting authority for this position and the privilege logs do not provide sufficient information for Defendants to assess these claims.

- **Plaintiff asserts that at least 583 communications involving only non-attorneys are ACP and/or WP.** Despite repeated requests for more information, Plaintiff indicated only that each of these individuals were considering legal claims against IBM, but has not provided Defendants with information that would allow Defendants to meaningfully assess whether these assertions can be supported (such as the relationship of these individuals to the litigation or to each other (other than indicating that some are former IBM employees)). *See* Local Civ. Rule 26.2(a)(2)(A)(iv).

- **Plaintiff's log descriptions fail to comply with applicable law and rules.** *See* Fed. R. Civ. P. 26(b)(5)(A); Local Civ. Rule 26.2; *see also S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 157–58 (S.D.N.Y. 2014) (noting that a party's failure to comply with these rules may result in a waiver of any privilege). Plaintiff's logs include generic descriptions merely referencing ACP or WP or generally stating that the document relates to the litigation. Plaintiff's descriptions do not allow Defendants to meaningfully assess Plaintiff's privilege assertions. This issue is pervasive and only illustrative examples would be highlighted in the logs submitted under seal, if allowed.

Defendants thus request permission to submit under seal highlighted copies of Plaintiff's privilege logs identifying exemplary entries falling into the categories identified above.

Respectfully submitted,

*Stuart W. Yothers*

Stuart W. Yothers

cc: All counsel of record (via CM/ECF)