# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number: (212) 326-3893
syothers@jonesday.com

January 25, 2023

CM/ECF

Hon. Judith C. McCarthy
United States Magistrate Judge
300 Quarropas Street, Room 421
White Plains, NY 10601-4150

Re:  <u>Hayden v. International Business Machines Corporation, et al.</u>, Case No. 7:21-cv-02485-VB

Dear Judge McCarthy:

Further to the Court's January 4 Order (Dkt. 97), Defendants respectfully submit the following update on remaining disputes regarding Plaintiff's privilege logs.

The parties have discussed Plaintiff's privilege logs for over five months. On January 13, Plaintiff produced 823 documents that he had previously withheld as privileged or work product. After reviewing the produced documents and corresponding privilege log entries, Defendants identified several issues with respect to the propriety of Plaintiff's assertions of privilege or work product. For example, Plaintiff logged as either privileged or work product communications with government entities, communications with third parties, communications forwarding publicly-available information like media reports, articles, and blog entries, and communications in which other individuals forward IBM's confidential information to Plaintiff. There does not appear to be a facially plausible claim of attorney-client privilege or work product over many of these documents. Moreover, many of the materials significantly undercut Plaintiff's claims. Yet, Defendants received these documents only as a result of challenging entries on the privilege logs which appeared improper based on the limited information provided therein.

Defendants remain concerned that other documents may be logged based on improper assertions of privilege or work product. These include, but are not limited to: (i) Documents that

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Hon. Judith C. McCarthy  
January 25, 2023  
Page 2

**JONES DAY**

list Plaintiff as the author and that are not shared with anyone else, including those entries that contain the same rote description for hundreds of documents (*see, e.g.,* Dkt. 83-5, Plaintiff's Redacted Log, wherein 347 of the 414 entries contain an identical description); and (ii) communications for which no author or recipients are provided (*see, e.g.*, Dkt. 83-1, Plaintiff's Amended Privilege Log, Entry Nos. 393, 397; Dkt. 83-2, Plaintiff's Supplemental Privilege Log, Entry No. 1058; Dkt. 83-3, Plaintiff's Supplemental Privilege Log 2, Entry No. 1182) or clearly inaccurate dates are provided (*see, e.g.*, Dkt. 83-3, Plaintiff's Supplemental Privilege Log 2, Entry Nos. 1117, 1442).

Following multiple meet and confers and multiple updates to Plaintiff's logs, the recently produced documents reflect that documents have continued to remain on Plaintiff's logs that are not the subject of a proper privilege or work product claim. In such circumstances, this Court has ordered the production of other documents on the privilege log. In *BlackRock Balanced Cap. Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co.*, 2018 WL 3584020 (S.D.N.Y. July 23, 2018), this Court ordered the production of documents on defendant's privilege log where it held that defendant waived privilege over these documents by, *inter alia*, improperly logging non-privileged documents and failing to remedy deficiencies raised by plaintiff and addressed by the Court:

> The Court has given Deutsche Bank multiple opportunities to correct these deficiencies and it has failed to do so. Instead, Deutsche Bank waits until a document is challenged to review whether its privilege designation is correct. And as discussed earlier, when challenged, Deutsche Bank frequently realizes that the privilege was improperly asserted. This stance inappropriately shifts the burden to BlackRock to challenge a privilege assertion when Deutsche Bank should have established why a document was protected in the first place. A privilege log is not an iterative process and the Court will not offer Deutsche Bank another opportunity to follow the rules established in this Circuit. Accordingly, Deutsche

Hon. Judith C. McCarthy  
January 25, 2023  
Page 3

JONES DAY

        Bank has waived its privilege with respect to all documents listed on its privilege log (except as otherwise ruled in this Order) unless it can make a particularized showing as to individual documents that it believes are (1) adequately described on its log and, (2) in fact, privileged. *Id.* at *5.

    Defendants have discussed these concerns with Plaintiff's counsel and, in an effort to reduce the number of documents in dispute, Defendants requested that Plaintiff re-review his logs to produce any documents that are subject to an improper claim of attorney-client privilege and/or work product immunity. Plaintiff declined. Defendants are mindful of the Court's time and have no interest in asking the Court to review hundreds of documents *in camera*. Under the circumstances, however, Defendants believe that a mechanism needs to be discussed to address these issues, and Defendants will be prepared to discuss with the Court on January 27.

    With respect to the 31 documents referenced in the parties' January 4, 2023 update letter (Dkt. 95), Plaintiff today indicated that he will be providing more information regarding these documents, including the relationship of the listed individuals to each other, the litigation, and the claims at issue, and intends to produce certain of these documents in redacted form by Friday, January 27. Defendants request the opportunity to provide the court with an additional update regarding any remaining disputes concerning these documents by February 3.

    We understand that Plaintiff will respond to the above tomorrow, and we apologize that we did not reach agreement on a joint submission for the Court.

                                              Respectfully submitted,

                                             *Stuart W. Yothers*

                                             Stuart W. Yothers

cc:    All counsel of record (via CM/ECF)