# Exhibit 15

# STONE MAGNANINI

## COMPLEX LITIGATION

March 6, 2023

**VIA E-MAIL**

Colleen Noonan Ryan, Esq.
Stuart Yothers, Esq.
JONES DAY
250 Vesey Street
New York, NY 10281-1047
syothers@jonesday.com

Re:   *Gerald Hayden v. International Business Machines Corp., et al*,
      **Civil Case No.: 7:21-CV-02485**

Dear Counsel:

In response to your February 26, 2023 letter and our meet and confer last Thursday, March 2, we write to supply you with additional information you have requested concerning Plaintiff's privilege logs.

First, you have asked why communications withheld as privileged and/or work product involving Messrs. Kusovski, Cummings and Almeida are not waived. These parties sought legal advice and counsel in conjunction with Messrs. Hayden, Bingham, Gotlieb and Cohen. Specifically, Boris Kusovski sought legal advice from Korsinsky & Klein contemporaneously with Plaintiff concerning whistleblower, fraud, and employment claims related to Plaintiff's allegations. Mr. Kusovski retained Korsinsky & Klein on April 19, 2020 to represent him jointly and severally with Hayden, Bingham, Gotlieb, Cohen and Elkaim. Similarly, AML Partners principals Frank Cummings and Jonathan Almeida also sought legal advice and counsel from Korsinsky & Klein at the same time concerning potential claims related to Plaintiff's allegations. Messrs. Cummings and Almeida did not retain the Korsinsky firm, however, and then stopped communicating with them, based on the information we have available.

Second, you have asked us to supply additional information about other attorney names appearing on the privilege logs. As we explained, Plaintiff began to seek legal representation in April 2018. There were several attorneys with whom Plaintiff exchanged emails at different times between April 2018 and July 2020 in order to seek legal advice and representation for potential whistleblower (SEC, IRS, FCA, SOX) claims, fraud and intellectual property misappropriation claims against IBM. Some of these consultations did not involve more than a few emails. Other consultations spanned the course of several months even though no formal retainer agreement was ever signed. We have identified the firms that Plaintiff and his colleagues formally retained. The following is a list of attorneys with whom Plaintiff communicated during certain approximate time periods:

100 Connell Drive, Suite 2200, Berkeley Heights, New Jersey 07922
P 973.218.1111 / F 973.218.1106 / www.stonemagnalaw.com

**April 2018**
    Constantine Cannon LLP
        Phillip Brown, Esq.

**September 2018 through February 2019**
    Hoyer Law Group
        Sean Estes, Esq.

**December 2018**
    Boies Schiller Flexner LLP
        William Marsillo, Esq.
        Kyle Roche, Esq.

**December 2018, February 2019 (formal retention), through January 2020**
    Holwell, Shuster & Goldberg, LLP
        Richard J. Holwell, Esq.
        Michael Shuster, Esq.,
        Scott M. Danner, Esq.
        Vincent Levy, Esq.
        Daniel M. Horowitz, Esq.

**January 2020**
    Saul Ewing
        Michael S. O'Reilly, Esq.

**November 2019 (formal retention), through July 2020**
    Korsinsky & Klein
        Michael Korsinsky, Esq.
        Adam M. Birnbaum, Esq.

**May 2020**
    Bond, Schoeneck and King
        Jessica Copeland, Esq.

**May 2020**
    Lynam Knott PA
        Scott Knott, Esq.

**May 2020**
    Borelli & Associates
        Michael R. Minkoff, Esq.

**May 2020**
    Ray & Counsel, P.C.
        John H. Ray, Esq.

**June 2020**
    Kraus & Zuchlewski, LLP
        Robert Kraus, Esq.

Additionally, as you requested for the documents on the Privilege Logs (including the November 18 Redacted Log) for which Mr. Hayden is listed as the author and which do not reflect any recipients, we are supplying the following information: (a) file extensions (i.e. the type of document); and (b) indication whether each document is a "standalone" document (i.e. not part of a document family (email or non-email). These additions and revisions appear on the revised logs enclosed herewith. We have also revised and supplemented descriptions for documents created by Mr. Hayden prior to February 1, 2019, the month he formally retained Holwell, Shuster & Goldberg; these revised descriptions appear highlighted in yellow. Additionally, some of the documents appearing on these logs have now been produced and we are listing the corresponding bates-number from the production in red on these logs.

Of particular note the following documents appearing on Plaintiff's Privilege Logs with a date prior to February 1, 2019 have now been produced:

| Privilege Log Entry No. | Bates No. |
| --- | --- |
| 1249 | GH_00028332 |
| 1253 | GH_00028327 |
| 1155 | GH_00027772 |
| 1157 | GH_00027778 |
| 1156 | GH_00027773 |
| 1124 | GH_00011940 |
| 1396 | GH_00028730 |
| 1117 | GH_00001556 |
| 1180 | GH_00001556 |
| 1234 | GH_00001556 |

Finally, Plaintiff shall produce the following additional entries pursuant to the Court's 502(d) Order either this evening or tomorrow: 32, 62, 66, and 71.

As we discussed, once you have had a chance to review this information, send us the promised correspondence so that we will know which documents you are objecting to and therefore be able to draft the motion for a protective order as instructed by the Court.

Thank you.

Very truly yours,
*s/ Robert A. Magnanini*
Robert A. Magnanini