# STONE MAGNANINI

## COMPLEX LITIGATION

May 12, 2023

**VIA CM/ECF**
Hon. Judith C. McCarthy, U.S.M.J.
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re: *Hayden v. IBM, et al.,* Case No. 7:21-cv-02485-VB

Dear Judge McCarthy:

Pursuant to the Court's May 5, 2023 minute entry on the docket, on behalf of the parties attached please find a revised civil case discovery plan for the Court's consideration extending all dates sixty (60) days. The parties will work together to complete document production and at least some of the noticed depositions prior to June 28, and to complete the remaining fact discovery by the end of the 60-day period. To the extent that this proves to not be doable, the parties should at a minimum have a better sense of the precise amount of additional time needed by the June 28 conference, and can address that issue at the conference.

Plaintiffs' further position: At the hearing Your Honor observed that the parties were in the best position to revise the scheduling Order given the various disputes still open and the past history of the case. Simply extending the discovery schedule by sixty days does not accomplish this goal. Notwithstanding Defendants' reference to incomplete and out of context comments at earlier status conferences, Plaintiff's view is that a realistic fact discovery schedule would require a five or six month extension, since completing third party and party document discovery based on past experience in the case will take a minimum of 90 days and depositions at least 60 days. This is based on the history of this case. Over 210 days passed between Plaintiff's May 2022 document demands and Defendants' December, 2023 production. Over 53 days have now passed since Plaintiff's March 2023 supplemental document demands; the parties are still meeting and conferring on these demands designed to narrow the products and services alleged to contain Plaintiff's IP. As counsel recently emphasized at the last hearing with the Court, production and review of those documents will be necessary (which review is substantially hampered since Defendants have marked the vast majority of relevant documents "Highly Confidential" and counsel do not have access to the client to review same). Such review is necessary to narrow document demands concerning damages (based on which products are using Plaintiff's IP) which will then need to be served and answered and any objections dealt with. Moreover, the parties are reaching an impasse on IBM's claim to approximately 1,300 privileged documents, and more than a dozen fact witness depositions are on the horizon.

**STONE MAGNANINI**
COMPLEX LITIGATION

Hon. Judith C. McCarthy, U.S.M.J.
May 12, 2023
Page 2

Defendants' response to Plaintiff's further position: Defendants urged that this letter be limited to the first paragraph. There are dozens of discovery letters and numerous court transcripts setting forth the course of discovery in this matter, and the above summary is inaccurate. Defendants reluctantly provide the following brief statement in response to Plaintiff's "further position". There should be no need for a longer extension at this time, and the parties should be able to conclude fact discovery by August 7. Fact discovery has now been ongoing for 554 days. At a status conference nearly two months ago, Plaintiff's counsel advised the Court that "IBM has produced the vast majority of pretty much all the documents I think we need to put our case together." 03/16/23 Tr. at 3:23-4:2. Plaintiff's counsel also represented to the Court that documents from the various non-parties they are representing will be produced by the end of May. 5/5/23 Tr. at 10:4-22. Plaintiff also advised the Court that he will supplement his interrogatory responses (as the Court directed on September 15, 2022) by June 1. In view of the foregoing, the parties should be able to commence, and promptly complete, fact depositions. There is no reason for further delays. To the extent further extensions are supported by good cause, that can be addressed well in advance of the August 7 deadline during the June 28 conference.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

*s/ David S. Stone*
David S. Stone, Esq.
Senior Managing Partner

cc: Stuart W. Yothers, Esq. (via e-mail)
Colleen Noonan Ryan, Esq. (via e-mail)
Jacqueline M. Holmes, Esq. (via e-mail)