# STONE MAGNANINI

## COMPLEX LITIGATION

June 13, 2023

**VIA CM/ECF**
Hon. Judith C. McCarthy, U.S.M.J.
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re: *Hayden v. IBM, et al.,* Case No. 7:21-cv-02485-VB

Dear Judge McCarthy:

  Plaintiff opposes Defendant's pre-motion letter to compel supplemental interrogatory answers and respectfully requests to address this at the upcoming Court conference regarding Plaintiff's further supplemental response to interrogatory No. 12 for reasons set forth below. Defendants' motion letter is moot as to Interrogatory Nos. 1, 4, 5, 9, 10, 15, and 17 because Plaintiff served responses today. Copies of these responses shall be made available to the Court upon request. Plaintiff is completing supplemental responses to Interrogatory Nos. 18 and 24.

  Plaintiff needs assistance from the Court because under the current Protective Order he cannot certify responses to interrogatories that refer to highly confidential documents because he cannot review them. In particular, Interrogatory No. 12 reads, "For each document <u>authored by Defendants</u> You contend incorporates Your alleged trade secrets, identify where in each Document You contend the trade secrets appear." Plaintiff supplemented his response to Interrogatory No. 12 on November 9, 2022; since that date IBM produced over 2 million pages, and designated numerous documents, "Highly Confidential – Attorney's Eyes Only" ("AEO") pursuant to the Court's Protective Order. That designation bars Plaintiff from reviewing AEO documents. Plaintiff's counsel has been reviewing IBM's productions and selecting documents that appear to incorporate Plaintiff's trade secrets; those documents could be responsive to Defendants' Interrogatory No. 12 –

however, since Plaintiff cannot review AEO documents, and since counsel is prohibited from disclosing substantive information on AEO documents to Plaintiff, there is no way for Plaintiff to meaningfully verify a response to this interrogatory.

We raised this issue with Defendants' counsel and explained that since the Protective Order has other measures in place which will ensure the confidentiality of their documents, e.g., a copy of the document cannot be given to a witness only shown to him; only the document for the interrogatory response may be shown; the witness must sign an agreement under threat of contempt; and the protective order permits showing AEO documents to witnesses at depositions, then Defendants should permit Plaintiff to review the documents selected by counsel to verify the response. Defendants refused such an offer and have not proposed any alternative protections.

As explained to Defendants' counsel, Plaintiff is open to entertaining other suggestions that will allow Plaintiff to certify a supplemental response to Interrogatory No. 12, but to date no alternative suggestion has been made other than asking counsel to do so. Counsel can provide answers as to legal theories but cannot in good conscience bind Plaintiff to expert opinions which counsel are not qualified to make. Counsel has offered to supplement this interrogatory through expert opinion once their experts have the opportunity to review IBM's production and will do so, but experts have only just started to review this material and formulate their conclusions.

Plaintiff does not object to supplementing Interrogatory No. 12. He simply objects to being forced to verify that which he cannot review. We submit that the many protections set forth in the Protective Order sufficiently protect IBM against any prejudice. Moreover, other than experts who will weigh in on this matter during expert discovery, and counsel who can make educated guesses about the documents and provide unverified responses, Plaintiff is in the best position to review the documents to confirm whether they contain elements of his trade secrets or not.

Respectfully submitted,
*s/ David S. Stone*
David S. Stone, Esq.
Senior Managing Partner

cc:   Stuart W. Yothers, Esq. (via e-mail)
      Colleen Noonan Ryan, Esq. (via e-mail)
      Jacqueline M. Holmes, Esq. (via e-mail)