# EXHIBIT A

# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number: 2123263893
syothers@jonesday.com

July 3, 2023

BY E-MAIL

David S. Stone, Esq.
Stone & Magnanini LLP
400 Connell Drive, Suite 6200
Berkeley Heights, NJ 07922

Re:   *Hayden v. International Business Machines Corp., et al.*, No. 7:21-cv-02485-VB-JCM

Dear David:

We write regarding Plaintiff's deficient interrogatory responses which were discussed with the Court on June 28.  *See*, *also*, our correspondence of January 19, 2023, April 4, 2023, April 11, 2023, April 25, 2023, June 2, 2023, June 7, 2023, June 12, 2023, and the discussion of Plaintiff's latest responses during the June 28, 2023 conference with the Court.  Please provide us with supplemental responses prior to July 10, 2023 addressing the below deficiencies (which have long been outstanding) and to the extent you do not intend to comply with the Court's September 15, 2022 instructions by July 10, 2023, provide us with a time that you available to meet and confer before then.

As an initial matter, on April 19, 2023, you purported to incorporate various documents by reference "as supplementing Plaintiff's responses to Interrogatories 6, 12, 13, and 14." As we wrote to you previously, this is neither appropriate nor sufficient. *See*, *e.g.*, *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2021 WL 5336970, at *1 (S.D.N.Y. Oct. 21, 2021) ("Answers to interrogatories that incorporate other documents by reference are strongly disfavored.") (internal citation omitted); *Trueman v. New York State Canal Corp.*, 2010 WL 681341, at *3 (N.D.N.Y. Feb. 24, 2010) ("Reference to depositions, other answers to the interrogatories, other document production, the complaint itself, or any other documents are improper and thus unresponsive."). Please supplement Plaintiff's responses to Interrogatories Nos. 6, 12, 13 and 14 to cite the respective specific Bates Nos. and have those responses verified by Plaintiff.  Additionally, please correct Plaintiff's reference to other interrogatories and answer each interrogatory completely.

1. **Defendants' Interrogatory No. 10**

On September 15, 2022, the Court indicated that to the extent plaintiff has not clearly identified the date of conception and development and influence of his prior work experience on

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

David S. Stone, Esq.
July 3, 2023
Page 2

his IP, he has to supplement his response to Defendants' Interrogatory No. 10. Tr. at 54:21-55:11, reproduced here:

> But if the, what was unclear to me and I don't, because I don't have the deposition testimony before me, is whether he provided, whether he provided clear answers to the date of conception and development and the influence of his prior work experience on his IP. If he has not done that, he has to supplement his interrogatory response to include a clear answer to the date of conception and development and influence of his prior work experience on his IP. And looking at *Anhuikonka Green Lighting Co. v. Green Logic*, which is 2020 WL 574358 at *2, another Southern District case, September 25, 2020, that was affirmed, 2021 WL 4264033. Also *Miles v. New York Health and Racquet Club*, 1987 WL 9431 at *5 (S.D.N.Y. Apr. 7, 1987).

Plaintiff's response continues to be vague and non-responsive:

> Hayden maintains that all of the elements of his trade secrets and confidential IP which he claims were misappropriated in this case were invented *no later than the date of that deck*, May 2011, and summarized in that deck. Hayden did however at the same time also have *other aspects of his trade secret which he invented as of May 2011 that he kept to himself* and only disclosed when he explained his trade secret in detail during the various in-person presentations he made when he used his powerpoint slides.

This response does nothing to indicate when Plaintiff conceived of each purported trade secret that he alleges was misappropriated, nor does it identify when each was allegedly fully developed – instead, the response purports that some of the allegedly misappropriated trade secrets have been "kept to himself" and not even set forth in his responses.

To the extent you believe Plaintiff adequately provided responsive information in his deposition, please identify the page and line numbers upon which Plaintiff relies. We have not identified sufficient identification of this information to date, and Plaintiff should supplement his response to Interrogatory No. 10 accordingly.

### 2. **Defendants' Interrogatory No. 12**

Defendants' Interrogatory No. 12 asks Plaintiff to "identify where in each Document You contend the trade secrets appear." Plaintiff's November 9, 2022 response largely made generic references, such as "in description of functionality and features" or "in discussions re components of Cognitive Enterprise, intelligent workflows and customer experience, and

David S. Stone, Esq.
July 3, 2023
Page 3

platforms." These generic responses fail to identify where in each Document Plaintiff contends the trade secrets appear. Defendants provided a specific example of this deficiency in their June 8, 2023 letter to the Court: "Plaintiff's identification of www.ibm.com/cloud-paks and directing Defendants to 'descriptions of functionality and features.'" Plaintiff's November 9, 2022 Supplemental Response to Interrogatory No. 12 at 2.e. This problem continues to be prevalent in Plaintiff's June 27, 2023 Supplemental Response to Interrogatory No. 12, which only mentions "Cloud Paks" once in the response (at line 18) and leaves blank the portion of the response that is supposed to identify where Plaintiff contends his trade secrets appear in the cited document. Plaintiff must drop his allegations against Cloud Paks or answer this interrogatory completely. Defendants must be informed as to what it is that Plaintiff alleges to incorporate his trade secrets (and how and where) so that they may prepare their defense.

Plaintiff's continued refusal to provide a complete response to this interrogatory has made it impossible for Defendants to prepare their defense, and has certainly made it impossible for any court or jury to evaluate the scope of his claims.

