# STONE MAGNANINI

## COMPLEX LITIGATION

September 5, 2023

**CM/ECF**
Hon. Judith C. McCarthy
United States Magistrate Judge
300 Quarropas Street, Room 421
White Plains, NY 10601-4150

Re: *Hayden v. International Business Machines Corp., et al.*, 7:21-cv-02485-VB-JCM

Dear Judge McCarthy:

    We are writing to update the Court as to certain developments in the case which make it unlikely if not impossible to end all fact discovery by the current October 6, 2023 date. We also write as to other relief we may be requesting from the Court in order to complete discovery.

    At the last status conference, Defendants' counsel advised the Court of the six depositions that Defendants were seeking but omitted the ten that Plaintiff had noticed. Those depositions are ongoing, and several will be completed or set when we meet with the Court. However, on August 29, 2023, after fact depositions had begun, Defendants served a "First Supplemental Initial Disclosure" (Ex. 1) disclosing a total of 21 individuals not named in their original Initial Disclosure (Ex. 2). Although certain of these witnesses had been previously been known to Plaintiff, no fewer than six of these individuals had never been identified as deposition witnesses, custodians, or persons with relevant knowledge. Plaintiff has requested the depositions of these newly disclosed individuals to the extent Defendants intend to reserve the right to offer testimony from these witnesses at trial, as well as to avoid surprise. Plaintiff has also requested Defendants run the search terms previously ordered by the Court in the ESI of these recently disclosed individuals and produce responsive documents. Defendants have so far refused to agree to either request. To the extent that

Defendants continue to refuse to produce these additional witnesses, but reserve the right to call them at trial, Plaintiff will be forced to ask for intervention by the Court. *See Coene v. 3M Co., 303 F.R.D. 32, 47* (W.D.N.Y. 2014) (noting that the rules permit exclusion of testimony but permitting late disclosure of fact witness if there was "sufficient time to permit [the other party] *to take [the late-disclosed witness's] deposition or to seek an extension of the discovery deadlines*" )(emphasis added)).

In addition, three witnesses on Plaintiff's list are no longer employed by IBM, and Jones Day has told us they cannot produce them and they need to be subpoenaed. As least one of these non-parties, Tom Eck, appears to be evading service. Mr. Eck is a key witness who met with Mr. Hayden and developed IBM's Open Banking Platform. Plaintiff may need to ask the Court to approve alternative service for Mr. Eck and perhaps other witnesses. In addition, as we detailed at the last conference, on August 17, 2023, Plaintiff served his final set of Supplemental Request for Documents which covers remaining issues including damages and product architectures for the accused products. Defendants have not yet responded to these document requests. As requested by the Court, Plaintiff has sought to narrow his requests as discovery has proceeded. In particular, although evidence shows IBM used its Open Banking Platform developed by Eck after meeting with Hayden as a template for all industries, Hayden has limited his damages discovery to damages relating to the use of Hayden's IP with banking and financial services companies. IBM has not yet produced any of this discovery, and Plaintiff will be substantially prejudiced if forced to complete all of his depositions including his 30(b)(6) deposition without the documents requested from Defendants. Moreover, Plaintiff's experts cannot begin to prepare their reports until all depositions are concluded and all documents are received and reviewed. Plaintiff has also served third-party subpoenas seeking documents from ten non-parties. None has produced documents to date, and

several have objected, asked to meet and confer, or requested extensions of time. Finally, Defendants have objected to many topics in Plaintiff's Amended 30(b)(6) Notice (Ex. 3) scheduled for Oct 5 and 6, and offered meet and confers on others instead. Based on all of the foregoing, Plaintiff believes it will be impossible to complete fact discovery before the October 6 deadline and that some reasonable extension that allows completion of productions and all pending depositions is necessary. Failure to do so will substantially prejudice the Plaintiff's case and his experts' ability to issue reports.

Respectfully,

*/s/ David S. Stone*
David S. Stone
Counsel for Plaintiff