# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERALD HAYDEN,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, PABLO SUAREZ and SHANKER RAMAMURTHY,<br><br>　　　Defendants. | Case No. 7:21-CV-02485-VB<br><br>**DEFENDANTS' INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26** |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants International Business Machines Corporation ("IBM"), Pablo Suarez ("Suarez"), and Shanker Ramamurthy ("Ramamurthy") (collectively, "Defendants") provide these initial disclosures ("Initial Disclosures").

Defendants provide these Initial Disclosures subject to and without waiving: (i) any applicable privilege, doctrine, or right including, without limitation, the attorney client privilege and the work product doctrine; (ii) the right to object on the grounds of competency, relevancy, materiality, hearsay, undue burden, or any other proper ground, to the use of any such information for any purposes, in whole or in part, in this action or any other action or proceeding; and (iii) the right to object on any and all grounds at any time to any other discovery request or proceeding involving or relating to the subject matter of these disclosures in any proceeding in this action or in any other action.  Defendants note that their disclosure obligation is limited by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and any governing case law.

These Initial Disclosures are based upon the information presently known and available to Defendants following a reasonably diligent investigation and based on Defendants' current

understanding of Plaintiff's claims and Defendants' defenses. Because this case is in its early stages and Defendants' investigation is ongoing, Defendants reserve the right to amend, supplement, modify or withdraw any portion of these disclosures. These disclosures are made without prejudice to Defendants' rights to produce, during discovery or at trial, additional information or documents that are (i) subsequently discovered; (ii) subsequently determined to be relevant for any purpose; or (iii) subsequently discovered to have been omitted from these disclosures.

By making these disclosures, Defendants do not represent that they are identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Further, Defendants note that persons who are not now associated with or employed by IBM may have relevant information. Defendants are not purporting in the following disclosures to make disclosures on behalf of, or based on the information available to, all such persons.

Defendants provide the disclosures contained herein, and in any subsequent amended or supplemental disclosures, subject to the above objections and qualifications.

i. **The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Based on the information currently available to Defendants, the individuals listed below are likely to have knowledge of relevant facts. Persons that are identified as being affiliated with Defendants should only be contacted through Defendants' counsel of record. Defendants do not consent to or authorize communications with current or former employees of IBM or its affiliates, or with individuals and entities represented by attorneys. Defendants expressly reserve the right to supplement, modify, withdraw or otherwise amend the list below as the case progresses.

| Witness | Status | Location | Area of Knowledge |
|---|---|---|---|
| Gerald Hayden | Plaintiff | Connecticut | |
| Pablo Suarez | Named Defendant and IBM's Senior Partner—Global Industry Lead FSS Centers of Competence & Banking Innovation Units, Financial Services Sector, IBM Services | IBM (contact through IBM counsel of record) | May have knowledge concerning Plaintiff's employment with IBM, and Plaintiff's communications while at IBM. |
| Shanker Ramamurthy | Named Defendant and IBM's Global Managing Partner for Banking | IBM (contact through IBM counsel of record) | May have knowledge concerning Plaintiff's employment with IBM, and Plaintiff's communications while at IBM. |
| Yet to be identified third parties to whom Plaintiff's alleged trade secrets were disclosed | | | May have knowledge concerning Plaintiff's alleged trade secrets. |

In addition to the disclosures identified above, Defendants state that there may be other individuals who are likely to have knowledge of relevant facts.  Such individuals may include:

- Individuals and entities disclosed in Plaintiff's initial disclosures and related amendments/supplements;

- Individuals that either Plaintiff or Defendants depose;

- Testifying experts designated by Defendants and Plaintiff; and

- Individuals and entities identified in a third-party subpoena issued by any party.

Defendants incorporate by reference in these disclosures the names of any and all persons (including individuals and entities) disclosed by the Plaintiff.  Defendants further incorporate by reference the names of any and all persons (including individuals and entities) identified by

Plaintiff in any Responses to any Interrogatories, Responses to Document Requests or Responses to Requests for Admission.

The above identifications are not intended to be exhaustive.  By making these disclosures, Defendants make no representation as to their control over any non-IBM employee.

ii. **A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Defendants identify the following categories of documents that they have in their possession, custody, or control and may use to support their claims or defenses, unless the use would be solely for impeachment:

1. Documents relating to Plaintiff's employment at IBM, including applicable employment policies;

2. Documents relating to Plaintiff's communications with IBM employees;

3. Documents relating to Plaintiff's communications with potential and actual IBM clients;

4. Financial documents relating to IBM's products and services; and

5. All materials on which Defendants' witnesses or experts may rely.

Defendants' search for documents that they may use to support their claims and defenses in this litigation is ongoing, and Defendants reserve the right to supplement this disclosure pursuant to Fed. R. Civ. P. 26(e).  Documents described above are located in (or accessible from) IBM's offices in New York and/or at the offices of Defendants' outside counsel in this litigation.  The disclosures made herein are based upon the information reasonably available at the time of these disclosures and based upon the current state of the action.  Defendants reserve the right to rely on any documents produced by Plaintiff or any third party during the course of this action regarding

the above identified topics and the topics of Defendants' discovery requests.  Defendants further reserve the right to amend and supplement these disclosures as warranted by the Federal Rules of Civil Procedure and court orders.

iii. **A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Defendants do not currently seek damages.  Accordingly, Defendants cannot make a computation of damages at this time. However, Defendants seek all costs and expenses incurred by Defendants to defend this case, including reasonable attorney's fees.  These costs, expenses and fees are yet to be determined.  Defendants dispute that Plaintiff is entitled to recover any damages in this case or any other relief whatsoever.

iv. **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

At this time, and to the extent that Defendants understand Plaintiff's claims, Defendants are not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: November 10, 2021           Respectfully submitted,
       New York, New York

/s/ *Jacqueline Holmes*
Jacqueline Holmes (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3620
Facsimile: (202) 626-1700
Email: jholmes@jonesday.com

/s/ *Stuart W. Yothers*
Stuart W. Yothers
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3893
Facsimile: (212) 755-7306
Email: syothers@jonesday.com

*Attorneys for Defendant International Business Machines Corporation, Pablo Suarez, and Shanker Ramamurthy*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2021, a true and correct copy of the foregoing document was served via electronic mail upon all counsel of record.

*/s/ Stuart W. Yothers*
Stuart W. Yothers (SY2001)
