# EXHIBIT 3

# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number: +1.212.326.3893
syothers@jonesday.com

September 5, 2023

VIA ELECTRONIC MAIL

David S. Stone, Esq.
Stone & Magnanini LLP
400 Connell Drive, Suite 6200
Berkeley Heights, NJ 07922

Re:   *Hayden v. International Business Machines Corp., et al.*, No. 7:21-cv-02485-VLB-JCM

Dear David:

     I write regarding Plaintiff's August 31, 2023 Amended Notice of Rule 30(b)(6) Deposition of Defendant, where Plaintiff identified 28 topics ("Topics") for which he seeks testimony from one or more corporate representatives. Set forth below are objections and/or requests for clarification that we should discuss today or tomorrow, as we plan to raise with the Court by Thursday any remaining issues so that they can be resolved on September 13. As an initial matter, IBM objects to all 28 of the Topics to the extent they were served late in discovery, only 36 days before the close of fact discovery in this matter (leaving little time to object and/or identify and prepare a witness(es)), and to the extent most are sweepingly overbroad and improper in scope for a Rule 30(b)(6) deposition.

**Topic No. 1:**  YOUR decisions to hire and terminate Plaintiff Gerald Hayden.

     **Response to Deposition Topic No. 1**: IBM objects to this Topic to the extent that it seeks testimony from a corporate representative and insofar as it seeks testimony about the decision to hire Plaintiff.  Plaintiff has already noticed Mr. Suarez's deposition, who Plaintiff personally named as a party to this action, and Mr. Suarez can testify at his deposition about the reason(s) that he selected Plaintiff for termination in the Resource Action that impacted Plaintiff. IBM will not designate a corporate representative to testify about this Topic.

**Topic No. 2:**  YOUR training, orientation, and onboarding for new IBM employees generally and Plaintiff Gerald Hayden specifically, in November 2015, concerning, without limitation, policies related to protection of intellectual property, confidential or proprietary information, or trade secret(s), including any specific discussions or instructions with Plaintiff about IBM's Agreement Regarding Confidential Information, Intellectual Property and Other Matters (IBM-HAYDEN- 000234278), his preparation of that form, and the information he listed on that that form.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

David S. Stone, Esq.
September 5, 2023
Page 2

**Response to Deposition Topic No. 2**:  IBM objects to this Topic because it seeks information from seven years ago, Plaintiff, himself, is unable to identify who he spoke with during his orientation, and the individuals who conducted new employee orientations in November 2015, when Plaintiff joined IBM, are no longer employed by IBM. IBM produced documents used to facilitate new employee orientations in November 2015, including the script used by the facilitators of Plaintiff's training.  Those documents are the best source of information on this Topic.  Without waiving the foregoing objections, IBM agrees to designate a witness to discuss the documents and procedures that IBM employees conducting new employee orientation in November 2015 used to facilitate the orientation.

**Topic No. 3:**  IBM's policies regarding the protection of IBM's and its employees' intellectual property, including IBM's Form Agreement Regarding Confidential Information, Intellectual Property and Other Matters (e.g. IBM-HAYDEN-000234278), and specifically whether IBM has ever licensed employee intellectual property, the circumstances under which it has done so, and whether IBM has ever terminated any employees for using the IP of other IBM employees.

**Response to Deposition Topic No. 3:** IBM objects to this Topic because it is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks information regarding "whether IBM has ever licensed employee intellectual property, the circumstances under which it has done so, and whether IBM has ever terminated any employees for using the IP of other IBM employees."  A deposition notice pursuant to Rule 30(b)(6) "must describe with reasonable particularity the matters for examination." Plaintiff already testified that he never talked with anyone in IBM's intellectual property and licensing department about licensing A2E or EERT. Pl. Dep. Tr. at 120:14-122:25. Whether IBM ever licensed any other employee's intellectual property is irrelevant to Plaintiff's claims. Moreover, your request that IBM investigate whether any employee at any time in any location under any circumstances licensed intellectual property is unreasonable and overly burdensome, if not impossible. Similarly, IBM does not have a reasonable way to search the reasons for which every other IBM employee who was ever terminated was terminated, nor is it relevant to Plaintiff's claims. IBM's Agreement Regarding Confidential Information, Intellectual Property and Other Matters is a legal document that speaks for itself. Matters of contract interpretation are not the proper subject of a 30(b)(6) deposition. Without waiving the foregoing objections, IBM is willing to meet and confer to see if a non-objectionable scope of testimony can be identified.

