# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERALD HAYDEN,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATON, PABLO SUAREZ and SHANKER RAMAMURTHY,<br><br>Defendants. | Civil Action No. 7:21-CV-02485-VB<br><br>**PLAINTIFF'S INITIAL DISCLOSURES** |

Plaintiff Gerald W. Hayden ("Plaintiff" or "Hayden") hereby makes the following required disclosures in the above-captioned matter pursuant to Rule 26(a) of the Federal Rules of Civil Procedure ("Initial Disclosures"). Plaintiff makes these Initial Disclosures based on the information reasonably available to him at this time. Plaintiff has not fully completed his investigation and reserves the right to amend and/or supplement any or all of these Initial Disclosures during the course of this litigation.

Plaintiff provides these Initial Disclosures subject to and without waiving: (i) any applicable privilege, doctrine, or right including, without limitation, the attorney client privilege and the work product doctrine; (ii) the right to object on the grounds of competency, relevancy, materiality, hearsay, undue burden, or any other proper ground, to the use of any such information for any purposes, in whole or in part, in this action or any other action or proceeding; and (iii) the right to object on any and all grounds at any time to any other discovery request or proceeding involving or relating to the subject matter of these disclosures in any

1

proceeding in this action or in any other action. Plaintiff notes that his disclosure obligation is limited by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and any governing case law.

      As stated, these Initial Disclosures are based upon the information presently known and available to Plaintiff following a reasonably diligent investigation and based on Plaintiff's current understanding of his claims and Defendants' defenses. Because this case is in its early stages and Plaintiff's investigation is ongoing, Plaintiff reserves the right to amend, supplement, modify or withdraw any portion of these disclosures. These disclosures are made without prejudice to Plaintiff's rights to produce, during discovery or at trial, additional information or documents that are (i) subsequently discovered; (ii) subsequently determined to be relevant for any purpose; or (iii) subsequently discovered to have been omitted from these disclosures. By making these disclosures, Plaintiff does not represent that he is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Further, Plaintiff notes that persons who are not now associated with or employed by IBM may have relevant information. Plaintiff is not purporting in the following disclosures to make disclosures on behalf of, or based on the information available to, all such persons.

      Plaintiff provides the disclosures contained herein, and in any subsequent amended or supplemental disclosures, subject to the above objections and qualifications.

# DISCLOSURES

**Fed. R. Civ. P. 26(a)(1)(A)(i):** the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless its use would be solely for impeachment.

Unless otherwise specified the address and telephone number of each individual below is c/o International Business Machines, Inc. ("IBM"), 1 Orchard Road, Armonk, NY 10504; (914) 499-1900. Plaintiff continues to investigate addresses for former IBM employees.

Unless otherwise additionally specified below, the subjects of information these individuals are likely to have concern: (a) Plaintiff's employment and work at IBM; (b) facts concerning the nature, principles, elements and/or mechanics of Plaintiff's trade secrets (also known as "A2E" as alleged in the Complaint); (c) the steps and methods that Plaintiff took to protect his trade secret at IBM; (d) IBM's incorporation of Plaintiff's trade secrets in its restructuring, in products and services marketed to existing or potential customers, and in communications with IBM partners.

1. **Pablo Suarez**: Defendant; authorship of IBM literature misappropriating A2E trade secret.

2. **Shanker Ramamurthy**: Defendant; authorship of IBM literature misappropriating A2E trade secret.

3. **Michael Andrud**: Plaintiff's suspicions and reports that IBM was misleading investors.

4. **Fred Balboni**: development of A2E Super CRM at IBM; misappropriation of A2E to build IBM's Consulting Practices; divulging A2E trade secret to Salesforce.

5. **Keith Bear**: personal misappropriation of Plaintiff's A2E trade secret, leading to termination from IBM.

6. **Daniel Bingham**: Plaintiff's potential engagements at IBM; meetings with Plaintiff and IBM personnel concerning A2E.

7. **Paul Cikala**

8. **Sarah Diamond**: authorship of IBM literature misappropriating A2E trade secret; misappropriation of A2E trade secret and AML Partners' intellectual property for Mizuho business engagement opportunity.

3

9. **Tom Eck**

10. **Mark Foster**: divulging A2E trade secret at IBM Think conference; misappropriation of A2E trade secret and AML Partners' intellectual property for Mizuho business engagement opportunity.

11. **Bill Fuessler**: meeting concerning IBM funding for A2E Platform Strategy (precursor to misappropriation); exclusion of Plaintiff from communications concerning A2E development; misappropriation of A2E in IBM proposal to Wells Fargo.

