# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GERALD HAYDEN,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION, PABLO<br>SUAREZ and SHANKER<br>RAMAMURTHY,<br><br>    Defendants. | Civil Action No.7:21-CV-02485-VB<br><br>**PLAINTIFF'S AMENDED<br>NOTICE OF DEPOSITION OF<br>DEFENDANT INTERNATIONAL<br>BUSINESS MACHINES<br>CORPORATION** |

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), counsel for Plaintiff Gerald Hayden will depose Defendant International Business Machines Corporation ("IBM"), on a date, time and place to be agreed upon by the parties, in the presence of an officer duly authorized to administer oaths. The deposition will be conducted before a person authorized by law to administer oaths, and will be recorded by both stenographic means and audiovisual recording. LiveNote may also be used during this deposition, and the transcript and video recording of the deposition may be transmitted through LiveNote's web streaming feature for realtime viewing by counsel for Plaintiff.

NOTICE IS HEREBY GIVEN that IBM is required to produce one or more officer(s), director(s), managing agent(s), or other persons who are designated and consent to testify on its behalf with respect to each of the topics identified below. IBM must identify in writing to Plaintiff, at least seven (7) business days before such deposition, the person(s) who will testify on its behalf and the matters on which each person will testify.

1

## DEFINITIONS

1.      "IBM" means and refers to Defendant, International Business Machines Corporation, and all employees, representatives, attorneys, accountants, subsidiaries, divisions, merged or acquired predecessors, present and former officers, agents, and all other persons, including past or present employees, acting or purporting to act on behalf of it or its subsidiaries or predecessors.

2.      "Communication" means and refers to the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.      "Concerning" or "Related to" or "Relating To" or "In Relation To" or "Regarding" shall be construed in the broadest sense and shall include documents and things reflecting, relating to, alluding to, pertaining to, mentioning, discussing, describing, commenting on, supporting and/or contradicting the subject matter of the request.

4.      "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

5.      "Person" means and refers to any natural person or any business, legal or governmental entity or association.

6.      "Provide" or "Provided" means to provide, to procure, to render, to furnish, to make available, to get, or to supply what is desired or needed.

7.      "You" or "Yours" refers to International Business Machines Corporation ("IBM").

## INSTRUCTIONS

1.      The following rules of construction apply to all Topics

    a.      The terms "all" and "each" shall be construed as all and each.

b.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

c.    The use of the singular form of any word includes the plural and vice versa.

d.    The use of a verb in any tense, mood or voice shall be construed as the use of the verb in all tenses, moods or voices, as necessary to bring within the scope of a Topic all information that might otherwise be construed to be outside the scope.

2.    The definitions set forth above apply to all Topics.

3.    These topics are sequentially numbered and each numbered paragraph constitutes a single Topic.  Defined terms may be capitalized for the convenience of the parties; the definitions apply herein whether or not the term is capitalized.

4.    Pursuant to Federal Rule of Civil Procedure 30(b)(6):

a.    YOU must designate one or more officers, directors, managing agents, or other persons who consent to testify on YOUR behalf;

b.    YOU may set out the matters on which each person designated will testify; and

c.    The persons designated must testify about information known or reasonably available to YOU.

5.    Unless otherwise specified, the relevant time period for these Topics is January 1, 2015 to the present.

## DEPOSITION TOPICS

1.    YOUR decisions to hire and terminate Plaintiff Gerald Hayden.

2.    YOUR training, orientation, and onboarding for new IBM employees generally and Plaintiff Gerald Hayden specifically, in November 2015, concerning, without limitation, policies

3

related to protection of intellectual property, confidential or proprietary information, or trade

secret(s), including any specific discussions or instructions with Plaintiff about IBM's Agreement

Regarding Confidential Information, Intellectual Property and Other Matters (IBM-HAYDEN-

000234278), his preparation of that form, and the information he listed on that that form.

3.      IBM's policies regarding the protection of IBM's and its employees' intellectual

property, including IBM's Form Agreement Regarding Confidential Information, Intellectual

Property and Other Matters (e.g. IBM-HAYDEN-000234278), and specifically whether IBM has

ever licensed employee intellectual property, the circumstances under which it has done so, and

whether IBM has ever terminated any employees for using the IP of other IBM employees.

4.      IBM's policies with respect to the assignment of Billing and Pursuit Code ("B&P

Code"), engagement code, collaboration rules, and/or entitlement for bonuses during the period of

November 2015 to the date of the Complaint.

5.      YOUR decision to terminate Plaintiff Gerald Hayden and Daniel Gotlieb.

6.      IBM's plans or efforts to build a "SuperCRM," using customer data from sources on

a hybrid cloud.

7.      IBM's Cloud for Financial Services generally and specifically, each of the following:

        a.      Initial conception of idea;

        b.      Development;

        c.      Features and Functions, and modifications;

        d.      Marketing;

        e.      Costs;

        f.      Revenues; and

        g.      Royalties.

8.      IBM's Open Banking Platform generally and specifically, each of the following:

4

    a.     Initial conception of idea;

    b.     Development;

    c.     Features and Functions, and modifications;

    d.     Marketing;

    e.     Costs;

    f.     Revenues; and

    g.     Royalties.

