# EXHIBIT A

| From: | David Stone <DStone@smcomplex.com> |
| --- | --- |
| Sent: | Tuesday, December 5, 2023 4:31 PM |
| To: | Yothers, Stuart W.; Julio Gomez; Robert Goodman; Ryan, Colleen Noonan; Holmes, Jacqueline M.; Kurtenbach, Collin; Chasan, Benjamin |
| Cc: | Robert Magnanini; Tara Saybe; Carly Long; Vanessa Espinal |
| Subject: | RE: Meet and confer on statements of work |

**This Message Is From an External Sender**

If you are concerned about the message's content, highlight the email in your inbox and click "Report Suspicious" in the Outlook ribbon -or- contact 6Help.

We will send you a letter shortly. We can continue to meet and confer tomorrow on remaining issues. We don't want to argue about non-issues if we can narrow those down we should. Thanks very much.

David S. Stone
Senior Managing Partner
(973) 218-1111

---

From: Yothers, Stuart W. <syothers@jonesday.com>
Sent: Tuesday, December 5, 2023 4:28 PM
To: David Stone <DStone@smcomplex.com>; Julio Gomez <JGomez@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
Cc: Robert Magnanini <RMagnanini@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
Subject: RE: Meet and confer on statements of work

David:

We have answered most of these questions previously, and we have done all we can to make our position clear. We don't know why you thought to send them at 1:38 PM on the day our schedule was due to the Court. While we cannot provide the exact customer list and count of SOWs, we've given you a number of SOWs already, and we've estimated the volume of remaining SOWs that you will receive this week so we could reach agreement on a schedule. We have also repeatedly offered to speak with you, including in my email earlier today. Your suggestion otherwise is simply wrong. We have a deadline and we need to submit a letter to the Court.

Thanks,

Stuart W. Yothers (bio)
Partner
JONES DAY® - One Firm Worldwide℠
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3893

**From:** David Stone <DStone@smcomplex.com>
**Sent:** Tuesday, December 5, 2023 3:59 PM
**To:** Yothers, Stuart W. <syothers@jonesday.com>; Julio Gomez <JGomez@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Meet and confer on statements of work

We will send you our position in a joint letter which explains why your proposal is not feasible shortly. We would still ask that you answer our questions which you have continued to refuse to do. These answers will clarify where the parties may be apart. You may not agree with our position but at least we would know where we disagree. This is the point of meet and confers.

David S. Stone
Senior Managing Partner
(973) 218-1111

**From:** Yothers, Stuart W. <syothers@jonesday.com>
**Sent:** Tuesday, December 5, 2023 3:55 PM
**To:** David Stone <DStone@smcomplex.com>; Julio Gomez <JGomez@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Meet and confer on statements of work

David:

The Court requested a letter 15 days ago.  Hrg. Tr. at 71:8-10 ("And this letter I get Monday really is simply, here's the new schedule, not here's a problem. Here's the new schedule.").  The Court's direction to the parties was very straightforward.  We've agreed to an extension of time to submit that letter so you could see that Defendants made a perfectly reasonable proposal and there is no good reason to delay Plaintiff's expert reports by another 112 days.  Defendants are producing all documents this week that they were directed to produce.  Are you going to agree with us on a reasonable schedule, or are you going to insist upon a further 112-day delay?  We owe the Court a proposed schedule in one hour.

Thanks,

Stuart W. Yothers (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY  10281-1047
Office +1.212.326.3893

**From:** David Stone <DStone@smcomplex.com>
**Sent:** Tuesday, December 5, 2023 3:41 PM
**To:** Yothers, Stuart W. <syothers@jonesday.com>; Julio Gomez <JGomez@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M.

<jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>

**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>

**Subject:** RE: Meet and confer on statements of work

Stuart,

Would you please respond to the questions posed below so that we can determine what disputes, if any, there may be between the parties.

David S. Stone
Senior Managing Partner
(973) 218-1111

---

**From:** Yothers, Stuart W. <syothers@jonesday.com>
**Sent:** Tuesday, December 5, 2023 3:29 PM
**To:** David Stone <DStone@smcomplex.com>; Julio Gomez <JGomez@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Meet and confer on statements of work

HIGHLY-CONFIDENTIAL ATTORNEYS-EYES-ONLY (please designate your earlier email, as well, which discusses HIGHLY-CONFIDENTIAL IBM documents)

David:

On November 29, you said: "Any remaining SOWs which refer to Cloud Pak and/or Intelligent workflows for the relevant period (and any supplements or amendments to those SOWs) for the narrowed customer list should be produced." Today, you say "Plaintiff requires *all* SOWs for integrated accounts who purchased/subscribed to Cloud Pak after they did so" and "[t]he SOWs you produced refer both to previous work and additional future work for these accounts; as previously explained, Plaintiff has requested such SOWs." This is precisely why we noted that we cannot decipher your emails. You claim that "Plaintiff is not seeking to expand that request," and then you turn around and demand *all* SOWs again. It is not right that you continue to vacillate between what you told the Court (see my November 27 email below) and these overbroad demands for further fishing expeditions. Defendants will seek their fees in responding to these ever-changing demands.

We have explained to you repeatedly that IBM does not have a single central collection of contracts that can be key-word searched. Instead, there is a registration database that includes offering codes and other contract information. IBM is able to search that database for offering codes associated with the three Cloud Paks Plaintiff has identified. And, IBM is able to search the other data fields for references to these three Cloud Paks. Once the SOWs that were logged with offering codes and/or other data relating to the three Cloud Paks were identified, IBM had to go to various sources to obtain the actual full SOWs. That is what we told the Court. That is what we told you. That is what Defendants have done. The remaining responsive SOWs are being prepared for production. We have reported the volume to you. Discovery is closed. We have spent significant time with IBM identifying how to best locate the SOWs that were requested. It is time for Plaintiff to review the SOWs and point to particular contracts where Plaintiff's IP is allegedly used. There is no reason why Plaintiff cannot do that this month, receive any additional revenue or cost data, take the 30(b)(6) deposition and finalize and serve his reports by January 26. That is what we were directed by the Court to do during the last conference.

As near as we can tell, you have been delaying agreeing to a schedule so that you can instead raise yet another unwarranted discovery dispute. The Court asked us to work together to agree to a schedule to complete the few tasks that the Court directed the parties to complete. You have instead operated as if fact discovery never closed and continued to debate, expand, renew and chase previously rejected and/or abandoned overbroad discovery requests. We need to submit a schedule to the Court today. If you will not agree to anything other than your 112-day extension, we simply need to submit the dispute to the Court.

