UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GERALD HAYDEN,                                    :
               Plaintiff,                        :
                                        :
v.                                                :    **ORDER**
                                        :
INTERNATIONAL BUSINESS MACHINES     :    21 CV 2485 (VB)
CORPORATION, PABLO SUAREZ, and       :
SHANKER RAMAMURTHY,                   :
               Defendants.                       :
------------------------------------------------------------x

Briccetti, J.:

Plaintiff Gerald Hayden brings this action against defendants International Business Machines Corporation ("IBM"), Pablo Suarez, and Shanker Ramamurthy.  Plaintiff asserts a claim for retaliatory discharge under the Sarbanes-Oxley Act.

Now pending are defendants' motions to seal documents submitted in connection with (i) defendants' motion for summary judgment and to exclude plaintiff's expert David Martin, and (ii) defendants' motion to exclude, or in the alternative, bifurcate.   (Docs. ##323, 332, 343, 346).

For the following reasons, defendants' motions to seal are GRANTED IN PART and DENIED IN PART.

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

The Court presumes the parties' familiarity with the facts and procedural history of this case.

**DISCUSSION**

I.     <u>Legal Standard</u>

In this Circuit, courts look to two sources of law to determine whether a document should be placed under seal:  the common law and the First Amendment.

The common law analysis proceeds in three steps.  See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006).  First, the Court must determine whether the relevant document is a "judicial document" to which a presumption of public access attaches.  Id.  "A judicial document or judicial record is a filed item that is relevant to the performance of the judicial function and useful in the judicial process."[1]  Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 139 (2d Cir. 2016).  Second, if the presumption of access applies, the Court assesses its weight.  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d at 119.  This presumption "is at its zenith where documents directly affect an adjudication, or are used to determine litigants' substantive rights, and is at its weakest where a document is neither used by the court nor presented to the court to invoke its powers or affect its decisions."  Olson v. Major League Baseball, 29 F.4th 59, 90–91 (2d Cir. 2022).  Third, the Court balances the presumption against competing considerations.  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d at 120.  Such considerations may include, for example, "judicial efficiency and the privacy interests of those resisting disclosure."  Id.

The First Amendment analysis involves two inquiries.  There is the "experience and logic approach," which "requires the court to consider both whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question."  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d at 120.  And there is a second approach that "considers the extent to which the judicial documents are derived from or are a necessary corollary of the capacity to attend the relevant proceedings."  Id.  Even if there is a First Amendment right of access to a judicial

---

[1]    Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

2

document, the document may be sealed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id.

II.     Analysis

Considering the volume of defendants' requests to seal or redact information, the Court first explains below its general approach to resolving defendants' requests. See Brunckhortst v. Bischoff, 2024 WL 4276201, at *2 (S.D.N.Y. Sep. 24, 2024) (utilizing this approach).

As to the common law analysis, the documents at issue are plainly judicial documents. "[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d at 121. The documents submitted in connection with defendants' Daubert motion and motion to exclude, or in the alternative, bifurcate, are also judicial documents. See In re LifeTrade Litig., 2022 WL 17325611, at *1 (S.D.N.Y. Nov. 29, 2022). These judicial documents submitted in connection with dispositive motions are entitled to a strong presumption in favor of public access.[2] See Brown v. Maxwell, 929 F.3d 41, 50 (2d Cir. 2019); In re Keurig Green Mountain Single-Serve

---

[2]     Defendants argue these documents are entitled to only a weak presumption of public access because they played no role in this Court's decisions. (Doc. #332 at 3). However, the Second Circuit has "expressly rejected the proposition that different types of documents might receive different weights of presumption based on the extent to which they were relied upon in resolving a motion." Brown v. Maxwell, 929 F.3d at 48. Indeed, "[i]f the rationale behind access is to allow the public an opportunity to assess the correctness of the judge's decision," then "documents that the judge should have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d at 123. Nevertheless, courts in this district routinely consider whether information was relevant to its decisions when weighing the presumption of public access against countervailing interests. See, e.g., Robinson v. De Niro, 2023 WL 3728350, at *3 (S.D.N.Y. May 26, 2023); Sec. & Exch. Comm'n v. Ripple Labs, Inc., 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023). The Court does the same here.

Antitrust Litig., 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023) ("A significant presumption of access also exists for filings related to Daubert motions.").

As to the First Amendment analysis, a qualified right of access applies to documents submitted in connection with defendants' summary judgment motion and other pretrial motions. See Attestor Master Value Fund LP v. Argentina, 113 F.4th 220, 235 (2d Cir. 2024); In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 2023 WL 196134, at *5.