### 3. **Defendants' Interrogatory Nos. 13 and 14**

On September 15, 2022, the Court directed Plaintiff to supplement his response to Defendants' Interrogatory No. 13 if more information is obtained during discovery. Tr. at 53:19-54:2 ("I think that there may be documents that come out from defendants that will allow the plaintiffs to respond more sufficiently to those so I do want them to revisit them at that time."). Specifically, Defendants' Interrogatory No. 13 seeks Plaintiff's contentions regarding paragraph 173 of the FAC, in which Plaintiff alleges that "IBM also misappropriated Hayden's A2E by incorporating the methodology, without Hayden's knowledge or consent, into its products and services, including but not limited to IBM Hybrid Cloud, IBM Cloud for Financial Services, Cloud Pak 4 Data, IBM Cognitive Enterprise, Business Process Platform, Salesforce, and consulting services, among others." During the March 16, 2023 conference with the Court, Mr. Magnanini shared that "I think we have both a chronology and a path of what we think happened." Tr. at 4:1-2. Given this representation and the volume of documents produced in the last seven months, Plaintiff should supplement his response to Interrogatory No. 13 accordingly. Plaintiff relies on his response to this interrogatory in responding to Interrogatory No. 14. Thus, Plaintiff should additionally supplement his response to Interrogatory No. 14 (and in particular to fix his improper cross-referencing among interrogatory responses).

### 4. **Defendants' Interrogatory No. 15**

On September 15, 2022, the Court directed Plaintiff to supplement his response to Interrogatory No. 15 based on the information available to him, including referring to pages and

JONES DAY

David S. Stone, Esq.
July 3, 2023
Page 4

lines of his deposition testimony and the specific documents produced addressing this interrogatory. 09/15/22 Tr. at 58:15-20, reproduced here:

> Plaintiff is further directed to supplement his response to interrogatory number 15 and 18 based on the information currently available to him, ***including referring to pages and lines of his deposition testimony and the specific documents already produced that address these interrogatories***.

Plaintiff's June 13, 2023 Supplemental Response to Interrogatory No. 15 does not identify any deposition testimony, and it does not identify any specific production documents. Please supplement Plaintiff's response to do so.

### 5. Defendants' Interrogatory No. 17

On September 15, 2022, the Court directed Plaintiff to supplement his response to Interrogatory No. 17. Tr. at 55:25-56:6, reproduced here:

> Plaintiff's supplemental response to interrogatory number 17 is not sufficient because this does not appear to directly address the value of plaintiff's alleged trade secret, including the amount of time and effort and the cost of development, therefore, plaintiff is directed to supplement his response to interrogatory number 17.

Plaintiff's June 13, 2023 Supplemental Response to Interrogatory No. 17 does not describe in detail the value of each alleged trade secret.  Instead, it says "[t]he value of Plaintiff's trade secret depends on the ability to use it to consult with companies to assist them with digital transformation and sell them the products and services necessary to transform in accordance with the trade secret's model."  The response also fails to specify the amount of time, effort, and costs of developing each alleged trade secret and the value, actual or potential, from not being generally known to or ascertainable by another person.  Instead, it says "Plaintiff's responses to Interrogatory No. 1 and 5 describe the amount of time, effort and costs of developing his trade secrets."  They do not, and for the reasons discussed above, this is an improper way for Plaintiff to answer this interrogatory.  Please supplement the response to provide the information requested by the interrogatory and ordered to be provided by the Court on September 15, 2022.

### 6. Defendants' Interrogatory No. 18

On September 15, 2022, the Court directed Plaintiff to supplement his response to Interrogatory No. 18 based on the information available to him, including referring to pages and lines of his deposition testimony and the specific documents produced addressing this interrogatory. 09/15/22 Tr. at 58:15-25, reproduced here:

JONES DAY

David S. Stone, Esq.
July 3, 2023
Page 5

      Plaintiff is further directed to supplement his response to interrogatory number 15 and 18 based on the information currently available to him, including referring to pages and lines of his deposition testimony and the specific documents already produced that address these interrogatories. Plaintiff may supplement said responses as he deems appropriate after expert discovery. Further, ***plaintiff must stress how defendants interfered with the specific deals enumerated in defendants' interrogatory number 18***.

Plaintiff's June 27, 2023 Supplemental Response to Interrogatory No. 18 does not identify any deposition testimony. Please supplement Plaintiff's response to do so. Moreover, Plaintiff's June 27, 2023 Supplemental Response to Interrogatory No. 18 does not set forth how Defendants purportedly interfered with the specific deals enumerated in Defendants' Interrogatory No. 18 (which are the deals discussed in Plaintiff's First Amended Complaint). Please supplement Plaintiff's response to do so.

    **7.**   **<u>Defendants' Interrogatory No. 24</u>**

      None of the Counts set forth in Plaintiff's FAC (Dkt. 4) mention the word "patent." Yet, in opposing Plaintiff's letter motion seeking to submit a summary judgment motion (Dkt. 35), Plaintiff told the Court that "Plaintiff alleges he is entitled to royalties from patents on which he should have been identified as a co-inventor; this would be the case regardless if he has a protectable trade secret." Dkt. 40. That allegation is nowhere in Plaintiff's FAC. And, now, in Plaintiff's June 27, 2023 response to an interrogatory seeking the "[i]denti[t]y [of] all patents and patent applications assigned to IBM on which You allege You should have been named as an inventor," Plaintiff continues to allege that he cannot identify any patent numbers. For the reasons discussed with the Court during the June 28, 2023 conference, Plaintiff must supplement his response to Interrogatory No. 24 to specify the bases for his claims.

              \*     \*     \*

      To the extent Plaintiff will not provide the above-discussed information on or before July 10, 2023 (so that we can evaluate that information and confirm any need to seek the Court's further assistance on July 12, 2023), please provide your availability for a meet and confer.

                                                      Sincerely,

                                                      */s/ Stuart W. Yothers*

                                                      Stuart W. Yothers