**Topic No. 4:**  IBM's policies with respect to the assignment of Billing and Pursuit Code ("B&P Code"), engagement code, collaboration rules, and/or entitlement for bonuses during the period of November 2015 to the date of the Complaint.

**Response to Deposition Topic No. 4:** IBM objects to this Topic as vague, ambiguous, and failing to specify with sufficient particularity the testimony sought due to its use of the

David S. Stone, Esq.
September 5, 2023
Page 3

terms "engagement code, collaboration rules, and/or entitlement for bonuses."  IBM further objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony about policies that did not apply to Plaintiff while employed by IBM.  IBM produced documents explaining its Bid and Proposal (B&P) code. Despite the foregoing, IBM will designate a corporate representative to testify about IBM's policies that applied to Plaintiff regarding (a) the assignment of B&P Code and (b) his eligibility for bonuses.

**Topic No. 5:**  YOUR decision to terminate Plaintiff Gerald Hayden and Daniel Gotlieb.

**Response to Deposition Topic No. 5:**  IBM objects to this Topic as overbroad, unduly burdensome, irrelevant, and duplicative of Topic No. 1.  In particular, IBM objects to Topic No. 5 insofar as it seeks testimony on Mr. Gottlieb's termination, which is irrelevant to Plaintiff's claims.  IBM further objects to this Topic to the extent that it seeks testimony from a corporate representative about the decision to terminate Plaintiff's employment.  As stated in its Response to Topic No. 1, *supra*, Mr. Suarez can testify as to the reason(s) that Plaintiff was selected for termination in the Resource Action that impacted him.  IBM will not designate a corporate representative to testify about this Topic.

**Topic No. 6:**  IBM's plans or efforts to build a "SuperCRM," using customer data from sources on a hybrid cloud.

**Response to Deposition Topic No. 6:**  IBM objects to this Topic because the terms "Super CRM" "efforts" and "plans" are vague and undefined. IBM also objects to the Topic as overbroad because it lacks any temporal limitation whatsoever. This Topic as currently drafted lacks sufficient particularity, and does not allow IBM to fairly identify or prepare a witness in response. IBM will not designate a witness to testify about this Topic.

**Topic No. 7:**  IBM's Cloud for Financial Services generally and specifically, each of the following:

        a.    Initial conception of idea;
        b.    Development;
        c.    Features and Functions, and modifications;
        d.    Marketing;
        e.    Costs;
        f.    Revenues; and
        g.    Royalties.

**Response to Deposition Topic No. 7:** IBM objects to this Topic because it is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks

David S. Stone, Esq.
September 5, 2023
Page 4

testimony regarding "IBM's Cloud for Financial Services" and all of its developments, features, functions, modifications, marketing, costs, revenue, and royalties. It is also vague and ambiguous because "Cloud for Financial Services" is undefined. IBM responds consistent with its own understanding of this term. A deposition notice pursuant to Rule 30(b)(6) "must describe with reasonable particularity the matters for examination." It is not possible for IBM to designate and prepare a witness to testify on all of the developments, features, functions, modifications, marketing, costs, revenues, and royalties for a product for all time and over all iterations. IBM was directed to produce hundreds of thousands of documents to Plaintiff. Plaintiff should be able to particularly specify any development, feature, function, or modification for which he seeks testimony. This is not the stage of the case for Plaintiff to continue pursuing his wildly overbroad fishing expedition. Identify the features and/or functions that are allegedly relevant to Plaintiff's claims, and it might be possible to identify an individual to address those feature(s) and/or function(s) and their development. Plaintiff continues to impermissibly pursue discovery on every single feature, every single function, every single modification, every single cost, etc. That is not the proper subject of a 30(b)(6) deposition, which must identify with reasonable particularity the matters for examination. Without waiving the foregoing objections, IBM is willing to meet and confer to see if a non-objectionable scope of testimony can be identified.

**Topic No. 8:** IBM's Open Banking Platform generally and specifically, each of the following:

    a.    Initial conception of idea;
    b.    Development;
    c.    Features and Functions, and modifications;
    d.    Marketing;
    e.    Costs;
    f.    Revenues; and
    g.    Royalties.