12. **Diane Gherson**: Plaintiff's requests that IBM cease and desist unauthorized use of A2E trade secret.

13. **Michael Henry**: interference with Mizuho business engagement opportunity; IBM misrepresentations concerning joint ventures with AML Partners.

14. **Gerald Hopkins**: Plaintiff's exclusion from IBM's Risk Committee meetings; misappropriation of A2E to build IBM's Consulting Practices.

15. **Sam Kalyanam**: interference with Mizuho business engagement opportunity.

16. **Bridget Van Kralingen**: divulging A2E trade secret at IBM Think conference.

17. **Anthony Lipp**: authorship of IBM literature misappropriating A2E trade secret.

18. **Brian Murrow**: authorship of IBM literature misappropriating A2E trade secret.

19. **Kwafo Ofori-Boateng**: authorship of IBM literature misappropriating A2E trade secret.

20. **Jean-Stephane Payaraudeau**: misappropriation of A2E to build IBM's Consulting Practices.

21. **Virginia Rometty**: divulging A2E trade secret at IBM Think conference.

22. **Saket Sinha**: denial of bonuses and credit to Plaintiff.

23. **Paolo Sironi**

24. **Thomas Torf**: interference with Equifax business engagement opportunity; misappropriation of A2E into IBM Watson division.

25. **David Trinh**: misappropriation of A2E to build IBM's Consulting Practices.

26. **Steve Cohen**: c/o Stone & Magnanini, LLP, 100 Connell Drive, Suite 2200, Berkeley Heights, NJ 07922; (973) 218-1111.

27. **Daniel Gotlieb**: c/o Stone & Magnanini, LLP, 100 Connell Drive, Suite 2200, Berkeley Heights, NJ 07922; (973) 218-1111.

4

28. <u>Frank Cummings</u>: c/o AML Partners. LLC, 347 Village Street, Concord, New Hampshire, 03303; (603) 753-2790; IBM misrepresentations concerning joint ventures with AML Partners; IBM misappropriation of AML Partners' intellectual property.

29. <u>Jonathan Almeida</u>: c/o AML Partners. LLC, 347 Village Street, Concord, New Hampshire, 03303; (603) 753-2790; IBM misrepresentations concerning joint ventures with AML Partners.

**Fed. R. Civ. P. 26(a)(1)(A)(ii):** a copy – or description and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Unless otherwise specified the following documents are located at Plaintiff's residence or at the offices of his counsel in New Jersey.

1. Documents describing or illustrating Plaintiff's trade secret.

2. Documents concerning steps taken by Plaintiff to protect his trade secret, including but not limited to confidentiality agreements.

3. Documents memorializing communications concerning Plaintiffs' trade secret during his employment with IBM.

4. Documents incorporating Plaintiff's trade secret in IBM's literature, promotional material, or communications.

5. Documents concerning IBM's policies during Plaintiff's employment with IBM.

6. Documents concerning IBM's use of Plaintiff's trade secrets.

7. Documents concerning value obtained by IBM through use of Plaintiffs trade Secrets.

**Fed. R. Civ. P. 26(a)(1)(A)(iii):** a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

5

Plaintiff shall rely on a damages expert to calculate damages; his/her report(s) shall be produced pursuant to Fed. R. Civ. P. 26(a)(2)(A). Plaintiff also reserves the right to seek an award of unspecified punitive damages. Plaintiff shall produce or make available for inspection and copying under Rule 34 any documents or other evidentiary material, not privileged or protected from disclosure, on which any of his damages computations are based.

**Fed. R. Civ. P. 26(a)(1)(A)(iv):**   **for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiff does not possess any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

|  |  |
|---|---|
| Respectfully submitted, | STONE & MAGNANINI LLP |
| Dated:  11/10/2021 | By:  */s/ Robert A. Magnanini* <br> Robert A. Magnanini, Esq. <br> 100 Connell Drive, Suite 2200 <br> Berkeley Heights, New Jersey 07922 <br> Tel: (973) 218-1111 <br> Fax: (973) 218-1106 <br> rmagnanini@stonemagnalaw.com <br><br> *Attorneys for Plaintiff* <br> *Gerald W. Hayden* |

6

## CERTIFICATE OF SERVICE

    I hereby certify that on this date, I caused a true and correct copy of the foregoing to be served on all counsel of record, electronically via email.

Date: November 10, 2021

/s/ *Julio C. Gomez*
Julio C. Gomez