9.    IBM's Cloud Pak products generally and specifically, each of the following for Cloud Pak for Data, Cloud Pak for Integration, Cloud Pak for MultiCloud Management, Cloud Pak for Security, Cloud Pak for Watson AIOps, Cloud Pak for Applications, Cloud Pak for Network Automation, Cloud Pak for Automation:

    a.     Initial conception of idea;

    b.     Development;

    c.     Features and Functions, and modifications;

    d.     Marketing;

    e.     Costs;

    f.     Revenues; and

    g.     Royalties.

10.    IBM's Cognitive Enterprise generally and specifically, each of the following:

    a.     Initial conception of idea;

    b.     Development;

    c.     Features and Functions, and modifications;

    d.     Marketing;

    e.     Costs;

   f.  Revenues; and

   g.  Royalties.

  11.  IBM Intelligent Workflows products or solutions, generally and specifically, each of

the following for IBM Cloud Paks, Planning Analytics, Cognos Analytics, Watson Studio, Watson

Discovery, Watson Assistant:

   a.  Initial conception of idea;

   b.  Development;

   c.  Features and Functions, and modifications;

   d.  Marketing;

   e.  Costs;

   f.  Revenues; and

   g.  Royalties.

  12.  Market analyses, analyses of competitors, and Return on Investment (ROI) or

download reports (e.g., IBM-HAYDEN-001644311) concerning IBV papers related to Cognitive

Enterprise or Intelligent Workflows).

  13.  Royalties paid by IBM partners to YOU related to Intelligent Workflows products

and/or solutions.

  14.  IBM Bluewolf/Salesforce Lightning Bolt Products (e.g. IBM Bluewolf Lightninig

Bolt for Insurance, for Telco, for Clinical Trials and Patient Management) (GH_00021595)

generally and specifically, each of the following:

   a.  Initial conception of idea;

   b.  Development;

   c.  Features and Functions, and modifications;

   d.  Marketing;

      e.      Costs;

      f.      Revenues; and

      g.      Royalties.

15.    IBM has not denied that it incorporated Plaintiff's IP into its products or solutions; if it is IBM's position that IBM did so, but had a right to do so, then: IBM's incorporation of any of the elements identified in Plaintiff's response to Defendants' Interrogatory No. 1, as supplemented, into any IBM solution(s), product(s) or service(s).

16.    The reason(s) for and timing of YOUR decision to acquire Red Hat, Inc.

17.    YOUR revenue from RedHat Open Shift and RedHat Marketplace from 2018 to the present, and to the extent such revenue is captured in relation to Cognitive Enterprise or Intelligent Workflows products or solutions, then by product or solution.

18.    The reason(s) for and timing of YOUR decision to acquire TruQua Enterprises, LLC.

19.    The reason(s) for YOUR decision to commission *Reinventing Workflows* from Forrester Consulting in 2019, YOUR COMMUNICATIONS with Forrester Consulting about this report, and the amount paid to Forrester Consulting for this report.

20.    Patents concerning Cognitive Enterprise or Intelligent Workflows products or solutions and revenues derived from those patents through licensing or otherwise.

21.    Royalties paid by YOU to any PERSON related to any of the patents identified in Plaintiff's response to Defendants' Interrogatory No. 24, as supplemented.

22.    Reorganization of IBM GTS and the creation of IBM Garage and IBM iX.

23.    IBM Garage or iX projects or engagements concerning Intelligent Workflows products or solutions generally, and specifically, each of the following:

      a.      Clientele;

      b.      Deliverables to each client;

7

    c.     Costs; and

    d.     Revenues/Profits.

24.     IBM's Fall Plans for Banking and Financial Services from 2016 to the present.

25.     IBM's partnerships, products developed with and revenues derived from YOUR work with each of the following:

    a.  Salesforce;

    b.  SAP;

    c.  Deloitte;

    d.  Adobe;

    e.  Knowis;

    f.  Intellect;

    g.  Microsoft;

    h.  Amazon Web Services;

    i.  Fenergo; and

    j.  Equifax.

26.     The features and functions of any products/solutions offered and/or sold to each of the following:

    a.  National Australia Bank;

    b.  Mizuho;

    c.  OP Bank;

    d.  Ocean Bank;

    e.  Fifth Third Bank;

    f.  Banco Bilbao Zizcaya Argentaria (BBVA);

    g.  WestPac;

h. Yantra;

i. American Express;

j. Banco Santander;

k. Deutsche Bank;

l. JPMC;

m. Wells Fargo;

n. Lloyd's Banking Group;

o. SunTrust BB&T;

p. PayPal;

q. BPER;

r. MetLife;

s. BNY Mellon; and

t. Citibank.

27. The reason(s) for YOUR creation of the Platinum Partners program and any changes to that program in relation to the Cognitive Enterprise and/or Intelligent Workflows products or solutions.

28. The real time balance sheet management services announced by IBM in partnership with Deloitte.

Dated:  August 31, 2023                    Respectfully submitted,

By: */s/ David S. Stone*
       David S. Stone
       Robert A. Magnanini
       **STONE & MAGNANINI LLP**
       400 Connell Drive, Suite 6200
       Berkeley Heights, NJ 07922
       Tel: (973) 218-1111
       Fax: (973) 218-1106
       dstone@stonemagnalaw.com
       rmagnanini@stonemagnalaw.com

       *Attorneys for Plaintiff Gerald Hayden*