Thanks,

Stuart W. Yothers (bio)
Partner
**JONES DAY® - One Firm Worldwide**℠
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3893

---

**From:** David Stone <DStone@smcomplex.com>
**Sent:** Tuesday, December 5, 2023 1:38 PM
**To:** Yothers, Stuart W. <syothers@jonesday.com>; Julio Gomez <JGomez@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Meet and confer on statements of work

Stuart,

As we have explained to you and told the Court, eliminating accounts that did not purchase Cloud Pak was a means to reduce the number of accounts that had to be searched; it was not simply a request for Statements of Work that mention the words Cloud Pak. Producing only Statements of Work that involve the installation of Cloud Pak would be too narrow and deprive Plaintiff's experts of the information necessary to determine how Cloud Pak was used and how to allocate revenues.

In the spirit of cooperation and meeting and conferring in good faith we have reviewed IBM's most recent rolling production which contains statements of work from only four (4) integrated of the thirty account customers (████ ████████████████████████████). Given the fact we do not know what documents IBM ultimately intends to produce by December 8th and whether there will be disputes about the production, in order to continue our meet and confer and determine the burden for IBM and Plaintiff related to the production, and to potentially agree on a joint schedule to submit to the Court today we need answers to the following questions:

### Architectures

1. Is IBM going to be producing more detailed architectures for Cloud Pak for Business Automation such as it has done for Cloud Pak for Data? The document produced concerning Cloud Pak for Business Automation is very general and appears to come from the internet.
2. Has IBM taken steps to locate architectures for the Trinh solutions (e.g. Lightning Bolt and AI Now)? If so, what steps has IBM undertaken and is IBM going to produce architectures for those products?

## Statements of Work (SOWs)

1. How is IBM identifying the Statements of Work it is producing?

2. Has IBM identified which integrated account customers purchased Cloud Pak during the relevant period and which did not?
3. If so, who are the customers who purchased Cloud Pak?
4. Is IBM producing Statements of Work for every integrated account customer that purchased Cloud Pak during the relevant period?
5. IS IBM producing Statements of Work for GBS for accounts that purchased Cloud Pak or only the software division?
6. Have you searched the integrated accounts who purchased Cloud Pak to see if they were provided intelligent workflow solutions?

(documents IBM has already produced as well as documents available online show that most of the integrated accounts purchased some kind of hybrid cloud solution from IBM. We would expect to see Statements of Work for those accounts.

*See, e.g.* in our ***Note*** at the end of this email.

7. Does IBM have possession of all of the Statements of Work for the relevant period and are they on a database?
8. Which additional integrated accounts does IBM intend to produce Statements of Work for?
9. How many additional Statements of Work does IBM intend to produce by December 8?

As previously explained, Plaintiff requires all SOWs for integrated accounts who purchased/subscribed to Cloud Pak after they did so not, not simply SOWs for the installation of Cloud Pak; the SOWs you have produced so far appear to be only limited to the installation of Cloud Pak (and possibly limited to the software group and may not include GBS), not for earlier work or any further work deploying or employing Cloud Pak or related consulting services using Cloud Pak to create platform or to create use cases for that customer to create intelligent workflows. The SOWs you produced refer both to previous work and additional future work for these accounts; as previously explained, Plaintiff has requested such SOWs – is IBM going to produce the SOWs for these accounts subsequent to the installation of Cloud Pak? For example, IBM-HAYDEN-001918475 refers to having previously completed an "████" project using IBM Cloud Pak for Business Automation" – is IBM going to produce the SOW for that?
Please advise if any such SOWs exist?

**Note**:  To assist you in finding the relevant statements of work that should be produced we have searched documents IBM has produced and the internet and Plaintiff has found on the internet documents which suggest that several of the integrated accounts purchased Cloud Pak or Intelligent Workflows services.  For example:

(1) IBM produced a Customer Value Plays doc (IBM-HAYDEN-000416009), which indicates identifies Intelligent Workflows "wins" for ████████████████████ (which are on the list of integrated accounts) – is IBM producing SOWs for these intelligent workflows wins?
(2) Similarly, IBM's 2020 Integrated Accounts doc (IBM-HAYDEN-000983007), with the list of 30 integrated accounts, notes that ████████████████████████ bought Cloud Pak products or services and that ████████████████ bought ████ in Intelligent Workflows services; ████████████ spent ████ on intelligent workflows.
(3) IBM produced a ████████ slide presentation which proposed Cloud Paks for digital transformation (IBM-HAYDEN-000979794 at IBM-HAYDEN-000979910)
(4) IBM produced a Financial Crimes Insight slide presentation which identified commitments by ████████ for Cloud Pak (IBM-HAYDEN-000858273) and that Cloud Pak revenue is shared with the Financial Crimes Insight unit.
(5) IBM produced IBM-HAYDEN-000402642 referencing ████████ use of Cloud Pak for Data
(6) IBM produced IBM-HAYDEN-000453173, -000559030, -000559035, -000503219 referencing Cloud Paks or Intelligent Workflows for ████████
(7) IBM produced IBM-HAYDEN-000328182 referencing Cloud Paks for ████
(8) IBM produced IBM-HAYDEN-000453173, -000559030, -000559035, -000503219 referencing Cloud Paks or Intelligent Workflows for ████████
(9) Fiserv acquired ████████████████████████, Fiserve has retained IBM for predictive analytics.  *See https://www.slideshare.net/SatyaHarish1/ibm-fiserv*

(10) IBM announced deal with Santander for digital transformation which may involve Cloud Paks. *See https://newsroom.ibm.com/2019-02-13-IBM-strikes-700M-deal-with-Santander-to-accelerate-transformation*

(11) IBM announced work for Mizuho Bank Ltd which may involved Cloud Paks. *See www.ibm.com/case-studies/mizuho-bank-ltd*

(12) IBM announced work for Bank of America, BNO Paribas, and MUFO on Cloud for Financial Services (which employs Cloud Pak). *See https://newsroom.ibm.com/2021-04-07-IBM-Cloud-for-Financial-Services-Accelerates-Innovation-with-Support-for-Red-Hat-OpenShift-and-Other-Cloud-native-Services*

If we find additional information to help you locate relevant statements of work we provide it to you as soon as we locate it.

Please let us know when you can respond so we can determine if a schedule can be agreed upon. Thank you.

David S. Stone
Senior Managing Partner
(973) 218-1111

---

**From:** Yothers, Stuart W. <syothers@jonesday.com>
**Sent:** Tuesday, December 5, 2023 12:59 PM
**To:** Julio Gomez <JGomez@smcomplex.com>; David Stone <DStone@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Meet and confer on statements of work

David:

On Friday, Defendants produced the solution architecture documents as directed by the Court. Defendants further produced an initial round of SOWs so you would have a sample set of the types of information reflected in the SOWs. We are doing some final follow-up with IBM and will produce the remaining SOWs this week. We expect to produce, in total (including last week's production), something on the order of approximately 50 SOWs. In view of the volume of information, Defendants continue to believe the schedule that they proposed is more than reasonable. Please let us know if Plaintiff is prepared to agree to the schedule that Defendants proposed. We are available to discuss today as needed to prepare and submit a letter to the Court today.