Of course, "[n]otwithstanding the presumption of access under both the common law and the First Amendment . . . documents may be kept under seal if countervailing factors in the common law framework or higher values in the First Amendment framework so demand." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d at 124. Although many of defendants' requests are unopposed, and the parties agree the information defendants seek to seal or redact is subject to a confidentiality agreement, the Court must nevertheless independently determine whether sealing is appropriate in this case. See In re Gen. Motors LLC Ignition Switch Litig., 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

Here, the information defendants seek to seal or redact can be fairly divided into three categories: (i) commercially sensitive IBM information, (ii) IBM client information, and (iii) private personal information.

A.    Commercially Sensitive IBM Information

This category includes IBM's business and marketing strategies, internal evaluation metrics, financial information, and other business data. "[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information." In re B & C KB Holding GmbH, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023). This is because "[i]f publicly revealed, sensitive business information

4

could undercut a business's competitive advantage." Brunckhorst v. Bischoff, 2024 WL

4276201, at *3.

Here, the Court finds defendants' interest in protecting this commercially sensitive

information outweighs the presumption of public access under both the common law and the

First Amendment.  The information defendants seek to redact includes "highly proprietary

material" such as IBM's financial information, marketing strategies, and development plans.

GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C., 769 F. Supp. 2d 630, 649–50 (S.D.N.Y.

2011).  This information, if publicly released, would provide competitors with valuable insight

into IBM's confidential business practices.  See PharmacyChecker.com LLC v. Nat'l Ass'n of

Bds. of Pharmacy, 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022).  Further, the Court finds

defendants' requests are narrowly tailored to remove only confidential information from public

access.  See Brunckhorst v. Bischoff, 2024 WL 4276201, at *3.

Plaintiff argues some of this commercially sensitive information is stale and thus should

not be sealed.  (Doc. #351 at 2).  Plaintiff is correct that courts frequently decline to seal

information that is "outdated and stale" such that disclosure would not result in any competitive

harm.  See, e.g., In re Upper Brook Cos., 2023 WL 172003, at *6 (S.D.N.Y. Jan. 12, 2023).

Still, even decade-old information is properly sealed if the party seeking sealing provides

specific explanations as to why disclosure would still cause competitive harm.  See Encyclopedia

Brown Prods., Ltd. v. Home Box Off., Inc., 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998).

Defendants have met this burden here.  The declaration of defendant Ramamurthy

explains—with specific reference to the documents plaintiff contends are stale—how disclosure

of this information would still cause competitive harm to IBM or its clients.  (See generally Doc.

#333).  For example, plaintiff objects to the sealing of IBM's annual strategic planning

5

documents.  (Doc. #351-1 at 36–37).  But Ramamurthy explains these documents contain the same business plans and strategies which are still in use today.  (Doc. #333 at 2–3); see also City of Providence v. BATS Glob. Mkts., Inc., 2022 WL 539438, at *3 (S.D.N.Y. Feb. 23, 2022) (sealing a decade-old document when defendants established "the document reflects nonpublic technical and financial strategies . . . still in use today").  Thus, although some of this information is nearly a decade old, defendants have demonstrated sealing is appropriate because disclosure could still cause competitive harm.

B.      IBM Client Information

This category includes the identities of IBM clients and the details of specific work proposed or performed for those clients.  "Confidential client or customer information is commonly sealed by courts."  PharmacyChecker.com LLC v. v. Nat'l Ass'n of Bds. of Pharmacy, 2022 WL 4956050, at *3.  Indeed, the Second Circuit has instructed that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation."  United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995).

Here, the Court finds that redaction of information conveying details of specific work proposed or performed for IBM clients is warranted.  See Cohen v. Gerson Lehman Group, Inc., 2011 WL 4336679, at *2 (S.D.N.Y. Sep. 15, 2011).  First, the Court is mindful of the privacy interests of IBM's clients, who are third parties irrelevant to this case.  See United States v. Amodeo, 71 F.3d at 1050.  Further, Ramamurthy has explained that these specific details could cause competitive harm to IBM because "such information may reveal IBM's proprietary methodologies, pricing structures, and service capabilities in a way that would allow competitors to reverse-engineer its client relationships and craft proposals to pursue those customers."  (Doc. #333 at 5).  Thus, defendants' proposed redactions are "all the more appropriate" because "the

subject documents implicate not only [IBM's] confidentiality interests but also those of its customers, who are innocent third parties." PharmacyChecker.com LLC v. v. Nat'l Ass'n of Bds. of Pharmacy, 2022 WL 4956050, at *3.

However, to the extent defendants seek to redact client identities unaccompanied by specific details of work performed, those requests are denied. Defendants have not demonstrated that the disclosure of these client identities, without more, will cause competitive harm. And, as plaintiff argues, the simple fact that IBM works with these clients is already public knowledge. (See, e.g., Doc. #351-1 at 21, 34). Thus, "with regard to the identities of [IBM's] clients, generally, the proverbial cat is out of the bag." In re Document Techs. Litig., 282 F. Supp. 3d 743, 750 (S.D.N.Y. 2017).