**Response to Deposition Topic No. 8:** IBM objects to this Topic because it is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks testimony regarding "IBM's Open Banking Platform" and all of its developments, features, functions, modifications, marketing, costs, revenue, and royalties. It is also vague and ambiguous because "Open Banking Platform" is undefined. IBM responds consistent with its own understanding of this term. A deposition notice pursuant to Rule 30(b)(6) "must describe with reasonable particularity the matters for examination." It is not possible for IBM to designate and prepare a witness to testify on all of the developments, features, functions, modifications, marketing, costs, revenues, and royalties for this product for all time and over all iterations. IBM was directed to produce hundreds of thousands of documents to Plaintiff. Plaintiff should be able to particularly specify any development, feature, function, or modification for which he seeks testimony. This is not the stage of the case for Plaintiff to continue pursuing his wildly

JONES DAY

David S. Stone, Esq.
September 5, 2023
Page 5

overbroad fishing expedition. Identify the features and/or functions that are allegedly relevant to Plaintiff's claims, and it might be possible to identify an individual to address those feature(s) and/or function(s) and their development. Plaintiff continues to impermissibly pursue discovery on every single feature, every single function, every single modification, every single cost, etc. That is not the proper subject of a 30(b)(6) deposition, which must identify with reasonable particularity the matters for examination. Without waiving the foregoing objections, IBM is willing to meet and confer to see if a non-objectionable scope of testimony can be identified.

**Topic No. 9:** IBM's Cloud Pak products generally and specifically, each of the following for Cloud Pak for Data, Cloud Pak for Integration, Cloud Pak for MultiCloud Management, Cloud Pak for Security, Cloud Pak for Watson AIOps, Cloud Pak for Applications, Cloud Pak for Network Automation, Cloud Pak for Automation:

      a.    Initial conception of idea;
      b.    Development;
      c.    Features and Functions, and modifications;
      d.    Marketing;
      e.    Costs;
      f.    Revenues; and
      g.    Royalties.

**Response to Topic No. 9**: IBM objects to this Topic because it is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks testimony regarding "IBM's Cloud Pak products generally and specifically" as well as "Cloud Pak for Data, Cloud Pak for Integration, Cloud Pak for MultiCloud Management, Cloud Pak for Security, Cloud Pak for Watson AIOps, Cloud Pak for Applications, Cloud Pak for Network Automation, [and] Cloud Pak for Automation" and all of their developments, features, functions, modifications, marketing, costs, revenue and royalties. It is also vague and ambiguous because "IBM's Cloud Pak" "Cloud Pak for Data," "Cloud Pak for Integration," "Cloud Pak for MultiCloud Management," "Cloud Pak for Security," "Cloud Pak for Watson AIOps," "Cloud Pak for Applications," "Cloud Pak for Network Automation," and "Cloud Pak for Automation" are undefined.  IBM responds consistent with its own understanding of these terms.  A deposition notice pursuant to Rule 30(b)(6) "must describe with reasonable particularity the matters for examination." It is not possible for IBM to designate and prepare a witness to testify on all of the developments, features, functions, modifications, marketing, costs, revenues, and royalties for a product, let alone eight products, for all time and over all iterations. IBM was directed to produce hundreds of thousands of documents to Plaintiff. Plaintiff should be able to particularly specify any development, feature, function, or modification for which he seeks testimony.  This is not the stage of the case for Plaintiff to continue pursuing his wildly overbroad fishing expedition. Identify the features and/or functions that are allegedly relevant to Plaintiff's claims, and it might

JONES DAY

David S. Stone, Esq.
September 5, 2023
Page 6

be possible to identify an individual to address those feature(s) and/or function(s) and their development. Plaintiff continues to impermissibly pursue discovery on every single feature, every single function, every single modification, every single cost, etc. That is not the proper subject of a 30(b)(6) deposition, which must identify with reasonable particularity the matters for examination. Without waiving the foregoing objections, IBM is willing to meet and confer to see if a non-objectionable scope of testimony can be identified.

**Topic No. 10:** IBM's Cognitive Enterprise generally and specifically, each of the following:

   a. Initial conception of idea;
   b. Development;
   c. Features and Functions, and modifications;
   d. Marketing;
   e. Costs
   f. Revenues; and
   g. Royalties.