Thanks,

Stuart W. Yothers (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3893

---

**From:** Julio Gomez <JGomez@smcomplex.com>
**Sent:** Friday, December 1, 2023 2:35 PM
**To:** Yothers, Stuart W. <syothers@jonesday.com>; David Stone <DStone@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>

**Cc:** Robert Magnanini <<RMagnanini@smcomplex.com>>; Tara Saybe <<TSaybe@smcomplex.com>>; Carly Long <<CLong@smcomplex.com>>; Vanessa Espinal <<VEspinal@smcomplex.com>>
**Subject:** RE: Meet and confer on statements of work

You may do so.

---

**From:** Yothers, Stuart W. <<syothers@jonesday.com>>
**Sent:** Friday, December 1, 2023 2:33 PM
**To:** David Stone <<DStone@smcomplex.com>>; Robert Goodman <<RGoodman@smcomplex.com>>; Ryan, Colleen Noonan <<cnryan@jonesday.com>>; Holmes, Jacqueline M. <<jholmes@JonesDay.com>>; Kurtenbach, Collin <<ckurtenbach@jonesday.com>>; Chasan, Benjamin <<bchasan@jonesday.com>>
**Cc:** Robert Magnanini <<RMagnanini@smcomplex.com>>; Tara Saybe <<TSaybe@smcomplex.com>>; Julio Gomez <<JGomez@smcomplex.com>>; Carly Long <<CLong@smcomplex.com>>; Vanessa Espinal <<VEspinal@smcomplex.com>>
**Subject:** RE: Meet and confer on statements of work

We will submit the letter shortly unless you are planning to do so.


Stuart W. Yothers (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY  10281-1047
Office +1.212.326.3893

---

**From:** David Stone <<DStone@smcomplex.com>>
**Sent:** Friday, December 1, 2023 2:21 PM
**To:** Yothers, Stuart W. <<syothers@jonesday.com>>; Robert Goodman <<RGoodman@smcomplex.com>>; Ryan, Colleen Noonan <<cnryan@jonesday.com>>; Holmes, Jacqueline M. <<jholmes@JonesDay.com>>; Kurtenbach, Collin <<ckurtenbach@jonesday.com>>; Chasan, Benjamin <<bchasan@jonesday.com>>
**Cc:** Robert Magnanini <<RMagnanini@smcomplex.com>>; Tara Saybe <<TSaybe@smcomplex.com>>; Julio Gomez <<JGomez@smcomplex.com>>; Carly Long <<CLong@smcomplex.com>>; Vanessa Espinal <<VEspinal@smcomplex.com>>
**Subject:** RE: Meet and confer on statements of work

Stuart we do not agree with you but we will agree to submit the letter as you propose with the understanding that depending on what you produce we may tell the Court we need additional time to determine when we can request and complete review of the second production. If necessary we will address that on Tuesday.

---

**From:** Yothers, Stuart W. [mailto:syothers@jonesday.com]
**Sent:** Friday, December 1, 2023 2:04 PM
**To:** David Stone <<DStone@smcomplex.com>>; Robert Goodman <<RGoodman@smcomplex.com>>; Ryan, Colleen Noonan <<cnryan@jonesday.com>>; Holmes, Jacqueline M. <<jholmes@JonesDay.com>>; Kurtenbach, Collin <<ckurtenbach@jonesday.com>>; Chasan, Benjamin <<bchasan@jonesday.com>>
**Cc:** Robert Magnanini <<RMagnanini@smcomplex.com>>; Tara Saybe <<TSaybe@smcomplex.com>>; Julio Gomez <<JGomez@smcomplex.com>>; Carly Long <<CLong@smcomplex.com>>; Vanessa Espinal <<VEspinal@smcomplex.com>>
**Subject:** RE: Meet and confer on statements of work

David:  The court asked us to submit a schedule three business days after the last conference.  Plaintiff was never to have reviewed all of the documents before agreeing to a reasonable schedule.  We have been accommodating and given you the benefit of additional information.  We will not agree to never-ending needless delay.  You will have more than enough information later today to work through this with us.  The court anticipated having us appear again in December.  We need to give the Court the parties' positions so that the next conference can be scheduled.  We are

happy to allow you the benefit of reviewing today's production and submitting those positions – hopefully an agreement. Defendants do not agree to a 10-day extension.

Stuart W. Yothers (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3893

---

**From:** David Stone <DStone@smcomplex.com>
**Sent:** Friday, December 1, 2023 1:53 PM
**To:** Yothers, Stuart W. <syothers@jonesday.com>; Robert Goodman <RGoodman@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Julio Gomez <JGomez@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Meet and confer on statements of work

Stuart I don't see why we wouldn't wait until we actually see what you produce by the 8th before we attempt the finalize the schedule so the date should be the 11th so we have some opportunity to see your production and confer with our experts. if you make those changes we are ok with the letter.

---

**From:** Yothers, Stuart W. [mailto:syothers@jonesday.com]
**Sent:** Friday, December 1, 2023 1:08 PM
**To:** David Stone <DStone@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Julio Gomez <JGomez@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Meet and confer on statements of work

David:

Plaintiff does not require six additional weeks following a short 30(b)(6) deposition to incorporate that testimony into his expert reports. This is not a do-over of discovery. Fact discovery is closed. Defendants are to produce specific supplemental material as directed by the Court, and Plaintiff is to update, finalize and serve his expert reports. This was quite clear during the last conference when the Court discussed 30 or 60 days – not 112. You will have all of the documents from Defendants as early as possible next week. You will have the available revenue and cost information as soon as you identify the SOWs that Plaintiff alleges to incorporate his purported trade secrets. There is no reason the deposition on two of the topics has not been scheduled. There is no reason the remaining deposition cannot be scheduled promptly – indeed, we believe this month but for the represented unavailability of your experts, which Defendants have already accommodated with their proposed schedule. To the extent you want weeks to review the SOWs, days to negotiate the 30(b)(6), days or weeks more to prepare for and take it, and then six more weeks to prepare your expert reports (which should largely be complete), Defendants oppose. Defendants have proposed a more than adequate schedule, and it makes no sense for Plaintiff to continue to pursue the lengthy delay of the conclusion of this matter. If you would like to see the SOWs and architecture documents that IBM is producing today in taking your final position, Defendants will agree to submit the following to the Court today:

Dear Judge McCarthy:

We write on behalf of all parties regarding the Court's November 15, 2023 Order that "[b]y November 20, 2023, the parties shall submit a joint letter to the Court setting forth the date by which this production will be

completed, the date by which the Rule 30(b)(6) deposition will be completed, and a revised expert discovery schedule." The November 20, 2023 deadline was extended by the Court to today on November 21, 2023. Dkt. 187. Defendants are producing today the architecture documents and many of the statements of work that the Court directed Defendants to produce during the November 15, 2023 conference. The remaining statements of work will be produced as early as possible next week, and in any event, by the end of next week – Friday, December 8, 2023. Plaintiff has asked to review today's production of architecture documents and statements of work in taking a final position on the case schedule. In the hopes of reducing any burden on the Court, the parties respectfully request leave to submit an agreed remaining schedule or any unresolved dispute regarding the remaining schedule no later than 5:00 PM ET on Tuesday, December 5, 2023.