C.      Private Personal Information

This category includes personal information of individuals such as home addresses, medical information, salaries, and other employment information. "Typically, sealing of personal information . . . is warranted unless that information has bearing on issues before the court." Farris v. Avon Prods., Inc., 2024 WL 4441811, at *4 (S.D.N.Y. Oct. 7, 2024). "There is neither a history of public access to such records nor are they necessarily a corollary of the capacity to attend court proceedings." Brunckhorst v. Bischoff, 2024 WL 4276201, at *2. Further, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." United States v. Amodeo, 71 F.3d at 1050.

Here, "[g]iven this information's lack of relevance to the Court's resolution of [defendants'] motions and the strong privacy interests implicated, the Court finds that competing factors overcome the presumption of public access, and that [defendants'] requests are narrowly tailored to serve these interests." Brunckhorst v. Bischoff, 2024 WL 4276201, at *2. These

7

competing factors are especially compelling with respect to the private personal information of nonparties.  See United States v. Amodeo, 71 F.3d at 1050.  With respect to plaintiff's private personal information, that information will be redacted only to the extent plaintiff has proposed. (See, e.g., Doc. #351-1 at 2).

Relevant to this category, plaintiff claims information regarding IBM's use of "bands," a method of classifying employees, is public and thus should not be redacted.  (Doc. #351-1 at 17–18).  Plaintiff misses the point.  Defendants have proposed the redaction of "band" information only as it pertains to particular employees or evaluation metrics.  (Doc. #353-1 at 2–3).  In any event, the salaries and particular "band" level of nonparty IBM employees were irrelevant to the Court's decisions, and the Court finds these third-parties' privacy interests outweigh the presumption of public access to this information.  See Sec. &  Exch. Comm'n v. Ripple Labs, Inc., 2023 WL 3477552, at *6–7 (S.D.N.Y. May 16, 2023).

III.    Rulings

The Court has carefully considered each of defendants' requests pursuant to the approach detailed above.  In light of the foregoing, the Court finds all of defendants' requests to seal a document are warranted.  Further, the vast majority of defendants' proposed redactions are narrowly tailored and redact only information of minimal relevance to the Court's decisions.

Accordingly, defendants' proposed redactions are denied only with respect to the following:[3]

- Doc. #264-11:  The Court rejects defendants' proposed redactions to pages 56, 298 at lines 5–6, and 359.

---

[3]    All page numbers referenced below follow the convention in the parties' appendix of sealing requests.  (Doc. #351-1).

- Doc. #264-23:  The Court rejects defendants' proposed redactions to pages 217, 218, 225, 300 at line 12, 331, 339, 353, 363.

- Doc. #274:  The Court rejects defendants' proposed redactions to pages 6, 7, and 8.[4]

- Doc. #275:  The Court rejects defendants' proposed redactions to page 26.

- Doc. #277:  The Court rejects defendants' proposed redactions.

- Doc. #278-4:  The Court rejects defendants' proposed redactions to pages 44 and 83.[5]

- Doc. #278-36:  The Court rejects defendants' proposed redactions.

- Doc. #278-133:  The Court rejects defendants' proposed redactions to pages 49, 50, 52, 53, 120, 122, 124, and 125.

- Doc. #298-1:  The Court rejects defendants' proposed redactions to pages 44 and 83.[6]

- Doc. #302-1:  The Court rejects defendants' proposed redactions to page 4.

- Doc. #302-2:  The Court rejects defendants' proposed redactions.

- Doc. #341-5:  The Court rejects defendants' proposed redactions to pages 49, 50, 52, 53, 120, 122, 124, and 125.

- Doc. #341-6:  The Court rejects defendants' proposed redactions to pages 217, 218, 225, 300 at line 12, 331, 339, 353, 363.

- Doc. #341-20:  The Court rejects defendants' proposed redactions to page 298 lines 5–6.

- Doc. #341-22:  The Court rejects defendants' proposed redactions.

---

[4]    Although these proposed redactions are oddly labeled as pertaining to a document entitled "AW" (Doc. #351-1 at 17), it seems obvious to the Court that the proposed redactions pertain to Doc. #274 (Doc. #321-1 at ECF 10).

[5]    Defendants withdrew their requests to redact information on pages 44 and 83.  (Doc. #353-1 at 4).

[6]    This information is identical to the information in Doc. #278-4, for which defendants have withdrawn their redaction requests.  (Doc. #353-1 at 4).

Unless specifically rejected above, defendants' requests to seal or make proposed redactions to a document are granted. Accordingly, by May 22, 2026, the parties shall re-file all documents subject to the pending sealing motions in line with the Court's rulings set forth in this Order.

## CONCLUSION

Defendants' motions to seal are GRANTED IN PART and DENIED IN PART.

The Clerk is directed to terminate the motions. (Docs. ##323, 332, 343, 346).

Dated: May 8, 2026
      White Plains, NY

                        SO ORDERED:

                        _____

                        Vincent L. Briccetti
                        United States District Judge