**Response to Topic No. 10:** IBM objects to this Topic because it is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks testimony regarding "IBM's Cognitive Enterprise" and all of its developments, features, functions, modifications, marketing, costs, revenue, and royalties. It is also vague and ambiguous because "Cognitive Enterprise" is undefined. IBM responds consistent with its own understanding of this term. A deposition notice pursuant to Rule 30(b)(6) "must describe with reasonable particularity the matters for examination." It is not possible for IBM to designate and prepare a witness to testify on all of the developments, features, functions, modifications, marketing, costs, revenues, and royalties for a product for all time and over all iterations. IBM was directed to produce hundreds of thousands of documents to Plaintiff. Plaintiff should be able to particularly specify any development, feature, function, or modification for which he seeks testimony. This is not the stage of the case for Plaintiff to continue pursuing his wildly overbroad fishing expedition. Identify the features and/or functions that are allegedly relevant to Plaintiff's claims, and it might be possible to identify an individual to address those feature(s) and/or function(s) and their development. Plaintiff continues to impermissibly pursue discovery on every single feature, every single function, every single modification, every single cost, etc. That is not the proper subject of a 30(b)(6) deposition, which must identify with reasonable particularity the matters for examination. Without waiving the foregoing objections, IBM is willing to meet and confer to see if a non-objectionable scope of testimony can be identified.

**Topic No. 11:** IBM Intelligent Workflows products or solutions, generally and specifically, each of the following for IBM Cloud Paks, Planning Analytics, Cognos Analytics, Watson Studio, Watson Discovery, Watson Assistant:

David S. Stone, Esq.
September 5, 2023
Page 7

        a.    Initial conception of idea;
        b.    Development;
        c.    Features and Functions, and modifications;
        d.    Marketing;
        e.    Costs;
        f.    Revenues; and
        g.    Royalties.

**Response to Topic No. 11:** IBM objects to this Topic because it is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks testimony regarding "IBM Intelligent Workflows products or solutions" and "IBM Cloud Paks, Planning Analytics, Cognos Analytics, Watson Studio, Watson Discovery, Watson Assistant" and all of its developments, features, functions, modifications, marketing, costs, revenue, and royalties. It is also vague and ambiguous because "IBM Intelligent Workflows products or solutions," "IBM Cloud Paks," "Planning Analytics," "Cognos Analytics," "Watson Studio," "Watson Discovery," "Watson Assistant" are undefined. IBM responds consistent with its own understanding of these terms. A deposition notice pursuant to Rule 30(b)(6) "must describe with reasonable particularity the matters for examination." It is not possible for IBM to designate and prepare a witness to testify on all of the developments, features, functions, modifications, marketing, costs, revenues, and royalties for a product, let alone for six products, for all time and over all iterations. IBM was directed to produce hundreds of thousands of documents to Plaintiff. Plaintiff should be able to particularly specify any development, feature, function, or modification for which he seeks testimony. This is not the stage of the case for Plaintiff to continue pursuing his wildly overbroad fishing expedition. Identify the features and/or functions that are allegedly relevant to Plaintiff's claims, and it might be possible to identify an individual to address those feature(s) and/or function(s) and their development. Plaintiff continues to impermissibly pursue discovery on every single feature, every single function, every single modification, every single cost, etc. That is not the proper subject of a 30(b)(6) deposition, which must identify with reasonable particularity the matters for examination. Without waiving the foregoing objections, IBM is willing to meet and confer to see if a non-objectionable scope of testimony can be identified.

**Topic No. 12:** Market analyses, analyses of competitors, and Return on Investment (ROI) or download reports (e.g., IBM-HAYDEN-001644311) concerning IBV papers related to Cognitive Enterprise or Intelligent Workflows).

**Response to Topic No. 12:** IBM objects to this Topic as overly broad, unduly burdensome, disproportionate to the needs of the case and irrelevant. A deposition notice pursuant to Rule 30(b)(6) "must describe with reasonable particularity the matters for examination." It is not possible for IBM to designate and prepare a witness to testify on the

David S. Stone, Esq.
September 5, 2023
Page 8

market analyses, competitor analyses, returns on investment or download reports for every IBV paper related to Cognitive Enterprise or Intelligent Workflows, to the extent they even exist. If there is a particular IBV paper for which Plaintiff seeks testimony, please specify it. This Topic as currently drafted lacks sufficient particularity, and does not allow IBM to fairly identify or prepare a witness in response. IBM has produced hundreds of documents related to its IBV, including download reports (e.g. IBM-HAYDEN-001644311), which speak for themselves. IBM will not designate a witness for this Topic.