Respectfully submitted,

Please let us know.

Thanks,

Stuart W. Yothers (bio)
Partner
JONES DAY® - One Firm Worldwide℠
250 Vesey Street
New York, NY  10281-1047
Office +1.212.326.3893

---

**From:** David Stone <DStone@smcomplex.com>
**Sent:** Friday, December 1, 2023 12:23 PM
**To:** Yothers, Stuart W. <syothers@jonesday.com>; Robert Goodman <RGoodman@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Julio Gomez <JGomez@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Meet and confer on statements of work

Stuart,

Thank you the information you provide below. It seems to us that our disagreement stems primarily from us not knowing what IBM is actually going to produce or how complete or informative the production will actually be, since we have not seen any of the production yet, not even an exemplar. Your further assertion that the SOWs are in many languages suggest there may be a need for us to consume time obtaining translations of some of the documents after they are produced, unless IBM intends on producing translations.

Perhaps the best approach, instead of filing competing schedules, is to attempt to agree on all of the time frames to complete fact discovery other than the time for production of additional revenue data and request an additional extension until IBM produces the documents which is only one week from today, and with the documents in hand to attempt to agree upon any remaining dates. In this way, the parties can propose a reasonable schedule to the Court based the production that is received. To that end we have attached our position on the time frames (not the dates) for the various remaining tasks to be completed. These time frames track the original scheduling order. Let us know if you will agree to these time frames and whether you agree to ask for the additional week to propose final dates to the Court.

So we can either submit competing schedules today as you seem to be proposing in your email below or we can provide the Court with the agreed upon time frames and ask the Court to give us until documents are actually produced next week to then submit a proposed schedule with dates.

Our preference is to seek another modest extension to submit the schedule and provide the time frames to the Court.

Thank you.

David S. Stone
Senior Managing Partner
(973) 218-1111

---

**From:** Yothers, Stuart W. <syothers@jonesday.com>
**Sent:** Thursday, November 30, 2023 6:52 PM
**To:** David Stone <DStone@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Julio Gomez <JGomez@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Meet and confer on statements of work

David:

Your suggestion that Defendants are guided by anything other than the Court's Order and direction does nothing but continue your frequent and inappropriate practice of casting baseless aspersions against your adversary – a practice that needs to end. IBM and its attorneys have worked through weekends and over holidays to quickly produce information in response to Plaintiff's ever-changing allegations. You are receiving many of the SOWs about two weeks after the conference notwithstanding the intervening Thanksgiving holiday, and you will have the rest next week. The SOWs are in many languages and come from many places. Instead of acknowledging IBM's efforts, you come back with "IBM seems more concerned about ensuring it will not produce information" and criticism of documents you've not even yet reviewed.

The record is quite clear that Defendants have not cherry-picked anything. To be sure there was no confusion, we confirmed with the Court what Defendants were being asked to collect and produce. Defendants are doing what the Court directed Defendants to do. Defendants are doing it quickly. And, Defendants are doing it with the clarification and confirmation that Defendants received during the conference.

Neither your request for revenue data nor the need to schedule the 30(b)(6) deposition is reason to drag out the schedule in the way you propose.

We are already working with IBM to identify the revenue and cost data that is available for the SOWs that are being produced. We expect to be able to produce that information as soon as you identify the SOWs where Plaintiff alleges his purported IP is used. And, our expectation is to be able to do that and complete the Rule 30(b)(6) deposition by December 22 (assuming you don't really need more time to review the SOWs than it took IBM to locate them and for us to review and produce them, and you engage with us to schedule the 30(b)(6) deposition). As noted in my email below, two of the 30(b)(6) topics do not require the SOWs, and there is no reason to further delay completing the deposition on those two topics. And, there is no reason to delay meeting and conferring about the scope of the remaining request.

If you want to take the 30(b)(6) deposition in January, Defendants do not object to your taking that deposition in January. But Defendants see no need to further extend the schedule for you to do so. We already proposed a 70-day extension of the due date for your expert reports taking into account the end-of-year holidays (even though Defendants were prepared to serve their responsive reports on December 29 if you had provided yours on November 17).

Finally, we note that Judge Briccetti's Civil Case Discovery Plan and Scheduling Order allows, "[a]bsent exceptional circumstances, a [fact discovery] period not to exceed 120 days from date of th[e] Order." As noted at the last conference, "[i]n total, the Court has granted the Plaintiff 466 days of additional fact discovery." Hrg. Tr. at 5:12-13. You

now propose a schedule extending the deadline for your opening expert reports by 112 days – effectively the amount of time anticipated to complete fact discovery in an entirely new case.  We believe that is wildly inappropriate.  To the extent you feel it necessary to submit a contested proposed schedule to the Court, please provide us with Plaintiff's portion by noon tomorrow so that we can insert Defendants' portion and file with the Court before the close of business.

Thanks,

Stuart W. Yothers (bio)
Partner
JONES DAY® - One Firm Worldwide℠
250 Vesey Street
New York, NY  10281-1047
Office +1.212.326.3893

---

**From:** David Stone <DStone@smcomplex.com>
**Sent:** Thursday, November 30, 2023 3:41 PM
**To:** Yothers, Stuart W. <syothers@jonesday.com>; Robert Goodman <RGoodman@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Julio Gomez <JGomez@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Meet and confer on statements of work

Stuart:

We do not understand why you are having difficulty with our emails; we believe the parties should be guided by the Court's express Orders not IBM's cherry-picked excerpts or interpretations.  In that regard, the schedule you proposed completely omits the portions of the Court's Order requiring Plaintiff to identify "where his IP was used" in the initial production and then requiring IBM to produce "revenue data for those products/accounts" and a meet and confer on the Rule 30b6 deposition topics "after these productions are made."  Minute Entry for Proceedings, Nov. 15, 2023.  The schedule we submit to the Court should not omit any step ordered by the Court. Please confirm you agree that the Court ordered two productions not one. Also to avoid future disputes please confirm that you will be producing any SOWs which meet the Court's criteria as well as any supplements or amendments to those SOWs for that account.