**Topic No. 13:** Royalties paid by IBM partners to YOU related to Intelligent Workflows products and/or solutions.

**Response to Topic No. 13:** IBM objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case. The Topic contains no temporal limitation and does not identify the products for which it seeks testimony. The burden and expense of complying with the scope of this Topic far outweighs any likely benefit of obtaining that discovery, and therefore is disproportionate to the needs of the case. It is also vague and ambiguous because "Intelligent Workflows products and/or solutions" is undefined. A deposition notice pursuant to Rule 30(b)(6) "must describe with reasonable particularity the matters for examination." It is not possible for IBM to designate and prepare a witness to testify on the royalties for all IBM's Intelligent Workflow products or solutions. Without waiving the foregoing objections, IBM is willing to meet and confer to see if a non-objectionable scope of testimony can be identified.

**Topic No. 14:** IBM Bluewolf/Salesforce Lightning Bolt Products (e.g. IBM Bluewolf Lightning Bolt for Insurance, for Telco, for Clinical Trials and Patient Management) (GH_00021595) generally and specifically, each of the following:

    a.    Initial conception of idea;
    b.    Development;
    c.    Features and Functions, and modifications;
    d.    Marketing; Costs;
    e.    Revenues; and
    f.    Royalties.

**Response to Topic No. 14:** IBM objects to this Topic because it is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks testimony regarding "IBM Bluewolf/Salesforce Lightninig Bolt Products" including "IBM Bluewolf Lightning Bolt for Insurance, for Telco, for Clinical Trials and Patient Management" and all of its developments, features, functions, modifications, marketing, costs, revenue, and royalties. It is also vague and ambiguous because "IBM Bluewolf/Salesforce Lightning Bolt Products," "IBM

David S. Stone, Esq.
September 5, 2023
Page 9

Bluewolf Lightning Bolt for Insurance, for Telco, for Clinical Trials and Patient Management" are undefined. IBM responds consistent with its own understanding of these terms. A deposition notice pursuant to Rule 30(b)(6) "must describe with reasonable particularity the matters for examination." It is not possible for IBM to designate and prepare a witness to testify on all of the developments, features, functions, modifications, marketing, costs, revenues, and royalties for a product, let alone for four products, for all time and over all iterations. IBM was directed to produce hundreds of thousands of documents to Plaintiff. Plaintiff should be able to particularly specify any development, feature, function, or modification for which he seeks testimony. This is not the stage of the case for Plaintiff to continue pursuing his wildly overbroad fishing expedition. Identify the features and/or functions that are allegedly relevant to Plaintiff's claims, and it might be possible to identify an individual to address those feature(s) and/or function(s) and their development. Plaintiff continues to impermissibly pursue discovery on every single feature, every single function, every single modification, every single cost, etc. That is not the proper subject of a 30(b)(6) deposition, which must identify with reasonable particularity the matters for examination. Without waiving the foregoing objections, IBM is willing to meet and confer to see if a non-objectionable scope of testimony can be identified.

**Topic No. 15:** IBM has not denied that it incorporated Plaintiff's IP into its products or solutions; if it is IBM's position that IBM did so, but had a right to do so, then: IBM's incorporation of any of the elements identified in Plaintiff's response to Defendants' Interrogatory No. 1, as supplemented, into any IBM solution(s), product(s) or service(s).

**Response to Deposition Topic No. 15:** IBM has denied and continues to deny Plaintiff's allegation that it incorporated Plaintiff's IP into its products and therefore re-states its denial as set forth in, for example, Paragraphs 18, 26, 172, 173, 179, 184, 189, 192, 215, 235 and 245 of its Answer to the First Amended Complaint. IBM, therefore, objects to this Topic and IBM will not designate a witness for this Topic.