We had proposed a potential way to eliminate the need for the second production by asking IBM to produce the revenue and cost information for the SOWs it is producing with that initial production. IBM seems more concerned about ensuring it will not produce information which IBM ultimately will not be germane (regardless of the lack of burden in doing so) than ensuring the Plaintiff obtains all relevant information in the most time efficient manner. Our anecdotal review of the information available on the web and your production suggests that many if not all of the integrated accounts contracted for hybrid cloud and/or workflow solutions which would have involved a minimum Cloud Pak for Data so we would presume you will be producing at least one statement of work for many of the thirty accounts. Since IBM  is declining our suggestion that it produce the revenue and cost information at the same time as it produces the SOW documents a second production will undoubtedly be necessary; your suggestion that SOWs include "the amount to be charged for the work specified by the SOW" does not vitiate this step.  Based on your statement (and without seeing the documents) it is not clear the figures in the SOWs would include all (or indeed any) of the ultimate revenue that IBM actually collected, much less that they contain cost information associated with that work – which we have requested, and told you repeatedly, is needed for a damages allocation by experts.  Since IBM has declined to include actual revenue and cost information in its initial proposed production, it is probable (if not certain) that Plaintiff will need to make that request following the initial production, and as the Court ordered, IBM will need to make a second production.  See Hrg. Tr. 68: 13-16 (COURT: "If after that's produced that Plaintiffs can point to particular accounts, particular contracts, that – where Hayden's IP is used, then the revenue relating to those IBM will have to produce…")

We attach a redline of your proposed schedule which omitted the Court's steps for a second production and a meet and confer on the Rule 30b6 deposition topics.

Our proposed schedule takes into account IBM's commitment to produce the documents a week earlier and establishes deadlines for the second Court ordered production and the Court ordered meet and confer. The proposed schedule assumes that IBM will produce what the Court ordered produced without redaction; if there is a dispute or if the volume is higher than represented by you, the schedule may need to be reasonably amended.

Finally, consistent with our earlier proposed timelines, our schedule proposes a second production on January 5th, but Plaintiff is amenable to adjust that (and the following dates) to accommodate Defendants during the holidays. Kindly let us know if you agree with our proposal or whether the parties will have to submit competing proposals to the Court tomorrow.

Thank you.

David S. Stone
Senior Managing Partner
(973) 218-1111

**From:** Yothers, Stuart W. <syothers@jonesday.com>
**Sent:** Thursday, November 30, 2023 10:17 AM
**To:** Robert Goodman <RGoodman@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** David Stone <DStone@smcomplex.com>; Robert Magnanini <RMagnanini@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Julio Gomez <JGomez@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Meet and confer on statements of work

David:

We continue to have trouble deciphering the emails that you and Julio have sent following the last court conference. Regardless, we confirmed with the Court at the end of the last conference what Defendants needed to do, and that is what Defendants are doing. *See*, *e.g.*, Hrg. Tr. at 69:12-18:

> MR. YOTHERS: With respect to the statements of work for the 30 integrated accounts, I mean, there's a statement of work, I think, for probably every project we do for those companies, and I just want to clarify, is your Honor asking us to get those and only see which have one of these Cloud Paks and Red Hat OpenShift in them?
> THE COURT: Yeah.

To be plain, you alleged before the Court that Cloud Pak for Data, Cloud Pak for Integration and/or Cloud Pak for Business Automation used in conjunction with Red Hat OpenShift were necessary to connect to the hybrid cloud and practice Mr. Hayden's purported trade secrets. Your only response when we confirmed which SOWs were to be collected and produced was to state "we can make that easier, because since we're now limiting it to Cloud Pak, we can make it from May [2019] to the present." Hrg. Tr. at 70:4-8. You asked the Court for SOWs for thirty specific customers that include the provision of Cloud Pak for Data, Cloud Pak for Integration and/or Cloud Pak for Business Automation in conjunction with Red Hat OpenShift. That is what IBM has been working to collect -- SOWs for thirty specific customers for the specified date period that include the provision of Cloud Pak for Data, Cloud Pak for Integration and/or Cloud Pak for Business Automation in conjunction with Red Hat OpenShift.

We have managed to collect many of these SOWs in the last two weeks. We expect to produce the first batch by December 1, and perhaps even later today. We expect to have the remaining SOWs by December 1 and anticipate we will have them processed and produced by Friday, December 8, and probably even earlier.

We can also confirm that the SOWs include the amount to be charged for the work specified by the SOW.

We also expect to produce the documents identifying solution architectures for Cloud Pak for Data, Cloud Pak for Integration and Cloud Pak for Business Automation by this Friday, December 1.

We do not yet know the total number of SOWs that will be responsive to your request, but based on what we have received to date, we do not anticipate a high volume. As such, and given that you will have the recently directed production by next week (and much of it this week), we believe the schedule we proposed previously is more than adequate – giving you an additional week or two with the documents not previously anticipated. We note that two of the 30(b)(6) topics do not require the SOWs, and there is no reason to further delay completing the deposition on those two topics.

Attached is a proposed joint letter to the Court. Please let us know if you agree with the attached submission.

Thanks,

Stuart W. Yothers (bio)
Partner
JONES DAY® - One Firm Worldwide℠
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3893

---

**From:** Robert Goodman <RGoodman@smcomplex.com>
**Sent:** Wednesday, November 29, 2023 11:32 AM
**To:** Yothers, Stuart W. <syothers@jonesday.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** David Stone <DStone@smcomplex.com>; Robert Magnanini <RMagnanini@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Julio Gomez <JGomez@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Meeet and confer on statements of work

Counsel:

Please disregard the previous email from Mr. Stone which inadvertently omitted a portion of his message. The following is the email Mr. Stone intended to send.

Stuart:

We write to respond to your follow-up to Wednesday's meet and confer.

First, based on our meet and confer we were expecting your email to address specifically what IBM planned to produce, when, and to what extent Statements of Work contain revenue and cost information as well as the estimated volume of such production so that we are in a position to assess if any burden exits and attempt to agree on a schedule to be filed with the Court on Friday, December 1st. Please so advise as soon as possible, or if the parties need to seek further clarification and/or an additional extension to submit the schedule.

Second, the Court specifically ordered IBM to produce the Statements of Work (SOWs) that were sought expressly in Dkt. 184-1 at A(2),

Contrary to your claim, Plaintiff is not seeking to expand that request. Instead, Plaintiff proposed guidance to narrow that request. First IBM should determine which of the thirty integrated accounts purchased/subscribed to one of the three cloudpak products during the specified period. WE presume a revenue report could be run to determine this information. Any integrated accounts that did not do so may be eliminated from the report. IF IBM can determine this, the production can be further narrowed by eliminating any customers who purchased/subscribed to cloudpak but to be used on a private cloud not with redhat openshift. Any remaining SOWs which refer to Cloud Pak and/or Intelligent workflows for the relevant period (and any supplements or amendments to those SOWs) for the narrowed customer list should be produced.