**Topic No. 16:** The reason(s) for and timing of YOUR decision to acquire Red Hat, Inc.

**Response to Deposition Topic No. 16:** IBM objects to this Topic as overbroad, unduly burdensome, and irrelevant. Moreover, the information Plaintiff seeks is set forth in SEC filings, press releases, and otherwise publicly available information. Information regarding the transaction is readily available to Plaintiff, and a deposition on this topic would be unduly burdensome and disproportionate to the needs of the case. Plaintiff's allegation that this Topic is relevant because IBM did not have a hybrid cloud strategy, and later acquired Red Hat to fill in that gap in order to perpetuate the misappropriation of Plaintiff's "IP" is inaccurate, nonsensical, and untethered to the facts of this case. IBM will not designate a witness for this Topic.

David S. Stone, Esq.
September 5, 2023
Page 10

**Topic No. 17:**  YOUR revenue from RedHat Open Shift and RedHat Marketplace from 2018 to the present, and to the extent such revenue is captured in relation to, then by product or solution.

**Response to Topic. No. 17**: IBM objects to this Topic as irrelevant, overbroad, and disproportionate to the needs of this case.  Red Hat is a wholly owned subsidiary of IBM, and Red Hat is not a party to this case.  IBM should not be required to produce a 30(b)(6) witness on the revenues of Red Hat.  Moreover, the Court previously noted in denying other of Plaintiff's discovery requests that "plaintiff is not claiming that the cloud programs, hybrid cloud, Red Hat, OpenShift, Cloud Pak incorporated its trade secret, per se, rather, such programs were needed in order to implement A2E." Oct. 12, 2022 Hrg. Tr. at 39:21-25.  Accordingly, any revenue generated from RedHat is irrelevant to Plaintiff's claims and/or damages. Regardless, it is not possible for IBM to designate and prepare a witness to testify on all the revenue from RedHat Open Shift or RedHat Marketplace for a five year period, let alone to designate a person to testify about specific revenues for each RedHat Open Shift or Marketplace product or solution. IBM will not designate a witness to testify about this Topic.

**Topic No. 18:**  The reason(s) for and timing of YOUR decision to acquire TruQua Enterprises, LLC.

**Response to Deposition Topic No. 18:** IBM objects to this Topic as overbroad, unduly burdensome, and irrelevant. Moreover, the information Plaintiff seeks is set forth in SEC filings, press releases, and otherwise publicly available information. Information regarding the transaction is readily available to Plaintiff, and a deposition on this topic would be unduly burdensome and disproportionate to the needs of the case. IBM will not designate a witness for this Topic.

**Topic No. 19:**  The reason(s) for YOUR decision to commission Reinventing Workflows from Forrester Consulting in 2019, YOUR COMMUNICATIONS with Forrester Consulting about this report, and the amount paid to Forrester Consulting for this report.

**Response to Deposition Topic No. 19:** IBM objects to this Topic as overly broad, unduly burdensome, and irrelevant.  The amount IBM may have paid to a consulting agency for a report is irrelevant to Plaintiff's claims.  This Topic is also vague and ambiguous due to the use of the terms "commission" and "report."  IBM produced Forrester Consulting's Reinventing Workflows – Power Your Digital Transformation study pursuant to its search of thirty-eight custodians as directed by the Court.  The study speaks for itself. The Topic does not identify with sufficient particularity the testimony requested. Yet, without waiving the foregoing objections, IBM is willing to meet and confer to see if a non-objectionable scope of testimony can be identified for this Topic.

**Topic No. 20:**  Patents concerning Cognitive Enterprise or Intelligent Workflows products or solutions and revenues derived from those patents through licensing or otherwise.

**Response to Topic No. 20**: IBM objects to this Topic as overly broad, vague, and ambiguous. The topic is entirely unbounded. It does not specify what about the patents it is for which Plaintiff seeks testimony, nor does it identify the specific patents for which Plaintiff seeks testimony (even though patent filings become public 18 months after filing and Plaintiff ceased his employment with IBM nearly five years ago). If there is a particular patent IBM has filed that Plaintiff believes to be relevant to his claims, please identify it and specify what it is about that patent for which Plaintiff seeks 30(b)(6) testimony. Any patent filings relating to work during the period of Plaintiff's employment at IBM should be publicly available on the USPTO's website and Plaintiff has the information necessary to set forth a more narrowly tailored topic. As such, this Topic as currently drafted lacks sufficient particularity, and does not allow IBM to fairly identify or prepare a witness in response.  IBM will not designate a witness on this Topic at this time.