THE COURT: "…the statements of work for the thirty integrated accounts for the period of January 1, 2018 [subsequently modified to May 1, 2018], to the third quarter of 2023, which include the provision of Cloud Pak for Data, Cloud Pak for Integration, or Cloud Pak for Business Automation, and if possible, limited to when those Cloud Paks are provided in conjunction with RedHat OpenShift and, if available, any other consulting services to provide intelligent workfows." Hr'g Tr. 67:10-17).

The Order requires collection and review of all SOWs for the relevant time period for the integrated accounts, and production of the SOWs that concern the 3 Cloud Paks, with RedHat OpenShift, or, consulting on ntelligent workflows.

Plaintiff has already stated, if an integrated account never purchased one of the three Cloud Pak products, that account can be automatically excluded. If an integrated account purchased one of the three Cloud Pak products but is not running them on hybrid cloud with RedHat OpenShift, that account may also be excluded. However, if an integrated account acquired one of the three Cloud Paks at issue, to run them on RedHat OpenShift, or received Intelligent Workflows (IW) consulting services, then all Statements of Work concerning such products or services for that integrated account must be produced within the relevant time period. All SOWs that "include the provision" of these products or services must be produced; it stands to reason that all SOWs subsequent to the provision of these products or services should be produced for Plaintiff to identify "where Hayden's IP is being used." Hr'g Tr. 68:15. To be clear, because we believe that you may have overstated our position in your email below, Plaintiff is not seeking Statements of Work that precede the acquisition of Cloud Pak or IW consulting services, but Plaintiff is seeking all Statements of Work subsequent to the acquisition and maintenance of such products or services so that its experts can evaluate which services utilize and infringe Hayden's IP and perform an accurate allocation of the revenue and costs associated with those services.

Finally, since the Court has asked the parties to work together to expedite the remainder of discovery and since IBM insists that it is doing everything it can to complete discovery as soon as possible, Plaintiff proposes that IBM produce all related revenue and cost information in its possession associated with the SOW's produced at the same time as the SOW production. This will eliminate or substantially reduce the need for a second production contemplated by the Court. On the other hand, if IBM insists on iterative productions, then we must submit a schedule that provides a reasonable period of time for such a second production and review to take place.

Please let us know IBM's position on these matters.

Thank you.

David Stone

---

**From:** David Stone <DStone@smcomplex.com>
**Sent:** Wednesday, November 29, 2023 11:20 AM

**To:** Yothers, Stuart W. <syothers@jonesday.com>; Julio Gomez <JGomez@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Meeet and confer on statements of work

Contrary to your claim, Plaintiff is not seeking to expand that request. Instead, Plaintiff proposed guidance to narrow that request. First IBM should determine which of the thirty integrated accounts purchased/subscribed to one of the three cloudpak products during the specified period. We presume a revenue report could be run to determine this information. Any integrated accounts that did not do so may be eliminated from the report. IF IBM can determine this, the production can be further narrowed by eliminating any customers who purchased/subscribed to cloudpak but to be used on a private cloud not with redhat openshift.  Any remaining SOWs which refer to Cloud Pak and/or Intelligent workflows for the relevant period (and any supplements or amendments to those SOWs) for the narrowed customer list should be produced.

THE COURT: "…the statements of work for the thirty integrated accounts for the period of January 1, 2018 [subsequently modified to May 1, 2018], to the third quarter of 2023, which include the provision of Cloud Pak for Data, Cloud Pak for Integration, or Cloud Pak for Business Automation, and *if possible*, limited to when those Cloud Paks are provided in conjunction with RedHat OpenShift and, *if available*, any other consulting services to provide intelligent workfows."  Hr'g Tr. 67:10-17).

The Order requires collection and review of all SOWs for the relevant time period for the integrated accounts, and production of the SOWs that concern the 3 Cloud Paks, with RedHat OpenShift, or, consulting on intelligent workflows.

Plaintiff has already stated, if an integrated account never purchased one of the three Cloud Pak products, that account can be automatically excluded.  If an integrated account purchased one of the three Cloud Pak products but is not running them on hybrid cloud with RedHat OpenShift, that account may also be excluded.  However, if an integrated account acquired one of the three Cloud Paks at issue, to run them on RedHat OpenShift, or received Intelligent Workflows (IW) consulting services, then all Statements of Work concerning such products or services for that integrated account must be produced within the relevant time period.  All SOWs that "include the provision" of these products or services must be produced; it stands to reason that all SOWs subsequent to the provision of these products or services should be produced for Plaintiff to identify "where Hayden's IP is being used."  Hr'g Tr. 68:15.  To be clear, because we believe that you may have overstated our position in your email below, Plaintiff is not seeking Statements of Work that precede the acquisition of Cloud Pak or IW consulting services, but Plaintiff is seeking all Statements of Work subsequent to the acquisition and maintenance of such products or services so that its experts can evaluate which services utilize and infringe Hayden's IP and perform an accurate allocation of the revenue and costs associated with those services.

Finally, since the Court has asked the parties to work together to expedite the remainder of discovery and since IBM insists that it is doing everything it can to complete discovery as soon as possible, Plaintiff proposes that IBM produce all related revenue and cost information in its possession associated with the SOW's produced at the same time as the SOW production. This will eliminate or substantially reduce the need for a second production contemplated by the Court.  On the other hand, if IBM insists on iterative productions, then we must submit a schedule that provides a reasonable period of time for such a second production and review to take place.

Please let us know IBM's position on these matters.

Thank you.

David Stone

**From:** Yothers, Stuart W. [mailto:syothers@jonesday.com]
**Sent:** Monday, November 27, 2023 3:01 PM
**To:** David Stone <DStone@smcomplex.com>; Julio Gomez <JGomez@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Meeet and confer on statements of work

David:

As discussed, we write to follow-up on Wednesday's meet and confer.

As we explained on Wednesday, what we discussed with the Court during the last conference was Plaintiff's purportedly "narrowed" request for statements of work including Cloud Pak for Data, Cloud Pak for Integration and/or Cloud Pak for Business Automation – not ALL statements of work for an integrated account regardless of the SOW's scope or subject so long as at some point in time over a number of years that customer purchased a Cloud Pak.  You did not request and the Court did not direct the production of all statements of work for these customers.  It appears to us that Plaintiff is right back to pursuing an overbroad fishing expedition.  As reflected below, Plaintiff told the Court that he had narrowed his requests because Plaintiff now believes that Cloud Pak and OpenShift are necessary components of intelligent workflows.  Defendants' comments and the Court's comments reflected an understanding that Plaintiff had so-narrowed his requests (even though Plaintiff never served a request seeking SOWs):

> MR. GOMEZ: All right. Yes, your Honor, so you are correct in articulating the requests, your Honor.
>
> With respect to Cloud Pak for Data, Cloud Pak for Integration, and Cloud Pak for Business Automation, it's when it's provided in conjunction with Red Hat OpenShift, Red Hat OpenShift revenues, and that's the reason, because Mr. Hayden's intellectual property contemplated a connection to the hybrid cloud, which can only be achieved through the use of Red Hat.  That was IBM's method.  So it's a -- ***it's a much narrow subset***.