**Topic No. 21:**  Royalties paid by YOU to any PERSON related to any of the patents identified in Plaintiff's response to Defendants' Interrogatory No. 24, as supplemented.

**Response to Topic No. 21**: IBM objects to this Topic as overly broad, vague, and ambiguous. According to publicly available assignment records US 10,614,402 was assigned to IBM, i.e., IBM owns the patent.  As the owner, IBM does not require a license and therefore does not pay royalties. US 2022.0888770 A1 does not exist. It is improper for Plaintiff to seek discovery about "additional patents which he is beginning to investigate" but for which he has made no cognizable allegations. As a general rule, however, it makes little sense for Plaintiff to pursue testimony regarding royalties paid by IBM for patents and/or patent applications owned by IBM. IBM will not designate a witness for this Topic.

**Topic No. 22:**  Reorganization of IBM GTS and the creation of IBM Garage and IBM iX.

**Response to Topic No. 22:** IBM objects to this Topic as vague, ambiguous, and overbroad.  The Topic fails to specify with sufficient particularity the testimony sought because it contains no temporal limitation and because of its use of the term "reorganization."  IBM responds consistent with its own understanding of this term.  While IBM will not designate a corporate witness to testify about this Topic, Mark Foster will likely be able to testify at his deposition, in his individual capacity, about the reorganization of IBM's GTS and the creation of IBM Garage and IBM iX.

David S. Stone, Esq.
September 5, 2023
Page 12

**Topic No. 23:** IBM Garage or iX projects or engagements concerning Intelligent Workflows products or solutions generally, and specifically, each of the following:

      a.    Clientele;
      b.    Deliverables to each client
      c.    Costs; and
      d.    Revenues/Profits.

      **Response to Topic No. 23:** IBM objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case. The Topic contains no temporal limitation and does not identify the products for which it seeks testimony. The burden and expense of complying with the scope of this Topic far outweighs any likely benefit of obtaining that discovery, and therefore is disproportionate to the needs of the case. This Topic is also vague and ambiguous and fails to specify with reasonable particularity the testimony sought because "projects or engagements concerning Intelligent Workflows products or solutions generally, and specifically" is undefined and incomprehensible. It is not possible for IBM to designate and prepare a witness to testify on every client, deliverable, cost, revenue, and profits for each IBM Garage or iX project or engagement that could contain or concern Intelligent Workflows products or solution. Without waiving the foregoing objections, IBM is willing to meet and confer to see if a non-objectionable scope of testimony can be identified.

**Topic No. 24:** IBM's Fall Plans for Banking and Financial Services from 2016 to the present.

      **Response to Topic No. 24:** IBM objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of this case. Plaintiff previously requested "[d]ocuments and communications concerning IBM's 'Fall Plans' and January or February 'Kick-Off' Presentations, from 2017 to 2021" (RFP 84), and the Court denying that request stating that "I just find it overbroad in multiple respects . . . document requests have to be reasonably particular in order to lead to information relevant to a claim or defense, and proportional [to the] needs of the case." Oct. 12, 2022 Hrg. Tr. at 36:9-38:15. Indeed, IBM's Fall Plans for the Banking and Financial Services organization were compiled by many IBM employees over time and it is not possible for IBM to designate and prepare a witness to testify on every Fall Plan for Banking and Financial Services during the course of seven years. IBM already produced many Fall Plan documents, which would be duplicative of the burdensome testimony requested in this Topic. IBM will not designate a corporate representative to testify about this topic.

**Topic No. 25:** IBM's partnerships, products developed with and revenues derived from YOUR work with each of the following:

**JONES DAY**

David S. Stone, Esq.
September 5, 2023
Page 13

      a.    Salesforce;
      b.    SAP;
      c.    Deloitte;
      d.    Adobe;
      e.    Knowis;
      f.    Intellect;
      g.    Microsoft;
      h.    Amazon Web Services;
      i.    Fenergo; and
      j.    Equifax

**Response to Topic No. 25:** IBM objects to this Topic because it is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks information regarding "partnerships, products developed with and revenues derived from work" with ten different partners over an unlimited period of time. A deposition notice pursuant to Rule 30(b)(6) "must describe with reasonable particularity the matters for examination." It is not possible for IBM to designate and prepare a witness to testify on every product or service developed with and revenue derived from ten partners. IBM was directed to produce hundreds of thousands of documents to Plaintiff. Plaintiff should be able to particularly specify any product, work and/or revenue for which he seeks testimony. This is not the stage of the case for Plaintiff to continue pursuing his wildly overbroad fishing expedition. If there is a particular deal, a particular transaction, a particular meeting, or communication with a particular individual or partner, please identify them. This Topic as currently drafted lacks any particularity at all, and does not allow IBM to fairly identify or prepare a witness in response. IBM will not designate a witness in response to this Topic.