Hrg. Tr. at 12:12-23.

> THE COURT: It was statements of work relating to – I think the last I saw was the ***narrowed statements of work for Cloud Pak data***, for that...wasn't that? Statements of work for the 30 integrated accounts, ***including provision of Cloud Pak for Data, Cloud Pak for Integration, Cloud Pak for Business Automation***.

Hrg. Tr. at 59:13-18.

> MR. GOMEZ: Integrated accounts yes, your Honor. I believe it came up at one of the depositions, one of the deponents testified about integrated accounts being accounts where a lot of transformation services are purchased and so they are considered larger accounts. These we viewed as the most likely to have received or purchased the kinds of transformation services that Mark Foster was putting together at the time, which involved ***using Cloud Pak, Red Hat, to deliver intelligent workflows to customers***.

Hrg. Tr. at 61:24-62-7.

MR. YOTHERS: So, your Honor, we have talked about that before, that there is no central repository and you would have to go to account lead by account lead.

Previously, the statements of work -- and by the way, statements of work were never raised with us until September 21st of this year. Previously, they were looking for statements of work that had to do with intelligent workflows, which is what I was reading from in the letter to your Honor, **but in the attachment, which is now limited to Cloud Paks**, now I'm confused, to be honest with you, your Honor. We've gone and looked for the revenues for selling the Cloud Paks and **now they're asking us to go find statements of work from the consulting business that relate to Cloud Paks if we have those**.

So we have not done that search, your Honor. I don't think we've been asked to do that before, and the problem is that would still require going to 30 different people and asking them to search for the statements of work for each of those 30 clients to see if any of them refer to Cloud Paks.

Hrg. Tr. at 63:18-64:10.

MR. STONE: Because that happens to be their integrated accounts. They have 30 integrated accounts, and the integrated accounts are the ones where they have leads on them, where they track them, they do reports on them on a monthly basis, they report them to the board, so they're the ones that they're most likely to have this information for. Because they keep telling us, tell us where we get the information. we don't know where to get this information.

With respect to the Cloud Pak, I want to be – clarify why we did that.

We told them we want -- anywhere where you're, where you're providing intelligent workflows to a customer and they say we don't know how to do that, how do we do that, you know, that's going to be unduly burdensome, we don't know if they mention intelligent workflows. We know that they do, we already have testimony that they do, but what we concluded was, if they were going to provide intelligent workflows, based on all the documents we recently got and the testimony we got, they would need Cloud Pak, they would need, they would need Red Hat OpenShift, so **what we said is to narrow this, just give us Cloud Pak where it's used with Red Hat OpenShift and we know that is going to be where the intelligent workflows are going to be**.

So that's why we, why we did that.

THE COURT: Does that narrow it, Mr. Yothers?

MR. YOTHERS: No, your -- I mean, your Honor, it makes it limited to 30 customers, but doesn't limit it to issues –

THE COURT: Well, all of those 30 customers, you're going to have to use one of these three Cloud Paks, plus open -- plus Red Hat.

Hrg. Tr. at 65:10-66:24.

THE COURT: What we are going to do is 184-1-A-2, the statements of work for the thirty integrated accounts for the period of January 1st, 2018, to the third quarter of 2023, which include the provision of Cloud Pak for Data, Cloud Pak for Integration, or Cloud Pak for Business Automation, and if possible, limited to when those Cloud Paks are provided in conjunction with Red Hat OpenShift and, if available, any other consulting services to provide intelligent workflows.

The reason I'm keeping that second clause in, although I have said we're not producing documents related to Red Hat, is because ***that may be a limiting qualification that actually makes this an easier and more useful piece of information to get, so that's what I want the Defendants to produce***.

Hrg. Tr. at 67:10-68:20.

As we discussed on Wednesday, we do not understand how six days after the last conference (after we'd already had multiple calls with IBM to search for the supposedly narrowed set of SOWs, and after we already reported to you that we planned to provide them by December 15) you felt you could in good faith send the below email recasting your request. Defendants object to your latest overreach. If, in view of the record from the last court conference, you once again seek to enlarge the scope of discovery – long after discovery ended – Defendants will seek from the Court an order requiring you to pay Defendants' fees in responding.

Thanks,
Stuart

Stuart W. Yothers (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY  10281-1047
Office +1.212.326.3893

---

**From:** David Stone <DStone@smcomplex.com>
**Sent:** Tuesday, November 21, 2023 3:54 PM
**To:** Julio Gomez <JGomez@smcomplex.com>; Yothers, Stuart W. <syothers@jonesday.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** Meeet and confer on statements of work

Stuart, in anticipation of our meet and confer I thought it might be helpful to give some more detail of what our requests seek and what we understand the Court to have ordered.

Our requests seek statements of work (which would include any amendments or supplements to those statements of work) and any financial statements that would contain costs information or revenue information associated with those statements of work for the thirty integrated accounts for work done by IBM between May 1, 2019 and the present. The only limitation on this production is that IBM need not produce statements of work for any of the thirty integrated accounts that did <u>not</u> purchase (or subscribe to or otherwise use) one of the accused cloudpak products in conjunction with Redhat openshift at <u>anytime</u> during this period or if that customer did not otherwise purchase "consulting services to provide Intelligent Workflows". Other than that, all statements of work for each integrated account which meets the above definition should be produced without redaction. This will permit our experts to determine and identify which products/customers implicate Hayden's IP and allocate the revenue derived from those customers to the accused products, solutions and customers. If the documents produced with the statements of work do not contain the revenues associated with those statements of work, as the Court's Order directs, there will need to be another production of documents that do contain those revenues and costs which will delay the completion of the 30(b)6. The purpose of the meet and confer is to agree upon this process so if IBM is considering a narrower production we can raise the issue promptly with the Court in order not to further delay the completion of discovery.

We look forward to meeting and conferring with you on this issue tomorrow.

-   David.

---

**From:** Julio Gomez
**Sent:** Tuesday, November 21, 2023 11:22 AM
**To:** Yothers, Stuart W. <syothers@jonesday.com>; David Stone <DStone@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Revised Draft Joint Letter to Judge McCarthy

Unfortunately, no, how about tomorrow before 3pm?