**Topic No. 26:** The features and functions of any products/solutions offered and/or sold to each of the following:

      a.    National Australia Bank;
      b.    Mizuho;
      c.    OP Bank;
      d.    Ocean Bank;
      e.    Fifth Third Bank;
      f.    Banco Bilbao Zizcaya Argentaria (BBVA);
      g.    WestPac
      h.    Yantra;
      i.    American Express;
      j.    Banco Santander;
      k.    Deutsche Bank;

David S. Stone, Esq.
September 5, 2023
Page 14

     l. JPMC;
     m. Wells Fargo;
     n. Lloyd's Banking Group;
     o. SunTrust BB&T;
     p. PayPal;
     q. BPER;
     r. MetLife;
     s. BNY Mellon; and
     t. Citibank.

**Response to Topic No. 26:** IBM objects to this Topic because it is overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information regarding all "features and functions of any products/solutions [IBM] offered and/or sold" to twenty different financial institutions over an unlimited period of time. A deposition notice pursuant to Rule 30(b)(6) "must describe with reasonable particularity the matters for examination." It is not possible for IBM to designate and prepare a witness to testify on each and every feature or function of each and every product or solution offered or sold to twenty different financial institutions at any point in time. IBM was directed to produce hundreds of thousands of documents to Plaintiff. Plaintiff should be able to particularly specify any feature, function, product, or solution for which he seeks testimony. This is not the stage of the case for Plaintiff to continue pursuing his wildly overbroad fishing expedition. If there is a particular feature or function of a particular product or solution with a particular institution, please identify them. This Topic as currently drafted lacks any particularity at all, and does not allow IBM to fairly identify or prepare a witness in response. IBM will not designate a witness in response to this Topic.

**Topic No. 27:** The reason(s) for YOUR creation of the Platinum Partners program and any changes to that program in relation to the Cognitive Enterprise and/or Intelligent Workflows products or solutions.

**Response to Topic No. 27**: IBM objects to this Topic as overly broad, unduly burdensome, disproportionate to the needs of the case, and irrelevant. This Topic is vague and ambiguous due to its use to the terms "any changes to that program in relation to the Cognitive Enterprise and/or Intelligent Workflows products or solutions." A deposition notice pursuant to Rule 30(b)(6) "must describe with reasonable particularity the matters for examination." It is not possible, nor has any potential relevance been established, for IBM to designate and prepare a witness to testify on the reasons for the creation of the Platinum Partner program, any changes to the program in relation to the Cognitive Enterprise and/or Intelligent Workflows products or solution over an unlimited period of time. If there is a particular Platinum Partner or supposed change to the program that Plaintiff believes to be relevant to his claims, please identify and

JONES DAY

David S. Stone, Esq.
September 5, 2023
Page 15

explain. This Topic as currently drafted lacks sufficient particularity, and does not allow IBM to fairly identify or prepare a witness in response. IBM will not designate a witness for this Topic.

**Topic No. 28:** The real time balance sheet management services announced by IBM in partnership with Deloitte.

**Response to Deposition Topic No. 28:** IBM objects to this Topic as vague and ambiguous insofar as it does not identify with sufficient particularity the "real time balance sheet management services announced by IBM in partnership with Deloitte." As we currently understand it, Plaintiff's allegation in this regard is based entirely on hearsay and even after the production of hundreds of thousands of documents he has not any further identified or specified this allegation. IBM cannot and will not designate a witness to testify about rumors, speculation, and inuendo that entirely unsupported by the hundreds of thousands of documents that have been produced to date. IBM will not designate a witness for this Topic.

\*     \*     \*

We are available to have a call to discuss in more detail, but without significant additional information, the majority of these topics are entirely inappropriate for a Rule 30(b)(6) deposition.

Sincerely,

*Stuart W. Yothers*

Stuart W. Yothers