---

**From:** Yothers, Stuart W. <syothers@jonesday.com>
**Sent:** Tuesday, November 21, 2023 11:12 AM
**To:** Julio Gomez <JGomez@smcomplex.com>; David Stone <DStone@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Revised Draft Joint Letter to Judge McCarthy

Can you do sometime before 1 or after 4 today?

Thanks,

Stuart W. Yothers (bio)
Partner
JONES DAY® - One Firm Worldwide℠
250 Vesey Street
New York, NY  10281-1047
Office +1.212.326.3893

---

**From:** Julio Gomez <JGomez@smcomplex.com>
**Sent:** Tuesday, November 21, 2023 11:07 AM
**To:** Yothers, Stuart W. <syothers@jonesday.com>; David Stone <DStone@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Revised Draft Joint Letter to Judge McCarthy

Stuart, we available at 2:30 pm today for a meet and confer.  Please let us know if that time still works for you.  Thank you.  -Julio

---

**From:** Yothers, Stuart W. <syothers@jonesday.com>
**Sent:** Monday, November 20, 2023 4:10 PM
**To:** Julio Gomez <JGomez@smcomplex.com>; David Stone <DStone@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Tara Saybe

<TSaybe@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Revised Draft Joint Letter to Judge McCarthy

Julio:

As indicated in my earlier email to David, we do not yet have an SOW in hand. We are happy to meet and confer with you and discuss any concerns you have, and if you still have concerns following the meet and confer, we can submit any issue to the Court. We can talk with you anytime before 10 AM, from 11-1, or after 2 PM tomorrow or anytime after 11 AM on Wednesday. And, we are happy to work with you on any further joint letter tomorrow or Wednesday. But, to comply with the Court's order, could you please let us know if we may submit the below extension request.

Thanks,

Stuart W. Yothers (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY  10281-1047
Office +1.212.326.3893

---

**From:** Julio Gomez <JGomez@smcomplex.com>
**Sent:** Monday, November 20, 2023 3:40 PM
**To:** Yothers, Stuart W. <syothers@jonesday.com>; David Stone <DStone@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Revised Draft Joint Letter to Judge McCarthy

Stuart, we are not opposed to your suggestion but we would like a response to David's email of 2:49 pm. today because there may be an issue we would like to bring to the attention of the Court so that we can present an appropriate schedule.

Thank you.

**Julio C. Gomez**

**STONE & MAGNANINI LLP**
400 Connell Drive, Suite 6200
Berkeley Heights, NJ 07922
P 973-218-1309 / F 973-218-1106 / C 908-468-1068
jgomez@smcomplex.com

This transmission in intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee of agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

To ensure compliance with requirements imposed by the IRS, we inform you that, unless explicitly provided otherwise, any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

If you have received this communication in error, please notify us immediately via e-mail at Postmaster@smcomplex.com or by telephone at 1-973-218-1111. Thank you.

**From:** Yothers, Stuart W. <syothers@jonesday.com>
**Sent:** Monday, November 20, 2023 3:29 PM
**To:** David Stone <DStone@smcomplex.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Julio Gomez <JGomez@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Carly Long <CLong@smcomplex.com>; Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** RE: Revised Draft Joint Letter to Judge McCarthy

David:

We do not believe that this lengthy schedule is required. Rather than submit competing proposals today, which the Court very much discouraged, we would like to propose requesting an extension of today's deadline to December 1. By then, we will have a sense of the volume of the production. We should know if we can complete the production sooner than December 15, and you will have a better sense of the volume for purposes of your experts' review. This should save the Court the burden of any further dispute today. If you agree, please let us know if we may submit the following:

> Dear Judge McCarthy:
>
> We write on behalf of all parties to request an extension of today's deadline to submit a joint letter to the Court setting forth the date by which the recently directed production will be completed, the date by which the Rule 30(b)(6) deposition will be completed, and a revised expert discovery schedule. Court's November 15, 2023 Minute Entry. The parties exchanged very different proposed schedules, which appears likely due to different expectations about the volume of documents to be produced. Rather than burdening the Court with competing schedules, the parties respectfully request the opportunity to meet and confer further when more specific information will be available about the volume of the production. Defendants proposed producing the statements of work and architectures by December 15. Defendants should have a better estimate of the volume of information before the end of the month and respectfully request that the parties be permitted to submit a joint letter on December 1 setting forth the date by which this production will be completed, the date by which the Rule 30(b)(6) deposition will be completed, and a revised expert discovery schedule. The parties will make themselves available at the Court's convenience should the Court have any questions regarding this request.
>
> Respectfully submitted,

Thanks,

Stuart W. Yothers (bio)
Partner
JONES DAY® - One Firm Worldwide℠
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3893

---

**From:** David Stone <DStone@smcomplex.com>
**Sent:** Monday, November 20, 2023 2:06 PM
**To:** Yothers, Stuart W. <syothers@jonesday.com>; Ryan, Colleen Noonan <cnryan@jonesday.com>; Holmes, Jacqueline M. <jholmes@JonesDay.com>; Kurtenbach, Collin <ckurtenbach@jonesday.com>; Chasan, Benjamin <bchasan@jonesday.com>
**Cc:** Robert Magnanini <RMagnanini@smcomplex.com>; Julio Gomez <JGomez@smcomplex.com>; Robert Goodman <RGoodman@smcomplex.com>; Tara Saybe <TSaybe@smcomplex.com>; Carly Long <CLong@smcomplex.com>;

Vanessa Espinal <VEspinal@smcomplex.com>
**Subject:** Revised Draft Joint Letter to Judge McCarthy

Stuart,

We have reviewed and redlined your proposed Joint Letter to the Court to include additional tasks that the Court ordered and to account for the intervening holidays. If it were not for the intervening holidays we would be able to review your initial production in 2 weeks but our experts are going to be largely unavailable during the holidays.

We believe our schedule is more reasonable and allows the parties to bring any disputes to the attention of the Court for prompt resolution if necessary.

Thank you.

David S. Stone
Senior Managing Partner
STONE & MAGNANINI LLP
400 Connell Drive, Suite 6200
Berkeley Heights, NJ 07922
(973) 218-1111 (main)

This transmission in intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee of agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

To ensure compliance with requirements imposed by the IRS, we inform you that, unless explicitly provided otherwise, any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

If you have received this communication in error, please notify us immediately via e-mail at Postmaster@stonemagnalaw.com or by telephone at 1-973-218-1111. Thank you.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

\*\*\*This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.\*\*\*

\*\*\*This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.\*\*\*

\*\*\*This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.\*\*\*

\*\*\*This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.\*\*\*

\*\*\*This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.\*\*\*

\*\*\*This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.\*\*\*

\*\*\*This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.\*\*\*

\*\*\*This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.\*\*\*